UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, *and* VIRGINIA CITIZENS DEFENSE LEAGUE,<br>　　*Plaintiffs*,<br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF,<br>　　*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § §　Civil Action No. _____ |

## DECLARATION OF JEFFREY W. TORMEY

1. My name is Jeffrey M. Tormey. I am a U.S. citizen and resident of Amarillo Texas, located within Potter County. I make this declaration in support of Plaintiffs' Complaint for Declaratory and Injunctive Relief. Unless otherwise stated, I make this declaration based on personal knowledge. If called as a witness, I can testify to the truth of the statements contained herein.

2. I am a law-abiding person, eligible to possess firearms under state and federal law. I am employed as an attorney. I am an avid gun owner and supporter of the right to keep and bear

1

arms. I am a member of Gun Owners of America, a member of Tennessee Firearms Association, and a member of Virginia Citizens Defense League.

3. I have been a gun owner for more than four decades, and I have been around firearms my entire life, as both of my parents were employed in the firearms industry. Thus, from a young age and to this day, much of my daily activities revolve around firearms and the right to keep and bear arms.

4. I presently have a large personal collection of firearms that I have accumulated over many years. I am a collector and a hobbyist, but I also believe that the widespread public ownership of firearms is, as the Second Amendment says, "necessary" for a "free state."

5. Thus, in addition to maintaining my personal collection of firearms, and engaging in regular shooting activities (including recreation, competitive shooting, hunting, and training), I also attempt to promote responsible gun ownership in whatever capacity I can, including teaching, instructing, training, and advocating.

6. For example, I am the President of a local rifle and pistol club in Amarillo, and those activities generally have me shooting firearms on a weekly (or more often) basis.

7. I am a paid, Lifetime Member, of the Pioneer Gun Collectors Association, an Amarillo, Texas based organization which hosts gun shows locally, and uses the proceeds of those events to fund firearms projects such as college scholarships, 4-H programs, establishment of shooting ranges, training, instruction, etc.

8. I have attended these local gun shows for many years. I have bought, sold, and traded firearms at various times and for various reasons. I have even previously purchased a table at certain gun shows, in order to facilitate enhancing my collection.

9. I would estimate that, on average, I have sold at least a couple, or even several, firearms

per year, through various mediums, for a number of years. This is due to a number of factors, including getting rid of guns I no longer want, freeing up funds for guns that I do want, or trading up to nicer models as funds permit, all in order to enhance the collection of firearms that I own.

10. But although I have occasionally bought and sold firearms through private sales, I have never been "engaged in the business" of dealing in firearms. Thus, I do not hold, nor have I ever held, a federal firearms license in order to engage in my purely private and non-commercial activities.

11. Thus, I believe my activities have always been lawful under federal law, and I wish to continue to alter, improve, or even be able to liquidate my personal collection, if the need were to arise, without becoming a licensed dealer. Indeed, I am not even sure if I could become licensed, due to zoning restrictions, etc.

12. However, ATF's recent "Engage in the Business" rulemaking makes portions of my perfectly lawful activity seem suspect under the new regulations being enacted.

13. For example, various of the Final Rule's definitions are written so broadly that they cover conduct that Congress left lawful under the statute, or are written so narrowly that they eviscerate explicit statutory protections for personal collections such as mine. Indeed, the Rule arbitrarily defines "collection" so narrowly that I am not even certain if my firearms collection still qualifies.

14. Moreover, various of the Rule's presumptions would seem to so broad that they apply to certain of my activities, thus making me "presumptively" engaged in felonious activity unless I can prove (to ATF's satisfaction) that my activities are in fact innocent, as they are.

15. Finally, parts of the Rule are so convoluted, vague, and ambiguous that I (even as a lawyer) cannot determine what is prohibited versus what is allowed. I thus fear that the vague threats and ambiguous definitions in the Final Rule will be wielded as a weapon against me and

persons like me, in order to threaten, coerce, and intimidate me into complying with ATF's bureaucratic edict, and forcing me to obtain a license that federal law does not require.

16. I have represented clients in gun cases and Second Amendment litigation, and I thus know firsthand the way ATF has manipulated federal law to target innocent gun owners.

17. If I am to continue to engage in the perfectly lawful behavior that the statute allows, but which the Rule declares could be unlawful, I fear that I will be subject to an overreaching administrative action, civil forfeiture, an ATF cease-and-desist letter, or even arrest and criminal indictment.

I, Jeffrey W. Tormey, declare under penalty of perjury that the foregoing is true and correct.

4/30/24
DATE

JEFFREY W. TORMEY

4