UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE, *Plaintiffs*, v. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF, *Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.2:24-CV-00089-Z |

**PLAINTIFF'S OPPOSITION ON MOTION OF BRADY CENTER TO PREVENT GUN VIOLENCE, MARCH FOR OUR LIVES, GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE, AND EVERYTOWN FOR GUN SAFETY FOR LEAVE TO FILE A BRIEF AS AMICI CURIAE**

Plaintiffs the State of Texas, State of Louisiana, State of Utah, Jeffrey W. Tormey, Gun Owners of America, Inc., Gun Owners Foundation, Tennessee Firearms Association and Virginia Citizens Defense League (collectively, "Plaintiffs") file this Response in Opposition to the Motions to File Leave for Amicus Brief of the Brady Center to Prevent Gun Violence, March for our Lives, Giffords Law Center to Prevent Gun Violence, and Everytown for Gun Safety (collectively, "Amici").

1

**BACKGROUND**

Plaintiffs bring a number of claims challenging the Bureau of Alcohol, Tobacco, Firearms and Explosives' latest rulemaking, "Definition of 'Engaged in the Business' as a Dealer in Firearms." 89 Fed. Reg. 28968. Because Defendants set an abbreviated effective date, contrary to past practice, the Parties agreed to an expedited briefing schedule so that this Court may hear Plaintiffs' plea for relief before the Rule imperils the rights of law-abiding gun owners. Under this schedule, Defendants' deadline to file a response to Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction is 5:00 P.M. CDT on May 14, 2024. Plaintiffs then have 24 hours to submit a reply in support of their motion. This is to ensure that both the Parties and this Court have time to process all the briefing in preparation for a May 16 hearing on Plaintiffs' motion.

On May 14, less than two days before the hearing, and one day before Plaintiff's reply is due, Amici submitted to this Court a joint motion for leave to file a brief as amicus curiae. In ordinary circumstances, Plaintiffs would consent to the motion. However, in this instance, Plaintiffs believe that Amici's filing is untimely and prejudicial given the tapered briefing schedule and the imminency of the May 16 hearing. Plaintiffs informed Amici of this during the conferral process, explaining Plaintiffs could not consent because Plaintiffs would not have adequate time to respond to Amici's arguments before the hearing. Amici sought leave from the Court anyway. Plaintiffs now submit this opposition and ask the Court deny to deny the request for leave to file as amicus curiae.

**STANDARD**

"No federal rule exists governing the procedural or substantive requirements for district court amicus curiae briefs." *Evanston Ins. Co. v. Rodriguez Eng'g Lab'ys*, No. 1:21-CV-01129-

RP, 2023 WL 379277, at *1 (W.D. Tex. Jan. 20, 2023). "Likewise, the Local Rules of the United States District Court for the Western District of Texas do not address the issue." *Id.* Thus, district courts have "broad discretion" when deciding whether to permit amicus curiae briefs. *Id.* (citing *In re Halo Wireless, Inc.*, 684 F.3d 581, 595-96 (5th Cir. 2012)).

In exercising this discretion, district courts should consider whether the information offered through the amicus brief is "timely and useful" or otherwise "necessary to the administration of justice." *Id*. (citations omitted); *see also Texas v. United States*, No. 6:21-cv-00003, 2021 WL 2172837, at *1 (S.D. Tex. Mar. 5, 2021) (stating that "[f]actors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is *'timely and useful'* or otherwise *necessary to the administration of justice*" (emphasis in original) (citations omitted).

## ARGUMENT

Accepting the amici brief, submitted so late in the briefing schedule, would be neither timely nor useful but would be unfair to Plaintiffs. The Court should exercise its discretion by striking the brief.

Under any imaginable standard, the amici's filing is tardy and unfair to Plaintiffs. May 14th is less than two days before the Court will conduct its scheduled hearing to consider Plaintiffs' TRO/ PI motion. As a result of the amici's hasty filing, none of the parties have had an opportunity to consider the amici brief in time to either address its arguments in their briefing or in their oral presentations. To the extent the brief develops new legal theories in opposition to an injunction, the Court would deprive Plaintiffs of an opportunity to refute them, by accepting the brief. *See* Fed. R. App. P. 29(e) Adv. Comm. Notes to 1998 Amend. (commenting that the FRAP's deadline

allows opponents sufficient time to review arguments made by an amicus and "address them in the party's responsive pleading").

Moreover, there is no extraordinary reason for the Court to receive the amici's brief despite its late submission. *See Halo Wireless*, 684 F.3d at 595-96 (a court should accept an untimely amicus only when justified by "the value of the potential amicus brief") (citing *Fry v. Exelon Corp. Cash Balance Pension Plan*, 576 F.3d 723, 725 (7th Cir. 2009)). "[A]cceptance of an ... amicus curiae should be allowed only sparingly, unless the amicus has a special interest." *Evanston*, No. 1:21-CV-01129-RP, 2023 WL 379277 at *1 (W.D. Tex. Jan. 20, 2023) (citation omitted). The amici do not approach the Court with a "special interest." Rather, amici present themselves as advocates for sound public policy. Defendants likewise purports to have pursued public welfare by promulgating its new rule, and therefore the amici have not approached the Court with a unique interest. *See Club*, 2007 WL 3472851 at *3 (amicus excluded in part because it "has the same interests and policy objectives" as a party). The amici's brief will add nothing invaluable to this Court's consideration of the case that might excuse its tardiness.

The filing of an amicus brief ought to be timely. The amici's filing is untimely and their motion for leave should be denied on that basis.

## CONCLUSION

For these reasons, Defendants request that this Court deny the amici's Motion for Leave to file Amicus Brief.

Date: May 15, 2024                               Respectfully submitted.

**KEN PAXTON**                                   */s/Garrrett Greene*
Attorney General                                 **GARRETT GREENE**
                                                 Special Counsel
                                                 Texas Bar No. 24096217
**BRENT WEBSTER**
First Assistant Attorney General
                                                 **KATHLEEN T. HUNKER**
                                                 Special Counsel
**RALPH MOLINA**                                 Texas Bar No. 24118415
Deputy Attorney General for Legal Strategy


**RYAN D. WALTERS**                              OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Chief, Special Litigation Division               Special Litigation Division
                                                 P.O. Box 12548, Capitol Station
                                                 Austin, Texas 78711-2548
                                                 Tel.: (512) 463-2100
                                                 garrett.greene@oag.texas.gov
                                                 kathleen.hunker@oag.texas.gov


                                                 **COUNSEL FOR PLAINTIFF STATE OF TEXAS**

**LYNN FITCH**                                   **ELIZABETH B. MURRILL**
Attorney General of Mississippi                  Attorney General


*/s/Justin L. Matheny*                           */s/J. Benjamin Aguiñaga*
**JUSTIN L. MATHENY** (MS Bar 100754)            **J. BENJAMIN AGUIÑAGA***
Deputy Solicitor General                         Solicitor General
**OFFICE OF THE ATTORNEY GENERAL**
P.O Box 220                                      **LOUISIANA DEPARTMENT OF JUSTICE**
Jackson, MS 39205-0220                           1885 N. Third Street
Tel: (601) 359-3680                              Baton Rouge, Louisiana 70802
Fax: (601) 359-2003                              Tel: (225) 506-3746
justin.matheny@ago.ms.gov                        aguinagab@ag.louisiana.gov


**COUNSEL FOR PLAINTIFF STATE OF**               **COUNSEL FOR PLAINTIFF THE STATE OF**
**MISSISSIPPI**                                  **LOUISIANA**
                                                 *Admission To NDTX Pending

| | |
|---|---|
| SEAN D. REYES<br>Utah Attorney General<br><br>*/S/ Andrew Dymek*<br>**ANDREW DYMEK\***<br>Assistant Solicitor General<br><br>**UTAH OFFICE OF THE ATTORNEY GENERAL**<br>350 North State Street, #230<br>P.O. Box 142320<br>Salt Lake City, Ut 84114-2320<br>Tel.: 801-366-0533<br>adymek@agutah.gov<br><br>**COUNSEL FOR PLAINTIFF STATE OF UTAH**<br>\*Admission To NDTX Pending | */s/ Stephen D. Stamboulieh*<br>**STEPHEN D. STAMBOULIEH**<br><br>**STAMBOULIEH LAW, PLLC**<br>NDTX#: 102784MS<br>MS Bar No. 102784<br>P.O. Box 428<br>Olive Branch, MS  38654<br>(601) 852-3440<br>stephen@sdslaw.us<br><br>**COUNSEL FOR JEFFERY W. TORMEY, GUN OWNERS OF AMERICA, GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, AND VIRGINIA CITIZENS DEFENSE LEAGUE** |
| */s/ John I. Harris III\**<br>**JOHN I. HARRIS III (TN # 12099)**<br><br>**SCHULMAN, LEROY & BENNETT PC**<br>3310 West End Avenue, Suite 460<br>Nashville, Tennessee 37203<br>(615) 244 6670 Ext. 111<br>Fax (615) 254-5407<br>jharris@slblawfirm.com<br><br>**COUNSEL FOR JEFFERY W. TORMEY, GUN OWNERS OF AMERICA, GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, AND VIRGINIA CITIZENS DEFENSE LEAGUE**<br>\*Admission to NDTX pending | */s/ Brandon W. Barnett*<br>**BRANDON W. BARNETT**<br>Texas Bar No. 24053088<br><br>**BARNETT HOWARD & WILLIAMS PLLC**<br>930 W. 1st St., Suite 202<br>Fort Worth, Texas 76102<br>817-993-9249 (T)<br>817-697-4388 (F)<br>barnett@bhwlawfirm.com<br><br>**LOCAL COUNSEL, COUNSEL FOR JEFFERY W. TORMEY, GUN OWNERS OF AMERICA, GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, AND VIRGINIA CITIZENS DEFENSE LEAGUE** |

6

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 15, 2024 and that all parties will be served with the Original Complaint via certified mail and process server.

*/s/Garrrett Greene*
GARRETT GREENE