IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, <br><br> Defendants. | 2:24-CV-089-Z |

## ORDER

Before the Court is Proposed Plaintiff–Intervenor's Motion for Leave to Intervene/Join as Plaintiff and Brief in Support Thereof ("Motion") (ECF No. 40), filed May 16, 2024. The Proposed Plaintiff–Intervenor Levi Rudder ("Rudder") requests that the Court "grant him leave to intervene/join as a Plaintiff . . . so that he may be covered by any relief granted to the Parties; and to address constitutional arguments that were, intentionally or unintentionally, omitted from the current" complaint. *Id.* at 1. Rudder moves to intervene as of right. *Id.* In the alternative, he seeks permissive intervention. *Id.*

### LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 24(a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene" who claims "an interest relating to the property or transaction that is the subject of the action," and is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED R. CIV. P. 24(a)(2). Accordingly, a proposed intervenor is entitled to intervene if (1) the application for intervention is timely, (2) the applicant has an interest relating to the property or transaction which is the subject of the action, (3) the

applicant is so situated that the disposition of the action may impair or impede his ability to protect that interest, and (4) the applicant's interest is in-adequately represented by the existing parties to the suit. *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 542 (5th Cir. 2022); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984).

FRCP 24(b) provides another route: "On timely motion, the court *may* permit anyone to intervene who . . . is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." (emphasis added). And while permissive intervention is "committed to the discretion of the court," the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED R. CIV. P. 24(b)(1)(B); *United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023).

ANALYSIS

I. **Leave of court is unwarranted.**

At the outset, this Court recognizes that Rudder is currently under sanctions imposed by the United States District Court for the Northern District of Texas, Lubbock Division. *See* Case 5:23-mc-004-H, ECF No. 5. There, the court wrote:

> [T]he Court finds that Levi Rudder has not shown good cause for engaging in the unauthorized practice of law and interfering with an ongoing criminal proceeding . . . . As detailed during the hearing, the Court imposes the following sanctions:
>
> 1. Mr. Rudder is admonished that it is illegal to practice law and represent others without a law license, and he could be subject to additional sanctions for violation of this order and Local Civil Rule 83.7.
>
> 2. Mr. Rudder is ordered to cease his unauthorized practice of law and is warned that continued unauthorized practice of law will be a violation of this order and could result in being found in criminal contempt, resulting in fines or imprisonment.

> 3. A filing bar is imposed on Mr. Rudder in the United States District Court for the Northern District of Texas. The Clerk of Court shall accept no filing from Mr. Rudder–whether initiating new cases or filing motions in existing cases– *without successfully moving for leave of court to do so*. For any new cases, Mr. Rudder must both move for leave and pay any required filing fees at the time he moves for leave.

Case 5:23-mc-004-H, ECF No. 5 at 1–2 (emphasis added).

Rudder then appealed the imposition of sanctions to the Fifth Circuit. In affirming the district court, the Court of Appeals wrote:

> The court found that Rudder, who is not admitted to any bar or licensed to practice law, contacted a represented detainee facing federal firearm charges in the district court and attempted to interject himself into the case. Despite defense counsel's instruction to Rudder that he should not contact the detainee again, Rudder, among other things, engaged in an unprivileged, monitored video meeting with the detainee, offered the detainee legal advice, and encouraged the detainee to sign a form appointing Rudder as his additional counsel. As such, the court determined that Rudder had engaged in the unauthorized practice of law.

*In re Rudder*, No. 23-10725, 2024 WL 1880135, at *1 (5th Cir. Apr. 30, 2024).

Given the nature, gravity, and circumstances of Rudder's conduct, this Court **DENIES** leave of court for Rudder to file the instant Motion. As a result, Rudder's Motion is not properly before the Court.

## II. Rudder is not entitled to intervention as of right, nor is permissive intervention warranted.

Even if Rudder's Motion were properly before this Court (it is not), the Motion is unmeritorious for at least two reasons. First, the application for intervention must be timely. *Guenther*, 50 F.4th at 542. The Fifth Circuit assesses timeliness using factors set forth in *Stallworth v. Monsanto Co.*: (1) the length of time the movant waited to file, (2) the prejudice to the existing parties from any delay, (3) the prejudice to the movants if the intervention is denied, and (4) any unusual circumstances. 558 F.2d 257 (5th Cir. 1977). Timeliness "is contextual; absolute measures of timelines should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Moreover, this analysis "is not limited to chronological considerations[,] but is to be determined from all the circumstances." *Wal–Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).

Here, Plaintiffs' motion for a temporary restraining order has been ruled on by this Court. *See* ECF No. 44. That motion's briefing schedule was expedited (ECF No. 18) and the relief awarded only lasts a total period of 14 days (ECF No. 44 at 1). As such, both Parties have been — and are — operating under the assumption that they are tasked with advocating or opposing particular claims. Introducing any new party — and particularly one bringing novel Fifth, Ninth, and Tenth Amendment arguments — at this time would cause prejudice to the existing Parties.

The foregoing is sufficient to deny Rudder intervention as of right. Nevertheless, it is worth noting the second reason: Rudder fails to show that his interest is inadequately represented by the existing Parties to the suit. In Rudder's Declaration, he states that he is a "resident of Lubbock, Texas." ECF No. 40 at 12. The State of Texas is a Party to this litigation. ECF No. 1. Texas received relief pursuant to this Court's memorandum opinion and order. ECF No. 44. And Rudder does not plead anywhere that he intends to travel outside of Texas in the near future — and much less that, if he did, he would be doing so while engaging in conduct actionable under the Final Rule.

CONCLUSION

Rudder's Motion is **DENIED**.

**SO ORDERED**.

May 23, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE