UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE,<br>　　*Plaintiffs*,<br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF,<br>　　*Defendants*. | CIVIL ACTION NO. 2:24-CV-00089-Z |

### SUPPLEMENTAL BRIEF OF JEFFREY W. TORMEY

**COMES NOW,** JEFFREY W. TORMEY ("Tormey"), by and through counsel of record, and files this, his Supplemental Brief in response to this Court's May 19, 2024 Order. *See* ECF #45. For the reasons below and those already briefed, Mr. Tormey has standing to pursue this litigation.

As stated in Jeffrey W. Tormey's declaration, he is a "member of Gun Owners of America, a member of Tennessee Firearms Association, and a member of Virginia Citizens Defense League." *See* Declaration of Jeffrey W. Tormey, ECF #1-1 at ¶ 2. Tormey stated that he has a "large personal collection of firearms" that he "accumulated over many years." *Id.* at ¶ 4. Tormey

described his previous sales of firearms, "through various mediums, for a number of years." *Id*. at ¶9.  And Tormey expressed his fear of how the Final Rule now purports to presume that much of his perfectly lawful conduct is in fact felonious, foisting on him the burden to prove his innocence for conduct that the statute already expressly declares to be lawful.  *Id*. at ¶14

During oral argument, counsel for the government contended that Tormey's intended conduct "is not the type of conduct that would implicate the rule which targets unlicensed individuals engaged in the selling of firearms for – principally for profit."  *See* Transcript of TRO Hearing, 5/16/2024, 36:18-21; *see also* ECF #31 at 14 ("the conduct described in Tormey's declaration does not rise to the level of being "engaged in the business" and would not subject him to any enforcement action.").  Specifically, the government contends that Tormey's "personal collection," i.e., as defined under the Final Rule to exclude "self-defense" firearms, does not trigger the Final Rule's prohibition on unlicensed selling of firearms.  *Id*. at 39:3-9.

However, as counsel for Tormey explained, the ATF removed "self-defense firearms" from the definition of "personal collection."  *Id*. at 22:24-25 to 23:1.  Further, Tormey's "personal collection firearms" includes "a lot of self-defense firearms, which would then strip it outside of the personal collection" definition in the Final Rule, thereby eliminating the statutory safe harbor for Tormey.  *Id*. at 71:10-12.

In Tormey's supplemental declaration, he states that excluding "firearms owned for self-defense from the statutory safe harbor for a 'personal collection'" is "an entirely unnatural reading of the statute."  *See* Supplemental Declaration of Jeffrey W. Tormey, Exhibit A.  Tormey considers "all the guns [he owns,] including [his] 'self-defense' firearms, part of [his] 'personal collection' of firearms."  *Id*. at ¶4.

1

Tormey further explains that, as "firearms technology rapidly changes, new models of self-defense firearms are always coming to market." *Id*. at ¶6. As such, Tormey "not infrequently find[s himself] changing the type and model" of firearms he carries for personal protection. *Id*. Thus, he recently sold a "Smith and Wesson J Frame .38 revolver" that he owned "for at least five years." *Id*. at ¶7. Tormey explains that he is "in the process of upgrading some of [his] Generation 3 Glocks to the Generation 5 Glocks that are 'MOS' models, incorporating updated technology and design." *Id*. Additionally, Tormey explains that sometimes, after he has carried a firearm a bit for personal protection, he has decided to sell it. *Id*. at ¶9. Tormey believes that the "ATF's Final Rule is meant to make [him] question whether [his] private purchasing and selling" of his personal self-defense firearms "is in fact criminal activity, even though the statute specifically allows [his] activities in no uncertain terms." *Id*. at ¶11.

Thus, Tormey desires and intends to continue to "sell firearms in an effort to upgrade and enhance" his collection of "self-defense firearms." *Id*. at ¶8. Although this course of conduct in no way constitutes unlawful dealing under the statute Congress enacted, the Final Rule places Tormey in jeopardy of being "presumed" to be engaged in felonious behavior. *See* FR 29091.

Thus, as this Court previously held, "Tormey is thus well situated to allege that the Final Rule may be enforced against him." ECF #44 at 6. This conclusion is further confirmed by Tormey's supplemental declaration.

Respectfully submitted,

Dated: May 31, 2024

Brandon W. Barnett
Texas Bar No. 24053088
Barnett Howard & Williams PLLC
930 W. 1st St., Suite 202
Fort Worth, Texas 76102
817-993-9249 (T)

2

817-697-4388 (F)
E-mail: barnett@bhwlawfirm.com

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
NDTX#: 102784MS
MS Bar No. 102784
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
E-mail: stephen@sdslaw.us

John I. Harris III (TN # 12099)
Schulman, LeRoy & Bennett PC
3310 West End Avenue, Suite 460
Nashville, Tennessee 37203
(615) 244 6670 Ext. 111
Fax (615) 254-5407
jharris@slblawfirm.com

*Counsel for Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system, which caused a Notice of Electronic Filing and copy of this document or pleading to be delivered to all counsel of record.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
