UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE,<br>　　Plaintiffs,<br>v.<br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF,<br>　　Defendants. | CIVIL ACTION NO. 2:24-CV-00089-Z |

### SUPPLEMENTAL DECLARATION OF JEFFREY W. TORMEY

1. My name is Jeffrey W. Tormey. I am a U.S. citizen and resident of Amarillo, Texas, located within Potter County. I make this supplemental declaration in support of Plaintiffs' Complaint for Declaratory and Injunctive Relief. Unless otherwise stated, I make this declaration based on personal knowledge. If called as a witness, I can testify to the truth of the statements contained herein.

2. I attended the hearing on Plaintiffs' Motion for Temporary Restraining Order on May 16, 2024 in Amarillo, Texas and heard the arguments from counsel, along with the Court's questions.

1

Exhibit A

3. As I stated in my previous declaration (ECF #1-1), due to the size of my collection and the number of firearm-related activities in which I engage, maintenance and enhancement of my "personal collection" of firearms includes buying and selling firearms through private sales, from time to time.

4. However, as discussed at the hearing, the ATF Rule challenged in this case purports to exclude firearms owned for self-defense from the statutory safe harbor for a "personal collection." This is an entirely unnatural reading of the statute. As a gun owner, I consider all the guns I own, including my "self-defense" firearms, part of my "personal collection" of firearms.

5. For the ATF to exclude guns owned for self-defense from the "personal collection" statutory safe harbor is nonsensical to me both as a gun owner and as a lawyer. This ATF Rule is also deeply concerning to me with respect to my lawful activities. Whereas the statute provides that I am definitively not a dealer if I "make[] occasional sales, exchanges, or purchases of firearms for the enhancement of [my] personal collection," by defining "collection" not to include many (if not most) of the firearms that I own, the Rule seems to indicate the contrary – that I may be engaged in unlawful activity merely for selling guns owned for self-defense purposes.

6. Further, given that firearms technology rapidly changes, new models of self-defense firearms are always coming to market, for example, such as handguns of more compact designs, increased magazine capacity, the availability and interchangeability of various sights or optics, and mechanical innovations to enhance reliability, ergonomics, and recoil management. What was state-of-the-art at one point can quickly become outdated. Thus, I not infrequently find myself changing the type and model of firearm I carry for personal protection, or those I otherwise keep for self-defense purposes.

7. For instance, I recently sold a Smith and Wesson J Frame .38 revolver that I owned for at least five years. This was a firearm that I had routinely carried as a self-defense firearm, and one that I considered part of my "personal collection," notwithstanding how the Final Rule defines the phrase. These days, many would consider a revolver outdated for personal self-defense and concealed carry. I am also in the process of upgrading some of my Generation 3 Glocks to the Generation 5 Glocks that are "MOS" models, incorporating updated technology and design.[1]

8. In other words, I have sold firearms and in the future plan to sell firearms in an effort to upgrade and enhance my collection of self-defense firearms. And yet the Rule would seem to indicate that this perfectly lawful activity is now a felony.

9. Additionally, I sometimes have purchased a firearm I intended to carry, but after carrying it for a bit, decided it was not for me, and therefore I sold it. Under the ATF's theory, this sale of a "self-defense" firearm would be excluded from my "personal collection" and the statutory safe harbor, exposing me to potential criminal liability at the hands of an overzealous bureaucrat.

10. Indeed, under the Rule, ATF cannot even say for certain that *one* such sale of a self-defense firearm does not constitute being "engaged in the business."

11. It seems as though ATF's Final Rule is meant to make me question whether my private purchasing and selling of my personal firearms is in fact criminal activity, even though the statute specifically allows my activities in no uncertain terms.

I, Jeffrey W. Tormey, declare under penalty of perjury that the foregoing is true and correct.

5/28/24
DATE

JEFFREY W. TORMEY

---

[1] MOS is Glock's "Modular Optic System" that allows you to mount a variety of optical sights on a handgun. *See* https://us.glock.com/en/learn/glock-pistols/mos. This is an example of the technological changes in firearms I discuss above.

3