UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE,<br>  *Plaintiffs*,<br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF,<br>  *Defendants*. | CIVIL ACTION NO. 2:24-CV-00089-Z |

## SUPPLEMENTAL BRIEF OF TENNESSEE FIREARMS ASSOCIATION

Tennessee Firearms Association ("TFA") submits this Supplemental Brief in response to this Court's May 19, 2024 Order. *See* ECF #45. For the reasons below and those already briefed, TFA has standing to pursue this litigation. For brevity, TFA adopts by reference the arguments made in the supplemental brief filed by Gun Owners of America, Inc. ("GOA") including the summary of case law to the issues of organizational representation and standing.

TFA is a non-profit Tennessee membership organization formed in 1995. It is recognized by the IRS as a Section 501(c)(4) entity. TFA has thousands of members who reside in Tennessee and in other states. *See* ECF #1-3, ¶ 4.

1

TFA demonstrated its standing in both the Complaint and the declarations of Jeffrey W. Tormey and C. Richard Archie (*see* ECF #1-1 and #1-3). Mr. Archie files his supplemental declaration in support of TFA's standing herein. *See* Supplemental Declaration of C. Richard Archie, Exhibit A. In his supplemental declaration, Mr. Archie, who is a board member of TFA and also a member, describes in greater detail how the ATF's new "Engaged in the Business" Rule directly and negatively impacts him (*id*. ¶ 3), another TFA board member (*id*. ¶ 4), and six specific TFA members with whom he has communicated. *Id*. ¶¶ 6-10. Mr. Archie describes how the Rule impacts different TFA members, contrasting for example those who have never had a federal firearms license, those who have had a license but let it expire, and those who have a license which the ATF revoked. *Id.* Mr. Archie further describes the irreparable harm the Final Rule will cause to him, another board member, these six members who are addressed in the supplemental declaration, and TFA members in general. *Id.*

As stated in Mr. Archie's supplemental declaration, TFA has spoken with three specific members, each of whom "is a lawful gun owner who maintains their individual, private collections that contain multiple firearms. Each of them owns their respective private collections as hobbyists, hunters, recreational shooters, and/or for personal defense." *Id*. ¶ 6. Each of these three members have advised TFA that they intend "to change or improve their personal collection through the future acquisition and disposition of firearms." *Id.*

Mr. Archie has communicated with another TFA member who has previously held a federal firearms license but who decided to let that license terminate when he decided to stop being a firearms dealer many years ago. *Id.* ¶ 7. As stated in Mr. Archie's supplemental declaration, this TFA member has communicated to TFA that he "remains a lawful gun owner who maintains his personal private firearms collection that contains multiple firearms including self-defense

firearms. He owns firearms as a hobbyist, recreational shooter and/or for personal defense. He intends to change or improve his personal collection through the future acquisition and disposition of firearms." *Id*. This TFA member has expressed to TFA no desire to get an FFL in the future. *Id.*

Mr. Archie has communicated with two additional TFA members who previously held an FFL that the ATF revoked based on its conclusion that those individuals were "willful violators" of the Gun Control Act. *Id.* ¶ 8. As stated in Mr. Archie's supplemental declaration, "these two individuals are still lawful firearms owners and continue to maintain their personal collections. They intend to change or improve their personal collections." *Id*. Further, neither of these TFA members intends to "go back into the business of being a firearms dealer," and indeed they cannot, because as prior "willful violators," they are ineligible to ever be issued an FFL in the future. *Id*.

As detailed in Mr. Archie's supplemental declaration, neither himself, the other board member nor any of the six specific individuals who are discussed in the declaration are now nor do they intend to be in the future FFLs. *Id.* ¶ 9. Further, none of these individual TFA members want to be FFLs and subjected to the additional federal, state, or local laws that are imposed on FFLs but which are not applicable to non-dealer civilians. *Id.* ¶¶ 10-12. All of the individual TFA members discussed by Mr. Archie in his declaration are concerned about the great uncertainty of whether this Rule would require them to obtain FFLs (if they could) and what future thoughts (the Rule's references to "intent") or actions might require that they obtain FFLs or be at risk for ATF enforcement actions or criminal prosecutions. *Id.* ¶¶ 13-15.

Mr. Archie states in his supplemental declaration that, with respect to any TFA member, including the two members referenced above, who has had his or her federal firearms license previously revoked by the ATF and/or who was a responsible party with respect to a revoked

federal firearms license, these members are now classified by the ATF as "prior willful violators" of the Gun Control Act. *Id.* ¶ 16. Nevertheless, such members and others who may also be classified by ATF as prior willful violators are, as private citizens, fully able to purchase, own, trade, sell and maintain private collections so long as they are engaging in non-commercial casual transactions. *Id.* However, those TFA members, including the two referenced above, who have been classified as "prior willful violators" according to the ATF, are now subject to lifetime prohibitions on ever obtaining another federal firearms license. *Id.* Under the ATF's new "Engaged in the Business" rule, these TFA members would be unable to obtain a firearms license which would place them at a higher risk of being subjected to ATF civil compliance or criminal prosecutions. *Id.* Mr. Archie states that these TFA members have expressed extreme concerns about their rights to possess, maintain, improve, or even liquidate some or all of their personal firearms collections if the ATF's new "Engaged in the Business" rule takes effect. *Id.*

In its communications with TFA members, as stated by Mr. Archie, the TFA's membership is overwhelming concerned with the Rule, its presumptions, uncertainty, and the risk that they might be subject to federal enforcement actions or prosecutions if they do not obtain FFLs (assuming that they could) and/or the cost, expense and burden of additional federal, state and local laws, regulations and ordinances if they do. *Id.* ¶ 17.

In its communications with TFA members, including the additional board member and the six individuals referenced in the supplemental declaration, many individual TFA members, in addition to co-Plaintiff Tormey, would clearly appear to have standing to in this action to challenge this Rule based on the Court's order. *Id.* ¶ 18. The issues in this action that TFA seeks to address in order to protect the rights of its members are germane to TFA's mission and purpose as a non-profit membership entity and these interests fall directly in line with the TFA's mission statement

as set forth in its state charter which provides, in part, that "the organization is dedicated to restoring government to citizen control and giving full effect to the original intent of the Bill of Rights to the United States Constitution as well as to the provisions of the Tennessee Constitution with an emphasis on the 2nd and 10th Amendments to the United States Constitution and Article I, Section 26 of the Tennessee Constitution." *Id.* ¶ 19. The issues in this action are such that "(i) … any facts relevant to the disposition of the case are common among [TFA's members], (ii) … the relevant factors are the acts of the Defendants and the statutory and Constitutional restrictions on the Defendants' authority, as well as (iii) the nature of the relief that is being sought." *Id*. ¶ 20. As such, TFA does not believe that it would be necessary to require each or even a substantial number of its members to individually seek to be joined as parties in this action. *Id.*

Because TFA has identified with specificity several members who are harmed by the Final Rule, TFA has the requisite representational standing to pursue litigation on its members' and supporters' behalf.

Respectfully submitted,

Dated: May 31, 2024

Brandon W. Barnett
Texas Bar No. 24053088
Barnett Howard & Williams PLLC
930 W. 1st St., Suite 202
Fort Worth, Texas 76102
817-993-9249 (T)
817-697-4388 (F)
E-mail: barnett@bhwlawfirm.com

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
NDTX#: 102784MS
MS Bar No. 102784
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654

5

(601) 852-3440
E-mail: stephen@sdslaw.us

John I. Harris III (TN # 12099)
Schulman, LeRoy & Bennett PC
3310 West End Avenue, Suite 460
Nashville, Tennessee 37203
(615) 244 6670 Ext. 111
Fax (615) 254-5407
jharris@slblawfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system, which caused a Notice of Electronic Filing and copy of this document or pleading to be delivered to all counsel of record.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh