UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE,<br>    *Plaintiffs*,<br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF,<br>    *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:24-cv-00089-Z |

## SUPPLEMENTAL DECLARATION OF C. RICHARD ARCHIE

1.  My name is C. Richard Archie. I am a U.S. citizen and resident of Tennessee. I make this supplemental declaration in support of Plaintiffs' Complaint for Declaratory and Injunctive Relief and pursuant to this Court's Order. (Doc. 45). I make these statements in my capacity as a director of the Tennessee Firearms Association ("TFA"), of which I am also a member. Unless otherwise stated, I make this declaration based on personal knowledge. If called as a witness, I can testify to the truth of the statements contained herein.

2.  This declaration is offered as a supplement to my prior Declaration. (Doc. 1-3).

1
Exhibit A

3. Personally, I own several firearms, and from time to time in the past I have purchased and sold firearms, including firearms purchased for self-defense, although all of my activities have been with a view towards altering and improving my collection, and not for any commercial or business purpose. I desire to continue to engage in the same or similar activities in the future. I do not have a federal firearms license and do not want to obtain one since I am not engaged in any manner in the business of being a firearms dealer and do not intend to do so. As an individual firearms owner and collector, I share the concerns about the ATF's "Engaged in Business" Rule that other TFA members have expressed to me and which are summarized herein.

4. I have also spoken with another TFA member and director on this matter. That director has a personal firearms collection that includes rifles, shotguns, and handguns. That director maintains this personal collection as a collector, a hobbyist, a hunter, a recreational shooter, a hunter, and for self-defense. That director desires to continue to improve the personal collection. That director is not in the business of being a firearms dealer and does not collect or improve the personal collection for any commercial or business purposes. That director has never had a federal firearms license, has never been a responsible party on a federal firearms license, and has never expressed any desire to do so in my discussions. That director does not want a federal firearms license because such is unnecessary historically for private firearms owners and because federal firearms dealers, by licensure, become subject to many ATF rules, regulations and requirements that do not apply to individual firearms owners or collectors. As an individual firearms owner, this director has shared concerns about the ATF's new "Engaged in the Business" rule which concerns are similar to those expressed by other TFA members and summarized herein.

2

5. In my role with TFA, I have direct and regular contact with members and supporters of TFA regarding their concerns, questions, requests, and suggestions.

6. For example, three TFA members (Segar, Babcock and Matthews) have stated that they are not federal firearms license holders and have never been. None of these three members are in the business of being a firearms dealer and none of them have any desire or intent to become a firearms dealer. Each of them is a lawful gun owner who maintains their individual, private collections that contain multiple firearms. Each of them owns their respective private collections as hobbyists, hunters, recreational shooters, and/or for personal defense. Each of these individuals advised that they intend to change or improve their personal collection through the future acquisition and disposition of firearms.

7. One TFA member (Low) is a former federal firearms licensee who chose to let his federal firearms license expire many years ago when he decided to get out of the business of being a firearms dealer in another state. At present, this member remains a lawful gun owner who maintains his personal private firearms collection that contains multiple firearms including self-defense firearms. He owns firearms as a hobbyist, recreational shooters and/or for personal defense. He intends to change or improve his personal collection through the future acquisition and disposition of firearms. He does not intend to go back into the business of being a firearms dealer and he has no intent to get another federal firearms license in the future.

8. Two other TFA members who have been in touch with TFA are both former federal firearms licensees. Each of these members had their licenses revoked by the ATF. Each of them is classified by the ATF as "willful violators" of the Gun Control Act as part of the license revocation process. Each of them understands that they are ineligible to ever be issued a federal firearms license in the future. However, these two individuals are still lawful firearms

3

owners and continue to maintain their personal collections. They intend to change or improve their personal collections. They do not intend to (nor can they) go back into the business of being a firearms dealer.

9. Neither I nor any of these six specific individuals believe that we are, nor do we intend to be, in the business of dealing in firearms commercially, as a business, for a profit, to earn a livelihood, or in any manner other that as private collectors, owners and enthusiasts.

10. Neither I nor any of these six members have expressed a desire to become federal firearms dealers. Neither I nor any of these six members have an intent to be a firearms dealer, we do not desire to be subject to the ATF's rules and regulations, many of which are unduly burdensome relative to the costs, recording keeping, and reporting requirements that are imposed by federal, state, and local laws on licensed firearms dealers. Further, neither I nor these six members want to be subject to the ATF's inspection and audit authority that applies to licensed dealers.

11. I am and each of these six members is aware that Tennessee is a "point of contact state" and that becoming a federal firearms dealer would also require that they register with the state of Tennessee as a firearms dealer and that they would be required to participate in Tennessee's background check systems.

12. I am and each of these six members is aware that local zoning laws in Tennessee can impact whether someone can obtain a federal firearms license, particularly "home based" licensees since one of ATF's requirements for a license is that the licensed address, which would normally be a home for most individuals, must be zoned.

13. Every TFA member that I have talked to, including the six referenced above, have expressed concerns that, if the ATF's "Engaged in the Business" rule takes effect, there would be

4

a great deal of uncertainty as to whether they would be required to obtain a license. Our members, including these six, and I are concerned that the failure to obtain a federal firearms license under this new Rule could result in ATF accusing any unlicensed individual of being unlicensed firearms dealer and thus being subjecting to civil enforcement and/or federal or state criminal prosecutions.

14. I am aware and these six members have expressed the concern that the ATF's "Engaged in the Business" rule contains many examples, exceptions and presumptions which make it difficult to understand exactly what the new rule requires, prohibits, or criminalizes.

15. I am concerned and these six members have expressed concerns that the ATF's "Engaged in the Business" rule is so vaguely written that it could be arbitrarily or capriciously used as a weapon to intimidate me, these six members, and any other TFA member into ceasing or curtailing their intent to alter, amend, improve or even seel part of their personal collections.

16. With respect to any TFA member, including the two members referenced above, who has had his or her federal firearms license previously revoked by the ATF and/or who was a responsible party with respect to a revoked federal firearms license, these members are now classified by the ATF as "prior willful violators" of the Gun Control Act. These members and others who may also be classified by ATF as prior willful violators are, as private citizens, fully able to purchase, own, trade, sell and maintain private collections so long as they are engaging only is non-commercial casual transactions. However, for our members, including the two referenced above, who have been classified as "prior willful violators" according to the ATF, are now subject to lifetime prohibitions on ever obtaining another federal firearms license. Under the ATF's new "Engaged in the Business" rule, these members would be unable to obtain a firearms license which would place them at a higher risk of being subjected to ATF civil compliance or

criminal prosecutions. These members expressed extreme concerns about their rights to possess, maintain, improve, or even liquidate some or all of their personal firearms collections if the ATF's new "Engaged in the Business" rule takes effect.

17. In my discussions and the discussions of TFA's board with our members, it is clear that our members are overwhelmingly opposed to the ATF's "Engaged in Business" rule and are concerned that it would require many if not most of them to expend considerable time and effort to become federal firearms dealers even though they, as individuals, seek only to maintain and improve their personal collections. They are concerned about being subject to federal laws, rules and regulations that apply only to federal firearms dealers and not to individual gun owners or collectors.

18. Based on our discussions with these six individuals and other members of the TFA, it is clear that each of these persons would otherwise have standing to seek relief in this action, just as co-Plaintiff and TFA member Jeffrey Tormey has done. Substantially all TFA members are in the same or similar circumstances to Plaintiff Tormey, concluding that the ATF's "Engaged in Business" rule could be enforced against them for otherwise lawful activities, and thus putting them at substantial risk of federal civil enforcement or criminal prosecutions, at risk of being forced to engage attorneys to assist and represent them, and at risk of being forced to incur costs and expenses which they may not be able to recover from the ATF even if they prevail in defending themselves against the ATF's Rule.

19. The interests of TFA members that TFA seeks to protect in this action are germane to the interests and purposes for which TFA exists. TFA has been in existence since 1995. It is recognized by the IRS as a § 501(c)(4) nonprofit advocacy entity. Part of the TFA's purpose, as stated in its charter, is that "the organization is dedicated to restoring government to

6

citizen control and giving full effect to the original intent of the Bill of Rights to the United States Constitution as well as to the provisions of the Tennessee Constitution with an emphasis on the 2nd and 10th Amendments to the United States Constitution and Article I, Section 26 of the Tennessee Constitution. Through a combination of advocacy, legislative involvement and grassroots engagement, the organization seeks to reassert the traditional American values of unalienable personal rights, limited governments, and state sovereignty." Engaging in the matter now before this Court is directly related to the purpose of the TFA, which includes efforts to protect and defend the rights of its members and, to a greater extent, all Tennesseans, as those rights are expressly protected by the Second Amendment.

20. Given that the declaratory nature of the relief requested in this action, and (i) that any facts relevant to the disposition of the case are common among the non-government Plaintiffs, (ii) that the relevant factors are the acts of the Defendants and the statutory and Constitutional restrictions on the Defendants' authority, as well as (iii) the nature of the relief that is being sought, TFA does not believe that it would be necessary to require each or even a substantial number of its thousands of members to individually seek to be joined as parties in this action.

21. Protection of the rights and interests advanced in this litigation is germane to TFA's purpose and mission which, as noted, includes the expressed objective to preserve and protect the Second Amendment and the rights of Tennesseans to keep and bear arms against any unconstitutional or illegal overreach by government entities. TFA has been in existence for almost three decades and has years of experience in public advocacy. It has years of experience supporting litigation as an amicus party throughout the country, including numerous filings with the United States Supreme Court on behalf of its members and supporters. TFA's board and its

advisory board includes licensed attorneys with experience in constitutional and Second Amendment litigation. TFA is capable of fully and faithfully representing the interests of its members and supporters without participation by each of the individuals and entities.

I, C. Richard Archie, declare under penalty of perjury that the foregoing is true and correct.

DATE 5/30/2024            C. RICHARD ARCHIE

8