UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE, *Plaintiffs*, v. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF, *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00089-Z |

SUPPLEMENTAL BRIEF OF GUN OWNERS OF AMERICA, INC.

**COMES NOW,** GUN OWNERS OF AMERICA, INC. ("GOA"), by and through counsel

of record and files this, its Supplemental Brief in response to this Court's May 19, 2024 Order.

*See* ECF #45.  For the reasons below and those already briefed, GOA has standing to pursue this

litigation.[1]

---

[1] In the Fifth Circuit, "[i]t is well settled that once [courts] determine that at least one plaintiff has standing, [the court] need not consider whether the remaining plaintiffs have standing to maintain the suit." *McAllen Grace Brethren Church v. Salazar*, 764 F.3d 465, 471 (5th Cir. 2014) (citing *Nat'l Rifle Ass'n v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 192 (5th Cir. 2012)).  "At least one plaintiff must have standing to seek each form of relief requested in the complaint." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433 (2017).  While this Court

As stated in Erich Pratt's supplemental declaration, GOA is a "California non-stock corporation with its principal place of business in Springfield, Virginia… GOA has more than 2 million members and supporters across the country, including residents of this district, many of whom will be irreparably harmed by…" the ATF's Final Rule.  *See* ECF #1-2, ¶ 4.

The settled doctrine of representational standing does not require the identification of all individual members in order to obtain relief on their behalf.  *See Students for Fair Admissions, Inc. v. President & Fellows of Harv. Coll.*, 143 S. Ct. 2141, 2158 (2023) ("Where, as here, an organization has identified members and represents them in good faith, our cases do not require further scrutiny into how the organization operates.").  *See also NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("Compelled disclosure of membership in an organization engaged in advocacy of particular beliefs is" an "effective … restraint on freedom of association.").

To the extent "an association does have to identify a member with individual standing," Plaintiffs already have with specificity.  *Free Speech Coal., Inc. v. Colmenero*, 2023 U.S. Dist. LEXIS 154065, at *14 (W.D. Tex. Aug. 31, 2023); *see* Declaration of Jeffrey W. Tormey, ECF #1-1 at ¶2 (identifying himself as a named "member of Gun Owners of America, Inc…"); *Marszalek v. Kelly*, 2021 U.S. Dist. LEXIS 107613, at *10-11 (N.D. Ill. June 9, 2021) ("Only one qualifying member is needed to satisfy this requirement, and he need not be named.").

And while GOA adequately demonstrated its standing in both the Complaint and the declarations of Jeffrey W. Tormey and Erich Pratt (*see* ECF #1-1 and #1-2), Mr. Pratt files his supplemental declaration in support of GOA's standing herein.  *See* Supplemental Declaration of Erich Pratt, Exhibit A.  Mr. Pratt's supplemental declaration describes a number of conversations

---

already held that Tormey and the organizational plaintiffs have standing, GOA and the remainder of the organizational plaintiffs file their briefs and supplemental declarations as ordered by this Court.

with GOA members who are directly impacted by the Final Rule, and describes the irreparable harm the Final Rule will cause them.

As stated in Mr. Pratt's supplemental declaration, GOA spoke to "one member who maintains a personal collection of at least a hundred firearms" who "regularly purchases firearms for person, noncommercial use, primarily for self-defense and related training…" *Id.* at ¶ 4. This member explained that they "[o]ccasionally … sells firearms from their collection in order to make room for new firearms or to replace firearms that … are discovered to have shortcomings…" *Id.* at ¶ 7. This individual explained that they "sell[] some firearms to pay child support, pay rent, and other family and business expenses." *Id.* Sometimes, this individual's "sales generate a profit…" but "[m]ore often, however, these sales generate no profit…" *Id.* at ¶ 8. In order to sell their firearms, this individual discusses his firearms on social media accounts "viewed by the public," leading to their sale. This individual estimates that they "sold approximately ten firearms [in this manner], but plans on selling more" from time to time in the future. *Id.* at ¶9.

Another GOA member "inherited a large collection of firearms…" and they wish to "liquidate portions of that inheritance" to "pay rent or help a family member attend school." *Id.* at ¶¶13-14. This individual planned on selling firearms at a gun show and, in order to do that, would have to "'exchange[] … something of value' with the venue" which would presumably trigger one of the Rule's presumptions of unlawful dealing. FR at 29091. *Id.* at ¶¶15-16. This individual also "fears enforcement because the Rule adopts a broad definition of 'resale,' which include 'selling a firearm … after it was previously sold by the original manufacturer or any other person.'" *Id.* at ¶20. This individual explains that "gun shows are frequented by local law enforcement and ATF agents, often undercover, who observe the public … to enforce state and federal laws." *Id.* at ¶22.

Another GOA member explains that they have a "sizeable collection of firearms," including "firearms that constitute 'self-defense' types of firearms." *Id*. at ¶25. This individual desires to sell their firearms, including "self-defense" type firearms, "by handing out flyers during a local gun show." *Id*. at ¶27. However, the Rule says that such activities may rise to a presumption of unlawful dealing, and this individual explains that the gun club is "frequented by local law enforcement" and fears that "there is a credible risk of enforcement" if they "were… to hand out flyers … to sell personally owned firearms…" *Id*. at ¶28.

Another GOA member keeps a "digital spreadsheet of information on their extensive collection." *Id*. at ¶32. Their spreadsheet includes a listing of "their firearms in chronological order based on date of purchase, including the make, model, serial number, caliber, approximate round count (*i.e.*, how many rounds of ammunition have been fired through the firearm), price paid, place of purchase, and if applicable, the date sold and sale price, with a link to any bill of sale or other documentation evincing a transfer in ownership." *Id*. at ¶33. Although such recordkeeping is typical for many gun owners, the Final Rule presumes an individual has an "intent to predominantly earn a profit" when one "[m]akes and maintains records to document, track, or calculate profits and losses…." FR at 29091. As such, this individual "fears that they are presumed to have an 'intent to predominantly earn a profit,' subject to rebuttal upon enforcement, even though they merely intend to enhance their personal collection." *Id*. at ¶ 40.

Finally, another GOA member already has been directly "targeted by the ATF for sales of firearms from their 'personal collection.'" *Id*. at ¶41. GOA's member reported that, "shortly after the Bipartisan Safer Communities Act was passed, the ATF visited them and gave them a 'warning letter' about them selling personal firearms." *Id*. Although this person reports they have never been engaged in the business of dealing in firearms, in "early May 2024… the ATF

attempted to visit them" at home and then went to their work to speak to them. *Id*. at ¶42.  The

ATF apparently made the employer of this member "uncomfortable," which led to the member's

employment being terminated.  *Id*. This member estimates that they may have sold "ten firearms

in the course of a year," but that the sales were "never to make a profit, but only to free up funds

to buy other firearms."  *Id*.  Of course, being as how the Final Rule muddies the waters on what

previously constituted perfectly lawful activity, it is easy to see how ATF's agents have improperly

targeted this person utilizing the Final Rule's expansive understanding of unlawful dealing.  As

GOA explained its prior declaration, ATF has previously targeted innocent GOA members with

prosecution for unlawful dealing, and it appears that this trend is continuing.

As Plaintiffs alleged, ATF previously enforced "Engaged in the Business" against GOA

member Robert G. Arwady.  *See* Declaration of Erich Pratt, #1-2 at ¶32.  The Court recognized

that.  *See* Order, ECF #44 at 6.  The Court also noted that ATF threatened to enforce the Final

Rule.  *Id*.  And the ATF is currently enforcing it against the GOF supporter as described in Mr.

Pratt's supplemental declaration.  *See* Exhibit A, at ¶¶41-43.  This gives GOA a real and concrete

interest in defending its members from the Final Rule's overreach.

As this Court acknowledged, the Supreme Court held "that an organization had standing

'when it filed suit' where it 'identified' individual harmed members but did not provide their

names."  ECF #44, at 7 (citing *Students for Fair Admissions, Inc. v. Harvard*, 600 U.S. 181, 200–

01 (2023)).  Because GOA has identified with specificity several members who are harmed by the

Final Rule, GOA has the requisite representational standing to pursue litigation on its members'

and supporters' behalf.

Respectfully submitted,

Dated:  May 31, 2024

4

Brandon W. Barnett
Texas Bar No. 24053088
Barnett Howard & Williams PLLC
930 W. 1st St., Suite 202
Fort Worth, Texas 76102
817-993-9249 (T)
817-697-4388 (F)
E-mail: barnett@bhwlawfirm.com

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
NDTX#: 102784MS
MS Bar No. 102784
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
E-mail: stephen@sdslaw.us

John I. Harris III (TN # 12099)
Schulman, LeRoy & Bennett PC
3310 West End Avenue, Suite 460
Nashville, Tennessee 37203
(615) 244 6670 Ext. 111
Fax (615) 254-5407
jharris@slblawfirm.com

*Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing

document or pleading to be filed with this Court's CM/ECF system, which caused a Notice of

Electronic Filing and copy of this document or pleading to be delivered to all counsel of record.


*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh

5