UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE,<br>    *Plaintiffs*,<br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF,<br>    *Defendants.* | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00089-Z |

### SUPPLEMENTAL BRIEF OF GUN OWNERS FOUNDATION

**COMES NOW,** GUN OWNERS FOUNDATION ("GOF"), by and through counsel of record and files this Supplemental Brief in response to this Court's May 19, 2024 Order. *See* ECF #45. For the reasons below, GOF has standing to pursue this litigation.

As stated in Erich Pratt's declaration, GOF is a "Virginia non-stock corporation, with its principal place of business in Springfield, Virginia…. GOF is supported by gun owners across the country, including Texas residents, many of whom are and will be irreparably harmed by ATF's actions. Donations by supporters of GOF fund the organization's activities, including litigation such as this to defend their right to keep and bear arms." *See* ECF #1-2, ¶ 5. GOF's supporters

contribute funds that are then directed towards various program service activities, including conducting litigation and filing *amicus curiae* briefs, and initiating this litigation specifically. GOF was incorporated in 1983, and, for at least 16 years (and currently), GOF has been approved by the U.S. Office Personnel Management as a participant in the federal government's annual official Combined Federal Campaign ("CFC") which allows federal employees to designate GOF as the recipient of their donations.[1]

GOF's supporters donate through various methods, either directly to GOF[2] or through the CFC, to allow GOF to fight for their Second Amendment rights. For instance, at least one of GOF's supporters specifically donated funds to assist in funding this case. *See* Supplemental Declaration of Erich Pratt (ECF #55-1). GOF's supporters are directly harmed by the Final Rule for the same and similar reasons as demonstrated in the declaration of Jeffrey Tormey, including his supplemental declaration (ECF #1-1 and ECF #53-1), and the declarations and supplemental declarations of the other organizational plaintiffs Gun Owners of America, Inc., Tennessee Firearms Association, and Virginia Citizens Defense League.

While GOF is not a traditional membership association, it has representational standing to litigate cases such as this because it is the functional equivalent of a membership organization. *See Gettman v. Drug Enf't Admin*., 290 F.3d 430, 435 (D.C. Cir. 2002) (representational standing *can be achieved* even by "'an organization that has no members in the traditional sense'" if "'the organization is the <u>functional equivalent</u> of a traditional membership organization,'" such as

---

[1] *See* https://givecfc.org/gun-owners-foundation; *see also* https://foundation.gunowners.org/cfc-united-way/.
[2] For example, contributions to GOF may be made on-line at GOF's website. *See* https://foundation.gunowners.org/civicrm/contribute/ transact?reset=1&id=3.

"selecting its leadership, guiding its activities,[3] or financing those activities.").[4] The Fifth Circuit calls this the "indicia of membership" test. *Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 344 n.9 (5th Cir. 2012). Thus, while GOF does not have "members" *per se* (only supporters), it nonetheless is the "functional equivalent" of a "membership organization" for purposes of representational standing. As alleged in Plaintiffs' Complaint, GOF is "a nonprofit legal defense and educational foundation" that is "supported by gun owners across the country…" ECF #1 at ¶14. GOF members have a significant organizational attachment to GOF demonstrated by their voluntary decision to fund GOF, their receipt of information about GOF activities through a quarterly GOF newsletter[5] and regular emails about its activities, and communicating their views to GOF about issues on which GOF should focus. The reason that GOF exists is to advocate and defend the Second Amendment rights of gun owners, and many such persons fund GOF's activities.

Being that GOF is a nonprofit organization, rather than a for-profit "one-person business" (as in *Fund Democracy*) or a for-profit subscription magazine (as in *Gettman*), it by definition receives funding *only* (as in 100 percent) from its supporters, with the expressly stated "mission"

---

[3] *See also Fund Democracy, LLC v. SEC*, 278 F.3d 21, 26 (D.C. Cir. 2002) (rejecting representational standing because "Fund Democracy's course is steered entirely by Bullard, and Fund Democracy does not claim to receive funding from its purported members," and thus "it may have reasons for instituting suit other than to assert the rights of these alleged supporters") (emphasis added).

[4] In *Apalachicola Riverkeeper v. Taylor Energy Co., L.L.C.,* 113 F. Supp. 3d 870, 876 (E.D. La. July 7, 2015), the court stated that "[n]either compliance with corporate formalities nor the existence of a formal membership structure is required. Instead, the Court inquires whether an individual possesses certain 'indicia of membership,' such as … financing the organization's activities [or] associating with the organization voluntarily. This is a holistic test. The purpose is to determine whether an organization provides the means by which members 'express their collective views and protect their collective interests.'" *See also Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 344-345 (1977) ("while the apple growers and dealers are not 'members' of the Commission in the traditional trade association sense … they alone finance its activities, including the costs of this lawsuit…. In a very real sense, therefore, the Commission represents the State's growers and dealers and provides the means by which they express their collective views and protect their collective interests."). This expression of "collective views" and protection of "collective interests" is quintessentially the function of nonprofit organizations, whether to protect seniors, veterans, or another class (such as gun owners), or to advocate for environmental, social justice, or other causes (such as the right to keep and bear arms).

[5] *See* ECF# 55-2 (GOF Newsletter).

2

to use those funds to "defend[] America's unique constitutional right to keep and bear arms, through education and legal assistance in important firearms cases."[6] *See also* ECF 1-2 at ¶ 42 ("GOA and GOF routinely litigate cases throughout the country on behalf of their members and supporters..."). *See Funeral Consumers Alliance* at 344 n.9 (members "finance the organization's activities, including the case's litigation costs"). Since GOF's supporters finance entirely the nonprofit's activities (including its litigation), and the organization (as a function of its nonprofit status) may *only* engage in activities that benefit the public (and not with the purpose of private benefit or inurement), GOF has representational standing.

As stated in the Supplemental Declaration of Erich Pratt (ECF #55-1), GOF heard from one of its supporters who is a YouTube video content creator with a "YouTube channel focused on reviews of various firearms and firearm accessories." *Id*. at ¶ 45. This supporter "will at times purchase a firearm with their own funds, in order to acquire items to then review." *Id*. at ¶ 46. After this individual reviews and posts a video review, they "will at times sell various firearms after reviewing them, occasionally for a profit, but often for a loss." *Id*. at ¶ 47. This supporter "fears civil action or criminal prosecution by ATF" and stated that "if the Rule is permitted to take effect," they would be "unable to engage in the sorts of activities in which they have engaged in the past, thus putting their YouTube channel out of commission." *Id*. at ¶ 49. Indeed, the nature of purchasing new firearms for review, and then selling them to fund future purchases, seems to run afoul of the Rule's presumption of unlawful dealing when selling firearms shortly after purchase. *See* FR 29091 (modifying §478.13(c)(3)(i) and (ii)).

As this Court explained, the Supreme Court held "that an organization had standing 'when it filed suit' where it 'identified' individual harmed members but did not provide their names."

---

[6] *See* GOF 2021 IRS Form 990 at 1,
https://projects.propublica.org/nonprofits/organizations/521297380/202213189349318031/full

ECF #44, at 7 (citing *Students for Fair Admissions, Inc. v. Harvard*, 600 U.S. 181, 200–01 (2023)). Because GOF has identified and specifically described at least one supporter who is harmed by the Final Rule, and who has specifically donated money to support this litigation, Gun Owners Foundation has the requisite standing to pursue litigation on its supporters' behalf.

                                                                          Respectfully submitted,

Dated:  May 31, 2024

                       Brandon W. Barnett
                       Texas Bar No. 24053088
                       Barnett Howard & Williams PLLC
                       930 W. 1st St., Suite 202
                       Fort Worth, Texas 76102
                       817-993-9249 (T)
                       817-697-4388 (F)
                       E-mail: barnett@bhwlawfirm.com

                       */s/ Stephen D. Stamboulieh*
                       Stephen D. Stamboulieh
                       NDTX#: 102784MS
                       MS Bar No. 102784
                       Stamboulieh Law, PLLC
                       P.O. Box 428
                       Olive Branch, MS  38654
                       (601) 852-3440
                       E-mail: stephen@sdslaw.us

                       John I. Harris III (TN # 12099)
                       Schulman, LeRoy & Bennett PC
                       3310 West End Avenue, Suite 460
                       Nashville, Tennessee 37203
                       (615) 244 6670 Ext. 111
                       Fax (615) 254-5407
                       jharris@slblawfirm.com

                       *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system, which caused a Notice of Electronic Filing and copy of this document or pleading to be delivered to all counsel of record.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh