UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE,<br>  *Plaintiffs*,<br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF,<br>  *Defendants*. | CIVIL ACTION NO. 2:24-CV-00089-Z |

## SUPPLEMENTAL BRIEF OF VIRGINIA CITIZENS DEFENSE LEAGUE

Plaintiff Virginia Citizens Defense League ("VCDL") submits this Supplemental Brief in response to this Court's May 19, 2024 Order. *See* ECF #45. For the reasons below and those already briefed, VCDL has standing to pursue this litigation. For the sake of brevity, VCDL adopts by reference the arguments made in the supplemental brief filed by Gun Owners of America, Inc. ("GOA"), including the summary of case law to the issues of organizational representation and standing.

VCDL is a nonprofit Virginia civic league and membership organization. It is recognized by the IRS as a Section 501(c)(4) entity. VCDL has tens of thousands of members and supporters

1

who reside in Virginia and in other jurisdictions, including within the Northern District of Texas. *See* ECF #1-4, ¶ 4.

VCDL demonstrated its standing in both the Complaint and the declarations of Jeffrey W. Tormey and Philip Van Cleave (*see* ECF #1-1 and #1-4). Mr. Van Cleave files his supplemental declaration in further support of VCDL's standing herein. *See* Supplemental Declaration of Philip Van Cleave, Exhibit A. In his supplemental declaration, Mr. Van Cleave, who is the President of VCDL, describes in greater detail how the ATF's new "Engaged in the Business" Rule directly and negatively affects VCDL's members and supporters. *Id.* ¶¶ 4-16. As stated in Mr. Van Cleave's supplemental declaration, VCDL has spoken with two specific members and supporters, each of whom does not currently hold a Federal Firearms License ("FFL") to deal in firearms. *Id.* ¶ 3. Each fears that the Rule will reclassify statutorily protected conduct as presumptively illegal, subjecting them to a burden of proving their own compliance with the statute. *See id.* For example, Mr. Van Cleave describes how the Rule affects one VCDL member, whose occasional sales fall under at least three of the Rule's presumptions, and another VCDL member who questions whether obtaining an FFL solely to avoid liability under the Rule is even possible under Virginia law. *Id.* ¶¶ 13-15, 16.

Mr. Van Cleave describes this first member as a firearm collector who maintains a private collection of primarily self-defense-related firearms. *Id.* ¶ 4. This VCDL member "does not 'study, compar[e], [or] exhibit[]' these firearms, nor do they collect them for 'recreational activities for personal enjoyment.'" *Id.* Rather, this member "sees it as their duty to maintain proficiency with firearms so that they may be able to defend their loved ones and community effectively, should the need for lawful self-defense ever arise at home or in public." *Id.* ¶ 5. In so doing, this member occasionally sells firearms when they do not meet expectations as to their self-

2

defense utility. *See id.* ¶¶ 6-7. These sales enhance this member's self-defense collection by freeing up funds or physical space for future additions. *Id.* ¶ 7.

In order to facilitate these occasional sales, this member previously "has posted flyers at their local range or ads on online forums." *Id.* ¶ 8. While conducting these sales, this member has on occasion "mentioned their firearm purchasing habits to buyers. Specifically, they have indicated that, if they did not find their next planned purchase to meet their needs, whether ergonomic or otherwise, they may be open to selling that future firearm, too." *Id.* ¶ 9. Finally, Mr. Van Cleave notes that this member maintains a spreadsheet to "organize information about their firearm collection in one place." *Id.* ¶ 10. Although this member does not use their spreadsheet primarily to track the prices of firearms occasionally sold, it does contain this information. *Id.* This member has expressed a desire to continue these activities, on occasion and in furtherance of their private collection, but they will not do so, so long as the Rule remains in effect, for fear of exposure to liability. *See id.* ¶¶ 8-11.

This member has articulated four distinct threats of enforcement under the Rule. *First*, because this member maintains their collection for self-defense purposes, this collection falls outside the restrictive definition adopted by the Rule, thereby "read[ing] this individual's collecting activity right out of the statute's safe harbor." *Id.* ¶ 12. *Second*, this member's practice of occasionally listing firearms for sale via paper flyer or online forum falls under one of the Rule's presumptions of an "intent to predominantly earn a profit." *Id.* ¶ 13. Indeed, "this presumption applies whenever one '[r]epetitively or continuously advertises, markets, or otherwise promotes a firearms business (*e.g.*, **advertises or posts firearms for resale**, including through the internet or other digital means, establishes a website to offer their firearms for resale, makes available business cards, or tags firearms with sales prices), **regardless of whether the person incurs**

3

**expenses or only promotes the business informally**.'" *Id.* The Rule reaches even this innocuous, occasional activity because it adopts an expansive definition of "resale," which includes the sale of any "firearm, including a stolen firearm, after it was previously sold **by the original manufacturer or any other person**." *Id.* ¶ 14. Because every production firearm has, at some point, been sold by the original manufacturer or any other person, the Rule classifies practically any subsequent sale of a firearm as a "resale." *Id.* *Third*, this member's prior (and desired future) indications to buyers of a "future interest in selling a firearm they may not like" falls under one of the Rule's "engaged in the business" presumptions. *Id.* Indeed, the Rule would presume this member to be "engaged in the business" – and therefore engaging in criminal activity without an FFL – "for '[r]esell[ing] or offer[ing] for resale firearms, and also represent[ing] to potential buyers or otherwise demonstrat[ing] a willingness and ability to purchase and resell additional firearms.'" *Id.* *Fourth* and finally, based on this member's use of a spreadsheet to organize collection information but also to track occasional sale proceeds, the Rule presumes "an 'intent to predominantly earn a profit.'" *Id.* ¶ 15. None of this member's occasional, private sales constitute commercial activity requiring licensure under the statute. But under the Rule, this member is *presumed* to be in violation of the law.

Mr. Van Cleave also describes a second VCDL member who has expressed the concern – and confusion – that individuals seeking to comply with the Rule by obtaining an FFL to continue making occasional sales may not be able to do so under Virginia law. *Id.* ¶ 16. Indeed, while federal law now omits the "principal objective of livelihood and profit" language from the definition of engaging in the business, Virginia law retains it. *Id.* Accordingly, a person who obtains an FFL solely to avoid enforcement liability under the Rule may not be eligible for state registration as a Virginia dealer if Virginia maintains its "livelihood" standard. *Id.* Accordingly,

the Rule would impose on Virginians the choice of ceasing statutorily protected activities or continuing prior conduct at the risk of civil and criminal enforcement.

As Mr. Van Cleave's declarations make clear, VCDL's membership is overwhelmingly concerned with the Rule, its presumptions, attendant uncertainty, and the risk of federal enforcement actions or prosecutions, as well as the compliance-related costs, expenses, and burdens of additional federal, state and local laws, regulations, and ordinances. ECF #1-4 ¶ 10. Based on these members' expressed concerns, many individual VCDL members and supporters clearly would appear to have standing to challenge the Rule. But these individual members and supporters need not do so, as VCDL serves as a vehicle for advancing their shared interests. *Id.* ¶ 16. Indeed, "[p]rotection of the rights and interests in this litigation is germane to VCDL's mission," which is to "advanc[e] the enumerated right to keep and bear arms as guaranteed by the Second Amendment to the U.S. Constitution and Article I, § 13 of the Virginia Constitution." *Id.*; *id.* ¶ 4. Accordingly, "VCDL is capable of fully and faithfully representing the interests of its members and supporters without participation by each of the individuals and entities." *Id.* ¶ 16.

Because VCDL has identified with specificity several members who are harmed by the Final Rule, VCDL has the requisite representational standing to pursue litigation on its members' and supporters' behalf.

                Respectfully submitted,

Dated: May 31, 2024

                Brandon W. Barnett
                Texas Bar No. 24053088
                Barnett Howard & Williams PLLC
                930 W. 1st St., Suite 202
                Fort Worth, Texas 76102
                817-993-9249 (T)
                817-697-4388 (F)
                E-mail: barnett@bhwlawfirm.com

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh
NDTX#: 102784MS
MS Bar No. 102784
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
E-mail: stephen@sdslaw.us

John I. Harris III (TN # 12099)
Schulman, LeRoy & Bennett PC
3310 West End Avenue, Suite 460
Nashville, Tennessee 37203
(615) 244 6670 Ext. 111
Fax (615) 254-5407
jharris@slblawfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system, which caused a Notice of Electronic Filing and copy of this document or pleading to be delivered to all counsel of record.

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh