UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE,<br>  *Plaintiffs*,<br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, UNITED STATES DEPARTMENT OF JUSTICE, MERRICK GARLAND, in his official capacity as Attorney General of the United States, *and* STEVEN M. DETTELBACH, in his official capacity as Director of ATF,<br>  *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00089-Z |

---

### SUPPLEMENTAL DECLARATION OF PHILIP VAN CLEAVE

---

 1. My name is Philip Van Cleave. I am a U.S. citizen and resident of Virginia. I make this supplemental declaration in support of Plaintiffs' Complaint for Declaratory and Injunctive Relief and pursuant to this Court's May 19, 2024 Order for supplemental briefing, ECF #45. I make these statements in my capacity as the President of Virginia Citizens Defense League ("VCDL"). Unless otherwise stated, I make this declaration based on personal knowledge. If called as a witness, I can testify to the truth of the statements contained herein.

 2. This Declaration is offered as a supplement to my prior Declaration, ECF #1-4.

3. VCDL has been in contact with members and supporters who do not hold Federal Firearms Licenses ("FFLs") to deal in firearms. These members and supporters fear Defendants' Rule will classify them as being presumptively "engaged in the business" of dealing in firearms and therefore subject to civil and criminal enforcement.

4. For example, VCDL recently spoke to one member and supporter who maintains a private collection of firearms. This individual regularly purchases firearms for personal, noncommercial use, primarily for self-defense. This individual does not "study, compar[e], [or] exhibit[]" these firearms, nor do they collect them for "recreational activities for personal enjoyment." FR at 29090.

5. Rather, this individual sees it as their duty to maintain proficiency with firearms so that they may be able to defend their loved ones and community effectively, should the need for lawful self-defense ever arise at home or in public.

6. In order to maintain such proficiency, this individual frequently purchases new firearm models to try new features or experiment with ergonomics.

7. Sometimes, the features or ergonomics of these firearms do not live up to expectations, and this individual occasionally sells these firearms to recoup money or make room for a different firearm.

8. To facilitate these occasional sales, this individual has posted flyers at their local range or ads on online forums in the past. This individual wishes to employ the same methods for future sales.

9. During these occasional sales, this individual recalls having mentioned their firearm purchasing habits to buyers. Specifically, they have indicated that, if they did not find their next planned purchase to meet their needs, whether ergonomic or otherwise, they may be open to

selling that future firearm, too.  This individual wishes to be able to make similar representations in the future, as the case may be.

10. Finally, this individual maintains a spreadsheet to organize information about their firearm collection in one place.  While not the primary purpose of maintaining this spreadsheet, it contains data on firearm prices bought and sold.

11. Although this individual understands their collecting and occasional sale activity to constitute innocuous, noncommercial activity in furtherance of a private collection, they fear enforcement under numerous Rule provisions and have indicated that they will cease all private sales unless and until the Rule is enjoined.

12. First, the Rule expressly exempts from its definition of "personal collection" firearms "accumulated primarily for personal protection."  FR at 29090.  Thus, the Rule reads this individual's collecting activity right out of the statute's safe harbor.

13. Second, the Rule presumes an "intent to predominantly earn a profit" if this individual were to post occasional "for sale" ads, as they have in the past.  Indeed, this presumption applies whenever one "[r]epetitively or continuously advertises, markets, or otherwise promotes a firearms business (*e.g.*, **advertises or posts firearms for resale**, including through the internet or other digital means, establishes a website to offer their firearms for resale, makes available business cards, or tags firearms with sales prices), **regardless of whether the person incurs expenses** or only promotes the business informally."  FR at 29091 (emphases added).

14. Third, if, during a sale, this individual merely were to indicate future interest in selling a firearm they may not like, the Rule would presume them to be "engaged in the business" for "[r]esell[ing] or offer[ing] for resale firearms, and also represent[ing] to potential buyers or otherwise demonstrat[ing] a willingness and ability to purchase and resell additional firearms."

FR at 29091. Moreover, the Rule defines "resale" expansively to mean any "firearm, including a stolen firearm, after it was previously sold **by the original manufacturer or any other person**." FR at 29090 (emphasis added). Thus, merely selling a firearm which had, at some point, been sold by the original manufacturer (*i.e.*, every production firearm ever) would implicate every Rule provision contemplating 'resale.'

15. And fourth, the Rule presumes the individual to have an "intent to predominantly earn a profit" merely by maintaining a spreadsheet described above. *See* FR at 29091 ("Makes and maintains records to document, track, or calculate profits and losses from firearms repetitively purchased for resale....").

16. VCDL spoke to another member and supporter who has expressed confusion regarding their obligations under the Rule and Virginia law. While the Rule purports to require licensure in numerous factual scenarios or else one is presumed to be "engaged in the business," Virginia does not require licensure unless one "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business **with the principal objective of livelihood and profit** through repetitive purchase or resale of firearms...." Va. Code § 54.1-4200 (emphasis added). Therefore, it is difficult to know whether Virginia law even would allow the state registration[1] of dealers seeking licensure pursuant to the Rule, which imposes a lower federal threshold.

I, Philip Van Cleave, declare under penalty of perjury that the foregoing is true and correct.

**DATE**  **PHILIP VAN CLEAVE**

5/31/24

---

[1] https://vsp.virginia.gov/wp-content/uploads/2024/03/SP-69-Rev02-26-24A.pdf.