UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-00089-Z |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING ON STANDING**

Defendants respectfully move for leave to file a response to the supplemental briefing on standing that the Court ordered Plaintiffs to file by June 2, 2024. *See* ECF No. 45. Specifically, Defendants request leave to file a response by June 7, 2024. The parties have conferred, and Plaintiffs do not oppose the requested relief but believe that, given Defendants' request, an extension of the Court's temporary restraining order, *see* ECF No. 44, is warranted in order to provide the Court enough time to review Defendants' response.

Plaintiffs bring several Administrative Procedure Act (APA) and constitutional claims against a Final Rule[1] promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) that implements a change made by the Bipartisan Safer Communities Act to the statutory definition of being "engaged in the business" of dealing in firearms, 18 U.S.C. § 921(a)(21)(C). *See* ECF No. 1. On May 9, 2024, Plaintiffs filed a Motion for Temporary Restraining Order and/or Preliminary Injunction, ECF No. 16, in which they failed to demonstrate that they have standing to seek such

---

[1] Finale Rule, Definition of "Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28,968 (Apr. 19, 2024) ("Rule").

relief. *See Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017) ("[P]laintiffs must make a 'clear showing' that they have standing to maintain [a] preliminary injunction."). Defendants opposed the motion on May 14, explaining in detail why each of the Plaintiffs in this case—the four State plaintiffs, the individual plaintiff, and the four organizational plaintiffs—lacks standing. *See* ECF No. 31 at 11-20. Plaintiffs filed a reply after the close of business on May 15, in which they addressed multiple Plaintiffs' standing for the first time and advanced additional arguments for others. *See* ECF No. 37. Defendants did not have an opportunity to respond to those new standing arguments before the Court's May 16 hearing on Plaintiffs' Motion for Temporary Restraining Order.

On May 19, the Court issued a Memorandum Opinion and Order temporarily restraining Defendants from enforcing the Rule against Texas, the individual plaintiff, and the four organizational plaintiffs through June 2, 2024. ECF No. 44. The Court also ordered "all Plaintiffs . . . to individually submit supplemental briefing explaining and evidencing their basis for standing on or before June 2," ECF No. 45, but did not address whether Defendants would be given an opportunity to respond. Accordingly, Defendants respectfully move for leave to file a response to Plaintiffs' supplemental briefing by June 7, 2024.

Good cause exists to grant the requested relief. Plaintiffs' standing (or lack thereof) implicates the Court's jurisdiction to decide this case in the first place. *See Field v. EPA*, No. 2:19-cv-120-Z-BR, 2020 WL 2086654, at *1 (N.D. Tex. Apr. 29, 2020) ("One essential aspect of proving jurisdiction is proof of standing, because the federal courts must decide cases and controversies rather than act as roving philosopher kings passing judgment on the validity of the nation's laws."). Determining whether Plaintiffs have met their burden of establishing the "irreducible constitutional minimum of standing," *Lujan v. Defenders of Wildlife*, 504 U.S. 565, 561 (1992), is especially critical here, moreover, in light of the "complex issues . . . of national importance" raised in this case, ECF No. 38, and the "extraordinary remedy" Plaintiffs seek, *Perez v. City of San Antonio*, 98 F.4th 586, 594 (5th Cir. 2024).

2

Defendants therefore wish to have an opportunity to respond to the new standing arguments Plaintiffs will raise in their supplemental briefing. *Cf. Digit. Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012) (indicating that a court's consideration of "new arguments based on new evidence" in a reply that the opposing party "did not have an opportunity to address" would be prejudicial to that party). And Defendants respectfully submit that a response would further the parties' and the Court's shared interest in ensuring that the standing issues in this case are thoroughly presented in the most efficient manner for purposes of resolving Plaintiffs' Motion for Preliminary Injunction.

For the foregoing reasons, the Court should grant this motion and enter an order granting Defendants leave to submit a response to Plaintiffs' supplemental briefing on standing by June 7, 2024.

DATED: May 31, 2024                                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD
(IN Bar No. 37147-49)
JEREMY S.B. NEWMAN
KERI L. BERMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 616-8467
Fax: (202) 616-8470
Email: zachary.w.sherwood@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

On May 31, 2024, I emailed all opposing counsel of record, and they indicated that Plaintiffs do not oppose the relief requested in this Motion but believe that, given Defendants' request, an extension of the Court's temporary restraining order, *see* ECF No. 44, is warranted in order to provide the Court enough time to review Defendants' response.

*/s/ Zachary W. Sherwood*

**CERTIFICATE OF SERVICE**

On May 31, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Zachary W. Sherwood*