IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS, AND EXPLOSIVES, *et al.*,<br><br>     Defendants. | 2:24-CV-089-Z |

## ORDER

Before the Court is Proposed Plaintiff–Intervenor's Motion for Leave to File Motion to Intervene ("Motion") (ECF No. 63), filed June 2, 2024. The Proposed Plaintiff–Intervenor Levi Rudder ("Rudder") "motions the Court for leave to file this motion to intervene, incompliance [sic] with (currently contested) sanctions imposed by the United States District Court for the Northern District of Texas, Lubbock Division." *Id.* at 1. Having reviewed the relevant materials and law, the Court **DENIES** the Motion.

### ANALYSIS

On May 16, 2024, Rudder moved for leave to intervene and to join as a plaintiff in this action. ECF No. 40. The Court denied that motion. ECF No. 46. In doing so, the Court recognized that Rudder "is currently under sanctions imposed by the United States District Court for the Northern District of Texas, Lubbock Division." *Id.* at 1. The Lubbock Division found, *inter alia*:

> Levi Rudder has not shown good cause for engaging in the unauthorized practice of law and interfering with an ongoing criminal proceeding. . . . As detailed during the hearing, the Court imposes the following sanctions:
>
> 1. Mr. Rudder is admonished that it is illegal to practice law and represent others without a law license, and he could be subject to additional sanctions for violation of this order and Local Civil Rule 83.7.

2. Mr. Rudder is ordered to cease his unauthorized practice of law and is warned that continued unauthorized practice of law will be a violation of this order and could result in being found in criminal contempt, resulting in fines or imprisonment.

3. A filing bar is imposed on Mr. Rudder in the United States District Court for the Northern District of Texas. The Clerk of Court shall accept no filing from Mr. Rudder—whether initiating new cases or filing motions in existing cases—without successfully moving for leave of court to do so. For any new cases, Mr. Rudder must both move for leave and pay any required filing fees at the time he moves for leave.

*Id.* at 2–3.

This Court also noted that the Fifth Circuit recently affirmed the Lubbock Division's sanctions. *Id.* at 3. The Fifth Circuit wrote:

The court found that Rudder, who is not admitted to any bar or licensed to practice law, contacted a represented detainee facing federal firearm charges in the district court and attempted to interject himself into the case. Despite defense counsel's instruction to Rudder that he should not contact the detainee again, Rudder, among other things, engaged in an unprivileged, monitored video meeting with the detainee, offered the detainee legal advice, and encouraged the detainee to sign a form appointing Rudder as his additional counsel. As such, the court determined that Rudder had engaged in the unauthorized practice of law.

*In re Rudder*, No. 23-10725, 2024WL 1880135, at *1 (5th Cir. Apr. 30, 2024).

Given the nature, gravity, and circumstances of Rudder's conduct, this Court denied leave for Rudder to file the past motion. It does so here as well.

CONCLUSION

Rudder's Motion is **DENIED**.

**SO ORDERED**.

June __5__, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE