# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-00089-Z |

## <u>ANSWER TO COMPLAINT</u>

Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice (DOJ), Merrick Garland, in his official capacity as Attorney General of the United States (Garland), and Steven M. Dettelbach, in his official capacity as Director of ATF (Dettelbach) hereby file this Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, ECF No. 1.

1. This paragraph states legal conclusions, to which no response is required.

2. Admitted that ATF issued the Final Rule entitled "Definition of 'Engaged in the Business' as a Dealer in Firearms," 89 Fed. Reg. 28,968 (the "Rule") on April 19, 2024. This paragraph otherwise describes the relief sought in the Complaint, to which no response is required. To the extent a response is required, denied that Plaintiffs are entitled to the relief sought, or any relief.

3. This paragraph states legal conclusions, to which no response is required.

4. Admitted that the Rule set an effective date of 30 days from publication in the Federal Register. Admitted that certain other rules issued by ATF cited in this paragraph set effective dates of 90 days or 120 days from publication in the Federal Register. Admitted that in the Rule's preamble,

ATF stated: "ATF intends to further update the guidance once it issues this final rule."  Rule, 89 Fed. Reg. at 28,971.  This paragraph otherwise states legal conclusions, to which no response is required.

5.      Admitted.

6.      This paragraph states legal conclusions, to which no response is required.

7.      This paragraph states legal conclusions, to which no response is required.

8.      Admitted.

9.      Admitted.

10.      Admitted.

11.      Admitted.

12.      Defendants lack information to admit or deny factual allegations in this paragraph about Plaintiff Jeffrey W. Tormey, and accordingly deny those allegations.  This paragraph otherwise states legal conclusions, to which no response is required.

13.      Defendants lack information to admit or deny the allegations in the first four sentences of this paragraph, and accordingly deny those allegations.  The fifth sentence of this paragraph states legal conclusions, to which no response is required.

14.      Defendants lack information to admit or deny these allegations, and accordingly deny these allegations.

15.      Defendants lack information to admit or deny these allegations, and accordingly deny these allegations.

16.      Defendants lack information to admit or deny these allegations, and accordingly deny these allegations.

17.      The first two sentences are admitted.  The third sentence states legal conclusions, to which no response is required.

18.      Admitted.

19.     Admitted.

20.     Admitted.

21.     This paragraph states legal conclusions, to which no response is required.

22.     This paragraph states legal conclusions, to which no response is required.

23.     This paragraph states legal conclusions, to which no response is required.

24.     This paragraph states legal conclusions, to which no response is required.

25.     This paragraph states legal conclusions, to which no response is required.

26.     Admitted that in 1979, ATF issued an Advanced Notice of Proposed Rulemaking, Definition of the Phrase "Engaged in the Business," 44 Fed. Reg. 75,186 (Dec. 19, 1979) (the "ANPRM"). Defendants refer the Court to the ANPRM for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with that document.

27.     Admitted that this allegation quotes a portion of a sentence from the ANPRM. Defendants refer the Court to the ANPRM for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with that document.

28.     Admitted.

29.     This paragraph states legal conclusions, to which no response is required.

30.     This paragraph states legal conclusions, to which no response is required.

31.     This paragraph states legal conclusions, to which no response is required.

32.     This paragraph states legal conclusions, to which no response is required.

33.     This paragraph states legal conclusions, to which no response is required.

34.     This paragraph states legal conclusions, to which no response is required.

35.     This paragraph states legal conclusions, to which no response is required.

36.     Admitted that on October 29, 1986, ATF adopted a temporary rule, published at 51 Fed. Reg. 39,612. Admitted that on March 31, 1988, ATF issued a Final Rule, Commerce in Firearms

and Ammunition, 53 Fed. Reg. 10,480 (Mar. 31, 1988) ("1988 Final Rule").  Defendants refer the Court to those documents for a complete and accurate statement of their contents and deny this allegation to the extent inconsistent with those documents.

37.   Admitted that this allegation quotes from the 1988 Final Rule.  Defendants refer the Court to that document for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with that document.

38.   This paragraph states legal conclusions, to which no response is required.

39.   This paragraph states legal conclusions, to which no response is required.

40.   This paragraph states legal conclusions, to which no response is required.

41.   This paragraph states legal conclusions, to which no response is required.

42.   Admitted that the last sentence quotes from a portion of a sentence in the Rule, with alterations and emphasis added.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

43.   This paragraph states legal conclusions, to which no response is required.

44.   This paragraph states legal conclusions, to which no response is required.

45.   Admitted that on March 14, 2023, President Biden issued Executive Order 14092, which was published at 88 Fed. Reg. 16,527 (Mar. 14, 2023).  Defendants refer the Court to that Executive Order for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Executive Order.

46.   Admitted that on August 31, 2023, DOJ issued a press release announcing a Notice of Proposed Rulemaking ("NPRM").  That NPRM was published in the Federal Register on September 8, 2023, Notice of Proposed Rulemaking, Definition of "Engaged in the Business" as a Dealer in Firearms, 88 Fed. Reg. 61,993 (Sept. 8, 2023).  Defendants refer the Court to the press release and

NPRM for a complete and accurate statement of their contents, and deny this allegation to the extent inconsistent with those documents.

47.     Admitted that certain commenters submitted the comments cited in this paragraph. This paragraph otherwise states legal conclusions, to which no response is required.

48.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

49.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

50.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

51.     Admitted that this allegation quotes the regulatory definition of "dealer" that was codified in 27 C.F.R. § 478.11 before the Rule's effective date.

52.     Admitted that this allegation quotes the Rule's definition of "dealer," with emphasis added.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

53.     Admitted that this allegation quotes subsection (c) of the regulatory definition of "engaged in the business" that was codified in 27 C.F.R. § 478.11 before the Rule's effective date.

54.     Admitted that this allegation quotes provisions of the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

55.     Admitted that this allegation quotes provisions of the Rule.  Defendants refer the

Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

56.     Admitted that this allegation quotes provisions of the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

57.     Admitted that this allegation quotes the regulatory definition of "principal objective of livelihood and profit" that was codified in 27 C.F.R. § 478.11 before the Rule's effective date.

58.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

59.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

60.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

61.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

62.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

63.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent

with the Rule.

64.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

65.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

66.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

67.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

68.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

69.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

70.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

71.     This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent

with the Rule.

72. This paragraph states legal conclusions, to which no response is required.

73. This paragraph states legal conclusions, to which no response is required.

74. This paragraph states legal conclusions, to which no response is required.

75. This paragraph states legal conclusions, to which no response is required.

76. This paragraph states legal conclusions, to which no response is required.

77. This paragraph states legal conclusions, to which no response is required.

78. This paragraph states legal conclusions, to which no response is required.

79. This paragraph states legal conclusions, to which no response is required.

80. This allegation characterizes the Rule. Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

81. This paragraph states legal conclusions, to which no response is required.

82. This paragraph states legal conclusions, to which no response is required.

83. This allegation characterizes the Rule. Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

84. This allegation characterizes the Rule. Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

85. This allegation characterizes the Rule. Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

86. This paragraph states legal conclusions, to which no response is required.

87. This paragraph states legal conclusions, to which no response is required.

88. This paragraph states legal conclusions, to which no response is required.

89. This paragraph states legal conclusions, to which no response is required.

90. This paragraph states legal conclusions, to which no response is required.

91. This paragraph states legal conclusions, to which no response is required.

92. This paragraph states legal conclusions, to which no response is required.

93. This paragraph states legal conclusions, to which no response is required.

94. This paragraph states legal conclusions, to which no response is required.

95. This paragraph states legal conclusions, to which no response is required.

96. This paragraph states legal conclusions, to which no response is required.

97. This paragraph states legal conclusions, to which no response is required.

98. This paragraph states legal conclusions, to which no response is required.

99. This paragraph states legal conclusions, to which no response is required.

100. This paragraph states legal conclusions, to which no response is required.

101. This paragraph states legal conclusions, to which no response is required.

102. This paragraph states legal conclusions, to which no response is required.

103. This paragraph states legal conclusions, to which no response is required.

104. This paragraph states legal conclusions, to which no response is required.

105. This paragraph states legal conclusions, to which no response is required.

106. This paragraph states legal conclusions, to which no response is required.

107. This paragraph states legal conclusions, to which no response is required.

108. This paragraph states legal conclusions, to which no response is required.

109. This paragraph states legal conclusions, to which no response is required.

110. This paragraph states legal conclusions, to which no response is required.

111.    This paragraph states legal conclusions, to which no response is required.

112.    This paragraph states legal conclusions, to which no response is required.

113.    This paragraph states legal conclusions, to which no response is required.

114.    This paragraph states legal conclusions, to which no response is required.

115.    This paragraph states legal conclusions, to which no response is required.

116.    This paragraph states legal conclusions, to which no response is required.

117.    This paragraph states legal conclusions, to which no response is required.

118.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

119.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

120.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

121.    The first sentence of this paragraph characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  The second sentence of this paragraph states legal conclusions, to which no response is required.

122.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

123.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a

complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

124.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

125.    This paragraph states legal conclusions, to which no response is required.

126.    This paragraph states legal conclusions, to which no response is required.

127.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

128.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.

129.    This paragraph states legal conclusions, to which no response is required.

130.    This paragraph states legal conclusions, to which no response is required.

131.    This paragraph states legal conclusions, to which no response is required.

132.    This paragraph states legal conclusions, to which no response is required.

133.    This paragraph states legal conclusions, to which no response is required.

134.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

135.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

136.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

137.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

138.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

139.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

140.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

141.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

142.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

143.    This allegation characterizes the Rule.  Defendants refer the Court to the Rule for a complete and accurate statement of its contents and deny this allegation to the extent inconsistent with the Rule.  This paragraph otherwise states legal conclusions, to which no response is required.

144.    This paragraph states legal conclusions, to which no response is required.

145.    This paragraph states legal conclusions, to which no response is required.

146.    This paragraph states legal conclusions, to which no response is required.

147.    This paragraph states legal conclusions, to which no response is required.

148.    This paragraph states legal conclusions, to which no response is required.

149.    This paragraph states legal conclusions, to which no response is required.

150.    This paragraph states legal conclusions, to which no response is required.

151.    This paragraph states legal conclusions, to which no response is required.

152.    This paragraph states legal conclusions, to which no response is required.

153.    This paragraph states legal conclusions, to which no response is required.

154.    This paragraph states legal conclusions, to which no response is required.

155.    This paragraph states legal conclusions, to which no response is required.

156.    This paragraph states legal conclusions, to which no response is required.

157.    This paragraph states legal conclusions, to which no response is required.

158.    This paragraph states legal conclusions, to which no response is required.

159.    This paragraph states legal conclusions, to which no response is required.

160.    This paragraph states legal conclusions, to which no response is required.

161.    This paragraph states legal conclusions, to which no response is required.

162.    This paragraph states legal conclusions, to which no response is required.

163.    This paragraph states legal conclusions, to which no response is required.

164.    This paragraph states legal conclusions, to which no response is required.

165.    This paragraph states legal conclusions, to which no response is required.

166.    This paragraph states legal conclusions, to which no response is required.

167.    This paragraph states legal conclusions, to which no response is required.

168. This paragraph states legal conclusions, to which no response is required.

169. Defendants incorporate their responses to the prior paragraphs.

170. This paragraph states legal conclusions, to which no response is required.

171. This paragraph states legal conclusions, to which no response is required.

172. This paragraph states legal conclusions, to which no response is required.

173. This paragraph states legal conclusions, to which no response is required.

174. This paragraph states legal conclusions, to which no response is required.

175. This paragraph states legal conclusions, to which no response is required.

176. Defendants incorporate their responses to the prior paragraphs.

177. This paragraph states legal conclusions, to which no response is required.

178. This paragraph states legal conclusions, to which no response is required.

179. This paragraph states legal conclusions, to which no response is required.

180. This paragraph states legal conclusions, to which no response is required.

181. This paragraph states legal conclusions, to which no response is required.

182. This paragraph states legal conclusions, to which no response is required.

183. Defendants incorporate their responses to the prior paragraphs.

184. This paragraph states legal conclusions, to which no response is required.

185. This paragraph states legal conclusions, to which no response is required.

186. This paragraph states legal conclusions, to which no response is required.

187. This paragraph states legal conclusions, to which no response is required.

188. This paragraph states legal conclusions, to which no response is required.

189. Defendants incorporate their responses to the prior paragraphs.

190. This paragraph states legal conclusions, to which no response is required.

191. This paragraph states legal conclusions, to which no response is required.

192.    This paragraph states legal conclusions, to which no response is required.

193.    Defendants incorporate their responses to the prior paragraphs.

194.    This paragraph states legal conclusions, to which no response is required.

195.    This paragraph states legal conclusions, to which no response is required.

196.    This paragraph states legal conclusions, to which no response is required.

197.    This paragraph states legal conclusions, to which no response is required.

198.    Defendants incorporate their responses to the prior paragraphs.

199.    This paragraph states legal conclusions, to which no response is required.

200.    This paragraph states legal conclusions, to which no response is required.

201.    This paragraph states legal conclusions, to which no response is required.

202.    Defendants incorporate their responses to the prior paragraphs.

203.    This paragraph states legal conclusions, to which no response is required.

204.    This paragraph states legal conclusions, to which no response is required.

205.    This paragraph states legal conclusions, to which no response is required.

No response is required to Plaintiffs' Demand for Relief.  To the extent a response is required, denied that Plaintiffs are entitled to the requested relief, or any relief.

## DEFENSES

1.    Venue is improper in this District.

DATED: July 8, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Keri L. Berman*
JEREMY S.B. NEWMAN
ZACHARY W. SHERWOOD
KERI L. BERMAN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-7538
Fax: (202) 616-8470
Email:  keri.l.berman@usdoj.gov

*Attorneys for Defendants*

16

## <u>CERTIFICATE OF SERVICE</u>

On July 8, 2024, I electronically submitted the foregoing document with the clerk of court for

the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

I hereby certify that I have served all parties electronically or by another manner authorized by Federal

Rule of Civil Procedure 5(b)(2).

<u>/s/ Keri L. Berman</u>
KERI L. BERMAN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-7538
Fax: (202) 616-8470
Email: keri.l.berman@usdoj.gov
