IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.<br><br>    *Plaintiffs,*<br><br>    v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, ET AL.<br><br>    *Defendants* | Case No. 2:24-CV-00089-Z |

## UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF ON BEHALF OF 21 MEMBERS OF CONGRESS

Twenty-one Members of Congress, by and through counsel at the Texas Public Policy Foundation, move to file an amicus curiae brief in support of Plaintiffs' motion for summary judgment. The proposed brief is attached as Exhibit A. As set forth below, the brief brings unique statutory arguments that are relevant to amici's positions as U.S. Representatives.

Amici have a strong interest in the proper interpretation of the U.S. Constitution and how an agency implements Congressional enactments. When Amici introduce and consider legislation, they are mindful of the limited powers granted in Article I. They expect an agency will not expand the scope of its regulations beyond the words Congress and the President enact into law, and also will not exercise powers that violate limits on Congress's Article I powers. As Members of Congress,

they are united by their shared interest in seeing courts properly construe the Constitution to ensure that representative government functions properly, and in accord with our Nation's founding principles.

Pursuant to L.R. 7.1(b)(2), counsel for amici informed counsel for Plaintiffs and Defendants of the intent to file an amicus curiae brief. No party opposes this motion or the filing of the amicus brief. This brief complies with L.R. 7.2(c) because it does not exceed 25 pages. Although the local rules do not provide a deadline for amicus curiae briefs, this motion was filed within seven days of the brief that it supports. *See* Fed. R. App. P. 29(a)(6).

Accordingly, 21 Members of Congress respectfully request that the Court grant this motion and accept the proposed amicus curiae brief.

## ARGUMENT

This case involves whether the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) properly implemented the Gun Control Act. Plaintiffs argue the final rule titled "Definition of 'Engaged in the Business' as a Dealer in Firearms," 89 Fed. Reg. 28,968 (Apr. 19, 2024) ("Final Rule") is not consistent with the statutory framework of the Gun Control Act (GCA).

Amici seek to advance an additional argument: the constitutional avoidance canon requires limiting the Final Rule's application to avoid difficult constitutional questions. That is, applying the Final Rule to purely intrastate firearm transactions could violate the interstate commerce clause. When presented with difficult constitutional questions, courts often invoke the constitutional avoidance canon and

search for an alternate, plausible reading that avoids the constitutional question. Using Supreme Court precedent and the "nearest reasonable referent rule," the GCA can plausible be read to exclude purely *intrastate* dealing in firearms. That reading avoids the difficult constitutional question as to the interstate commerce clause.

## CONCLUSION

For the reasons set forth in the accompanying brief, the court should apply the constitutional avoidance doctrine to hold that 18 U.S.C. § 922(a)(1)(A) does not apply to purely intrastate dealing in firearms. The Final Rule impermissibly regulates intrastate firearm transactions and is thus not in accordance with law.


Dated: October 30, 2024                          Respectfully submitted,

                                                 /s/ *Eric Heigis*
                                                 ROBERT HENNEKE
                                                 Texas Bar. No. 24026058
                                                 rhenneke@texaspolicy.com
                                                 CHANCE WELDON
                                                 Texas Bar. No. 24076767
                                                 cweldon@texaspolicy.com
                                                 ERIC HEIGIS
                                                 Virginia Bar No. 98221
                                                 eheigis@texaspolicy.com
                                                 TEXAS PUBLIC POLICY FOUNDATION
                                                 901 Congress Avenue
                                                 Austin, Texas 78701
                                                 Telephone:   (512) 472-2700
                                                 Facsimile:   (512) 472-2728

**CERTIFICATE OF CONFERENCE**

Counsel for amici sought conference via email on October 23, 2024, with counsel for both Plaintiff and Defendants. All parties indicated that they do not oppose this motion.

/s/ Eric Heigis
Eric Heigis


**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2024, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Eric Heigis
Eric Heigis

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL.<br><br>    *Plaintiffs,*<br><br>    v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, ET AL.<br><br>    *Defendants* | Case No. 2:24-CV-00089-Z |

## AMICUS CURIAE BRIEF OF 21 MEMBERS OF CONGRESS SUPPORTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTEREST OF AMICI ....................................................................................... iv

INTRODUCTION ............................................................................................... 1

ARGUMENT ..................................................................................................... 1

    I.    The Court should invoke the constitutional avoidance canon because the Final Rule's application to purely intrastate firearm transaction raises difficult constitutional questions ................................................................. 1

    II.   The GCA can be plausibly read to exclude purely intrastate firearm transactions ......................................................................................... 4

        A.    The Final Rule's application to intrastate firearm transactions is not in accordance with law ........................................................................... 5

        B.    The interstate commerce jurisdictional element applies to the entire subparagraph .......................................................................................... 8

CONCLUSION .................................................................................................. 9

i

## <u>TABLE OF AUTHORITIES</u>

### *Cases*

Escobedo v. Ace Gathering, Inc.,
    109 F.4th 831 (5th Cir. 2024) .................................................................................. 7

*Gonzales v. Raich,*
    545 U.S. 1 (2005) ...................................................................................................... 6

*Loper Bright Enters. v. Raimondo,*
    144 S. Ct. 2244 (2024) ......................................................................................... 4, 9

*NFIB v. Sebelius,*
    567 U.S. 519 (2012)................................................................................................. 3

*Nobelman v. Am. Sav. Bank,*
    508 U.S. 324 (1993)................................................................................................. 8

*Perez* v. *United States,*
    402 U.S. 146 (1971)................................................................................................. 6

*Pub. Citizen v. United States Dep't of Justice,*
    *491 U.S. 440 (1989)* ........................................................................................... 2, 4

*Rapanos v. United States,*
    547 U.S. 715 (2006)............................................................................................. 2, 4

*Ray v. McCullough Payne & Haan, LLC,*
    838 F.3d 1107 (11th Cir. 2016) .............................................................................. 8

*Rest. Law Ctr. v. United States DOL,*
    No. 23-50562, 2024 U.S. App. LEXIS 21449 (5th Cir. Aug. 23, 2024) ..................... 4

*Scarborough v. United States,*
    431 U.S. 563 (1977).............................................................................................. 6, 7

*Solid Waste Agency v. United States Army Corps of Eng'rs,*
    531 U.S. 159 (2001).................................................................................... 2, 3, 4, 5

*Tanzin v. Tanvir,*
    592 U.S. 43 (2020) ................................................................................................... 5

*Terkel v. CDC*,
   521 F. Supp. 3d 662 (E.D. Tex. 2021) .................................................................... 6

*United States v. American Bldg. Maintenance Industries*,
   422 U.S. 271 (1975) ..................................................................................................... 7

*United States v. Lopez*,
   514 U.S. 549 (1995) ..................................................................................................... 3

*United States v. Morrison*,
   529 U.S. 598 (2000) ..................................................................................................... 8

*United States v. Whaley*,
   577 F.3d 254 (5th Cir. 2009) ..................................................................................... 6

**Statutes**

18 U.S.C. § 921(a)(2) ....................................................................................................... 5

18 U.S.C. § 922 ..................................................................................................... passim

Gun Control Act (GCA), 18 U.S.C. Ch. 44 ................................................................... 1

**Other Authorities**

Antonin Scalia & Bryan A. Garner,
   *Reading Law: The Interpretation of Legal Texts* 152 (2012)................................. 8, 9

Omnibus Crime Control and Safe Streets Act of 1968,
   Pub. L. No. 90-351, § 1202(a), 82 Stat. 197 (1968) ..................................................... 6

The Firearm Owners Protection Act,
   Pub. L. No. 99-308, §§ 102(6)(D), 104(b), 100 Stat. 449, 452, 459 (1986)................. 6

**Regulations**

27 C.F.R. § 478.11 ............................................................................................................ 2

Definition of 'Engaged in the Business' as a Dealer in Firearms,
   89 Fed. Reg. 28,968 (Apr. 19, 2024) ............................................................. 1, 2, 3, 7

## INTEREST OF AMICI[1]

Amici are 21 Members of Congress:

- Representative Jodey C. Arrington represents the 19th Congressional District of Texas.

- Representative Brian Babin, D.D.S represents the 36th Congressional District of Texas.

- Representative Michael Burgess, M.D. represents the 26th Congressional District of Texas.

- Representative Michael Cloud represents the 27th Congressional District of Texas.

- Representative Dan Crenshaw represents the 2nd Congressional District of Texas.

- Representative Jake Ellzey represents the 6th Congressional District of Texas.

- Representative Pat Fallon represents the 4th Congressional District of Texas.

- Representative Tony Gonzales represents the 24th Congressional District of Texas.

- Representative Lance Gooden represents the 5th Congressional District of Texas.

---

[1] All parties consented in writing to the filing of this brief, no party's counsel authored this brief in part or in whole, and no person other than amici and their counsel made any monetary contribution to fund its preparation or submission. All amici are individuals, thus no amici have a parent corporation and no publicly held company owns 10% or more of their stock.

- Representative Wesley Hunt represents the 38th Congressional District of Texas.

- Representative Ronny Jackson represents the 13th Congressional District of Texas.

- Representative Morgan Luttrell represents the 8th Congressional District of Texas.

- Representative Nathaniel Moran represents the 1st Congressional District of Texas.

- Representative Troy Nehls represents the 22nd Congressional District of Texas.

- Representative August Pfluger represents the 11th Congressional District of Texas.

- Representative Chip Roy represents the 21st Congressional District of Texas.

- Representative Keith Self represents the 3rd Congressional District of Texas.

- Representative Pete Sessions represents the 17th Congressional District of Texas.

- Representative Beth Van Duyne represents the 24th Congressional District of Texas.

- Representative Randy Weber represents the 14th Congressional District of Texas.

- Representative Roger Williams represents the 25th Congressional District of Texas.

This case involves whether the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) properly implemented the Gun Control Act. As Members of Congress, amici have a strong interest in ensuring that federal agencies follow the text of Congressional enactments. This is particularly relevant when, as here, the statute contains a jurisdictional element to ensure the statute is consistent with Congress's enumerated powers. Amici take seriously their duty to enact legislation only if it fits within the Constitution's limited enumerated powers. Amici expect administrative agencies will do the same when they implement those statutes.

## INTRODUCTION

Plaintiffs argue the final rule titled "Definition of 'Engaged in the Business' as a Dealer in Firearms," 89 Fed. Reg. 28,968 (Apr. 19, 2024) ("Final Rule") is not consistent with the statutory framework of the Gun Control Act (GCA), 18 U.S.C. ch. 44. This Court entered a preliminary injunction, finding the Final Rule likely violates the Administrative Procedure Act (APA) because the agency expanded the statutory definitions to cover (1) a single firearm transaction; (2) a transaction with no proof of profit motive; and (3) exclude from the safe-harbor provision a firearm purchased for personal protection. Dkt. No. 70 at 15–19.

While amici agree with these holdings, amici seek to advance an additional argument: the constitutional avoidance canon requires limiting the Final Rule's application to avoid difficult constitutional questions. That is, applying the Final Rule to purely intrastate firearm transactions could violate the interstate commerce clause. Furthermore, the GCA's plain text does not regulate purely *intrastate* dealing in firearms. That is because the GCA only requires a license for dealing firearms "in interstate or foreign commerce," not for activities that substantially affect commerce. 18 U.S.C. § 922(a)(1)(A). Amici present this additional argument to support Plaintiffs' motion for summary judgment. Dkt. No. 82.

## ARGUMENT

I. **The Court should invoke the constitutional avoidance canon because the Final Rule's application to purely intrastate firearm transaction raises difficult constitutional questions.**

The Final Rule expands the definition of firearm "dealer" to include any person that engages in the business of selling firearms "wherever, or through whatever

1

medium, they are conducted" including at an "auction house," "at one's home," or "at any other domestic or international public or private marketplace or premises." 89 Fed. Reg. 28,968, 29,090 (Apr. 19, 2024) (to be codified at 27 C.F.R. § 478.11). "Even a single firearm transaction" can be enough for a person to be engaged in the business of dealing firearms. *Id.* at 28,976. None of these definitions are conditioned on the firearm transaction occurring in interstate commerce. That means the federal government could regulate purely intrastate firearm transactions between next door neighbors—even transactions "at one's home." *Id.* at 29,090. Such a reading raises difficult constitutional questions.

The Supreme Court has invoked the constitutional avoidance canon to choose an alternate reading of a statute "where an otherwise acceptable construction of a statute would raise serious constitutional problems," *Pub. Citizen v. United States Dep't of Justice*, 491 U.S. 440, 466 (1989), or where an agency interpretation "raises difficult questions about the ultimate scope of that power." *Rapanos v. United States*, 547 U.S. 715, 738 (2006) (plurality opinion of Scalia, J.). This is especially true "[w]here an administrative interpretation of a statute invokes the outer limits of Congress' power, we expect a clear indication that Congress intended that result." *Solid Waste Agency v. United States Army Corps of Eng'rs*, 531 U.S. 159, 172 (2001).

Regulating purely intrastate firearms transactions—if within Congress's power at all—is certainly at the "outer limits of Congress' power." *Id.* As Members of Congress, we agree with the Supreme Court's "assumption that Congress does not casually authorize administrative agencies to interpret a statute to push the limit of

2

congressional authority." *Id.* at 172–73. Allowing Congress to regulate purely intrastate firearms transactions would transform "the Commerce Clause to a general police power of the sort retained by the States." *United States v. Lopez*, 514 U.S. 549, 567 (1995). The *Lopez* court explicitly rejected this sort of federal police power. This concern is heightened when "the administrative interpretation alters the federal-state framework by permitting federal encroachment upon a traditional state power." *Solid Waste Agency*, 531 U.S. at 173.

Not only does the Final Rule regulate purely intrastate firearm transactions, it seeks to regulate private sales "wherever, or through whatever medium, they are conducted." Final Rule, 89 Fed. Reg. 28,968, 29,090 (Apr. 19, 2024) (to be codified at 27 C.F.R. § 478.11). This sweeping declaration of federal authority over firearm transactions has never before been asserted. *See NFIB v. Sebelius*, 567 U.S. 519, 549 (2012) ("sometimes the most telling indication of a severe constitutional problem is the lack of historical precedent" (cleaned up)).[2] If the federal government can reach intrastate, private firearm transactions under the commerce clause, it is hard to imagine any economic exchange that would be outside Congress's power.

To invoke the constitutional avoidance cannon, the Court need not find that regulating intrastate firearm transfers is definitely beyond Congress's commerce powers. Instead, the Court only need recognize that asserting such power (1) "raises

---

[2] In arguing that the Final Rule violates the Second Amendment, Plaintiffs make a similar argument: that the federal government has never before regulated private, noncommercial firearm sales. Dkt. No. 83 at 42–43. Although Plaintiffs did not bring a commerce clause challenge, Plaintiffs do not concede that the federal government has the power to regulate commercial firearm sales absent a nexus to interstate commerce. *Id.* at 43 n.44.

difficult [constitutional] questions," *Rapanos*, 547 U.S. at 738 (plurality opinion of Scalia, J.); (2) the GCA lacks "a clear indication that Congress intended that result," *Solid Waste Agency*, 531 U.S. at 172; and (3) that an alternate "construction of the statute is fairly possible," *Pub. Citizen*, 491 U.S. at 465. Applying 18 U.S.C. § 922(a)(1)(A) to purely intrastate firearm transactions raises a difficult constitutional question as to Congress's interstate commerce and necessary and proper clause powers, Congress did not clearly authorize ATF to "push the limit of congressional authority," and the GCA can be plausibly read to exclude purely intrastate firearm transactions.

## II.  The GCA can be plausibly read to exclude purely intrastate firearm transactions.

Using the traditional tools of statutory interpretation, it is "fairly possible" to read 18 U.S.C. § 922(a)(1)(A) to not cover purely intrastate firearm transactions. Following the Supreme Court's decision in *Loper Bright*, "courts decide legal questions by applying their own judgment" without deferring to the agency. *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2249 (2024). The Fifth Circuit recently clarified that "arbitrary and capricious" and "not in accordance with law" claims are "two separate and independent grounds" to challenge agency action. *Rest. Law Ctr. v. United States DOL*, No. 23-50562, 2024 U.S. App. LEXIS 21449, at *28 (5th Cir. Aug. 23, 2024). Thus, an agency action can be "not in accordance with law" without determining whether it is also "arbitrary and capricious." Plaintiffs in this case sufficiently alleged both of these claims. Pls.' Compl. ¶ 176–182 (Count 2). Amici

argue that the Final Rule is not in accordance with law because it implicates the constitutional avoidance cannon.[3] *See id*. ¶ 182.

A.  The Final Rule's application to intrastate firearm transactions is not in accordance with law.

"As usual, [courts] start with the statutory text." *Tanzin v. Tanvir*, 592 U.S. 43, 46 (2020). The GCA makes it unlawful for a person to "engage in the business of . . . dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce" without a license. 18 U.S.C. § 922(a)(1)(A). The GCA defines "in interstate or foreign commerce" as:

> commerce between any place in a State and any place outside of that State, or within any possession of the United States (not including the Canal Zone) or the District of Columbia, but such term does not include commerce between places within the same State but through any place outside of that State.

18 U.S.C. § 921(a)(2). In other words, the GCA only requires a license for dealing firearms "between any place in a State and any place outside of that State" and specifically excludes "commerce between places within the same State," even if travel through another state is incidentally involved. *Id*.

This definition aligns with the Supreme Court's interstate commerce clause jurisprudence. The commerce power generally falls within three broad categories: (1) regulating channels of interstate commerce; (2) regulating instrumentalities of interstate commerce; and (3) regulating activities that substantially affect interstate

---

[3] The constitutional avoidance canon is a statutory canon based on prudential concerns. *See Solid Waste Agency*, 531 U.S. at 172. Thus it better fits under the "not in accordance with law" claim rather than the "contrary to constitutional power" claim. *See* Pls.' Compl. ¶ 183–88 (Count 3).

5

commerce. *Gonzales v. Raich*, 545 U.S. 1, 16–17 (2005). Channels of interstate commerce involve the highways, waterways, and airways used to transport goods and people in interstate commerce. *Perez* v. *United States,* 402 U.S. 146, 150 (1971). Instrumentalities of interstate commerce are the things that are moving in interstate commerce, such as people and goods, and the automobiles, boats, or airplanes that move them. *Id*. Purely intrastate activities can only be reached by the "substantial effects" test, which comes from the necessary and proper clause. *Terkel v. CDC*, 521 F. Supp. 3d 662, 671 (E.D. Tex. 2021) (citing *United States v. Whaley*, 577 F.3d 254, 258, 260 (5th Cir. 2009)). In 18 U.S.C. § 922(a)(1)(A) Congress only invoked its power to regulate channels and instrumentalities of commerce. It did not invoke its power to regulate purely intrastate activities that substantially affect commerce.

The Supreme Court's *Scarborough* decision bolsters this conclusion. *Scarborough v. United States*, 431 U.S. 563 (1977). In *Scarborough* the defendant was convicted of being a felon in possession of a firearm. That particular statute prohibited a felon from possessing a firearm "in or affecting commerce." *See id*. at 564; Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, § 1202(a), 82 Stat. 197, 236 (1968).[4] The defendant argued that a firearm's previous travel in interstate commerce did not meet the statutory (not constitutional) interstate commerce nexus. *Scarborough*, 431 U.S. at 564.

---

[4] The Firearm Owners Protection Act (FOPA) moved the felon in possession law to 18 U.S.C. § 922(g) and repealed § 1202(a) of the Omnibus Crime Control and Safe Streets Act. Pub. L. No. 99-308, §§ 102(6)(D), 104(b), 100 Stat. 449, 452, 459 (1986). Prior to the FOPA amendments, 18 U.S.C. § 922(g) only prohibited felons from shipping or transporting a firearm in interstate commerce. *See id*. § 102(6)(D).

The Court held that the statute's phrase "affecting commerce" was sufficient to invoke Congress's full commerce powers because "Congress is aware of the 'distinction between legislation limited to activities "in commerce" and an assertion of its full Commerce Clause power so as to cover all activity substantially affecting interstate commerce.'" *Id.* at 571 (quoting *United States v. American Bldg. Maintenance Industries*, 422 U.S. 271, 280 (1975)). Indeed, as Members of Congress, amici ensure that legislation is properly grounded in Congress's enumerated powers.

*Scarborough*'s holding provides a plausible reading that avoids the constitutional question. Congress did not use the phrase "in or affecting commerce" in 18 U.S.C. § 922(a)(1)(A). That means it is more than plausible to read § 922(a)(1)(A) as excluding purely intrastate firearm transactions. Congress did not invoke its full Commerce Clause power (supplemented by the Necessary and Proper clause) to regulate intrastate activities that have a substantial effect on interstate commerce. No Supreme Court or Fifth Circuit precedent has applied 18 U.S.C. § 922(a)(1)(A) to purely intrastate firearm transactions.[5] Therefore, based on the statute's plain meaning and in light of *Scarborough*, 18 U.S.C. § 922(a)(1)(A) can be plausibly read to exclude intrastate dealing in firearms. That means the Final Rule cannot permissibly reach "[e]ven a single firearm transaction" that is conducted "at one's home." Final Rule, 89 Fed. Reg. 28,968, 28,976, 29,090 (Apr. 19, 2024).

---

[5] *But cf.* Escobedo v. Ace Gathering, Inc., 109 F.4th 831 (5th Cir. 2024). In *Escobedo*, the Fifth Circuit ignored the Motor Carrier Act's definition of "interstate commerce" as "transportation between a place in a State and a place in another State" because prior precedent held the statute covered intrastate transportation of goods that were bound for out of state destinations. *Id.* at 834–35. No such precedent exists for 18 U.S.C. § 922(a)(1)(A).

B.    <u>The interstate commerce jurisdictional element applies to the entire subparagraph.</u>

The government may try to argue that 18 U.S.C. § 922(a)(1)(A)'s "in interstate or foreign commerce" element only conditions the phrase "ship, transport, or receive any firearm" not "dealing in firearms." But this is not a plausible reading that avoids difficult constitutional questions.[6] Instead, this reading conflicts with the traditional canons of statutory construction and raises additional constitutional questions.

The rule of the last antecedent directs courts to apply conditional phrases only to the last antecedent. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 330 (1993). But courts do not apply this rule when there is a more reasonable reading. *Id.* at 331. Here, strictly applying the last antecedent rule would mean that "in interstate or foreign commerce" only applies to "receiv[ing]" a firearm, not shipping or transporting a firearm. It makes little sense to require "receiv[ing]" a firearm be in interstate commerce, but that shipping or transporting a firearm applies to in intrastate commerce. That is why the rule of the last antecedent typically applies only when there is a pronoun, given that "[s]trictly speaking, only pronouns have antecedents." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 152 (2012). 18 U.S.C. § 922(a)(1)(A) does not use any pronouns.

Instead, the nearest reasonable referent rule applies. *See id.*; *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1111 (11th Cir. 2016). The nearest

---

[6] Indeed, separating "dealing in firearms" from an interstate jurisdictional element could raise new constitutional questions. Lacking a jurisdictional element is one of the four factors courts use to determine that an activity does not have a substantial effect on interstate commerce. *United States v. Morrison*, 529 U.S. 598, 611–12 (2000).

reasonable referent rule looks to the relevant "adjectives, adverbs, and adverbial or adjectival phrases" in the statute. Scalia & Garner, *supra*, at 152. In § 922(a)(1)(A) the scope of the subparagraph (and of the Final Rule) comes from the adjectival phrase "engage in the business . . . of dealing in firearms." Thus the nearest reasonable referent for "in interstate or foreign commerce" is "engage in the business . . . of dealing in firearms." Quite naturally, that means § 922(a)(1)(A) only applies to persons who "engage in the business . . . of dealing in firearms . . . in interstate or foreign commerce." That is the best reading of the statute. *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2266 (2024) ("In the business of statutory interpretation, if it is not the best, it is not permissible.").

Putting this all together, a plausible reading of 18 U.S.C. § 922(a)(1)(A) that avoids difficult constitutional questions—indeed, the best reading of that statute—excludes purely intrastate firearm transactions. Under this reading, § 922(a)(1)(A) only applies to persons who "engage in the business . . . of dealing in firearms . . . in interstate or foreign commerce."

## CONCLUSION

The Final Rule's application to purely intrastate firearm transactions raises difficult constitutional questions about the scope of the interstate commerce clause. There is a plausible reading of the GCA—excluding purely intrastate firearm transactions from "dealing in firearms"—that avoids that difficult question. For that reason, the Final Rule is not in accordance with law and should be vacated.

Dated: October 30, 2024

Respectfully submitted,

/s/ *Eric Heigis*

ROBERT HENNEKE
Texas Bar. No. 24026058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar. No. 24076767
cweldon@texaspolicy.com
ERIC HEIGIS
Virginia Bar No. 98221
eheigis@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:   (512) 472-2700
Facsimile:   (512) 472-2728

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

STATE OF TEXAS, ET AL.

     *Plaintiffs,*

     v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, ET AL.

     *Defendants*

Case No. 2:24-CV-00089-Z

---

## [PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF ON BEHALF OF 21 MEMBERS OF CONGRESS

Before the Court is a motion for leave to file an amicus curiae brief on behalf of 21 Members of Congress. ECF No. __. Amici represent that no party opposes the filing of the brief. For the reasons stated in the motion, the motion is GRANTED. The amicus brief, attached to the motion as Exhibit A, is deemed FILED.

So ordered this ____ day of _____, 2024.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE