UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, <br><br> Defendants. | Case No. 2:24-cv-00089-Z |

## DEFENDANTS' OPPOSED MOTION FOR STAY

Defendants respectfully request that the Court stay this case, including staying all deadlines on pending motions. Defendants further request that the Court rule on this Motion before March 3, 2025, the next deadline for a substantive filing under the current schedule in this case. *See* ECF No. 113. The parties have conferred and Plaintiffs oppose the requested relief.

In this case, Plaintiffs challenge the lawfulness of a 2024 rule promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Final Rule, Definition of "Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28,968 (Apr. 19, 2024) ("Rule"). The parties have fully briefed cross-motions for summary judgment, which remain pending at this time. *See* ECF Nos. 82-83, 89-90, 94-95. On January 16, 2025, multiple potential intervenors moved to intervene, ECF No. 97, and Defendants' response to that motion is currently due by March 3, 2025, ECF No. 113.

Following a change in administration, President Trump issued an Executive Order on February 7, 2025, titled *Protecting Second Amendment Rights*.[1] Exec. Order No. 14206, 90 Fed. Reg. 9503

---

[1] *See also* President Donald J. Trump, *Presidential Actions: Protecting Second Amendment Rights* (Feb. 7, 2025),
https://www.whitehouse.gov/presidential-actions/2025/02/protecting-secondamendment-rights.

1

(Feb. 12, 2025). Among other things, the Order directs the Attorney General to "examine" various "actions of executive departments and agencies" to "assess any ongoing infringements of the Second Amendment rights of our citizens, and present a proposed plan of action to the President, through the Domestic Policy Advisor, to protect the Second Amendment rights of all Americans." *Id.* § 2(a). And the Order specifically directs the Attorney General, as part of that process, to review all "[r]ules promulgated by the Department of Justice, by [ATF], from January 2021 through January 2025, pertaining to firearms and/or Federal firearms licensees." *Id.* § 2(b)(ii).

In light of that development, Defendants respectfully request that the Court stay this case, including staying all deadlines on pending motions, and that the Court rule on this Motion before Defendants' March 3, 2025 response deadline. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A stay here will conserve party and judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that litigation is focused on enduring agency action and informed by the views of current agency leadership. The government respectfully proposes to update the Court with status reports every 60 days.

For the foregoing reasons, the Court should grant this Motion, stay this case, and direct Defendants to file a status report within 60 days.

Dated: February 19, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

2

ANDREW I. WARDEN
Assistant Director, Federal Programs Branch

*/s/ Keri L. Berman*
KERI L. BERMAN
JEREMY S.B. NEWMAN
ZACHARY W. SHERWOOD
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-7538
Fax: (202) 616-8470
Email: keri.l.berman@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF CONFERENCE**

Undersigned counsel, along with counsel for the Defendants Jeremy Newman and Zachary Sherwood, met and conferred with counsel for Plaintiffs, Garrett Greene, Rob Olson, and Steven Stamboulieh, on February 13, 2025. Plaintiffs' counsel opposed a delay in the resolution of pending motions, notwithstanding the change in circumstances relayed above, and therefore an agreement could not be reached.

*/s/ Keri L. Berman*
Keri L. Berman

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2025, the foregoing document was served on all parties

of record by operation of the Court's ECF system.

*/s/ Keri L. Berman*
Keri L. Berman