UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE,<br>*Plaintiffs*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,<br>*Defendants*. | CIVIL ACTION NO.2:24-CV-00089-Z |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR STAY**

A change in presidential administrations does not change an unlawful rule. The Administrative Procedure Act (APA) requires that the Rule be set aside. 5 U.S.C § 706; ECF No. 94 at 58–59. Cross-motions for summary judgment are fully briefed, and this case is ripe for a judgment. *See* ECF Nos. 82–83, 89–90, 94–95. Despite this, and after litigating the case for more than nine months, Defendants now ask this Court for a stay of the proceedings. *See* ECF No. 128 (motion). But Defendants' barebones motion fails to come close to the kind of "clear case of hardship or inequity," *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), that calls for a stay. Rather, hidden behind the boilerplate ask that "a stay here will conserve party and judicial resources," ECF No. 128 at 2, what Defendants really seek is a way to avoid a ruling from this Court. For that reason, this Court should deny the motion.

1

# ARGUMENT

"[T]he *moving party bears a heavy burden* to show why a stay should be granted absent statutory authorization." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985) (citation omitted, emphasis added). "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Id.* In other words, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, *if there is even a fair possibility that the stay for which he prays will work damage to some one else*." *Landis*, 299 U.S. at 255 (emphasis added).

*Landis* sets out three competing interests courts must weigh in deciding to grant a stay: (1) the "possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 482 (N.D. Tex. 2016) (citations omitted). Every factor weighs against Defendants.

I. **There is at least a fair possibility that a stay here will harm Plaintiffs and law-abiding gun owners across the country.**

To say there is a "fair possibility" that a stay here will work damage to "*some one else*" is an understatement. *Landis*, 299 U.S. at 255 (emphasis added). While Plaintiffs here have the benefit of a standing preliminary injunction against the unlawful Rule, millions of law-abiding gun owners do not. This includes the citizens of 46 states not covered by this Court's injunction. The injury to these individuals is happening now, for reasons this Court has already recognized, *see generally* ECF No. 70, but would stop if the Rule is vacated. Even setting that aside, Plaintiffs are still at risk from the Rule notwithstanding the preliminary injunction entered by this Court. Tellingly, Defendants have not withdrawn their interlocutory appeal hoping to reverse this Court's preliminary injunction. *See* No. 24-10612 (5th Cir.). So, the Rule remains a "sword of Damocles" waiting to bear down on Plaintiffs at any time. *See Iowa League of Cities v. EPA*, 711 F.3d 844, 867 (8th Cir. 2013).

Moreover, this Court's injunction runs against an agency that has a questionable history of compliance with injunctive relief. Just weeks ago, ATF took the position that it could still enforce the substantive provisions of its Final Rule 2021-08F on "pistol stabilizing braces," even though that Rule has been enjoined by multiple courts within this Circuit, and vacated by a judge within this district. *See, e.g.*, *Texas v. BATFE*, 700 F. Supp. 3d 556 (S.D. Tex. 2023); *Watterson v. BATFE*, 2023 U.S. Dist. LEXIS 183109 (E.D. Tex. June 7, 2023); *Britto v. BATFE*, 2023 U.S. Dist. LEXIS 200933 (N.D. Tex. Nov. 8, 2023); *Mock v. Garland*, 2024 U.S. Dist. LEXIS 105230 (N.D. Tex. June 13, 2024); *see also Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023). Nevertheless, ATF advanced the theory that the courts' orders merely prohibit it from enforcing *the Rule*, leaving ATF free to enforce *the statute*, even under the very same theories as advanced in the Rule.[1] Thus, Plaintiffs need the permanent relief that a favorable final judgment would offer against ATF's engaged in the business Rule here.

## II. Neither a change in presidential administration nor the fact that Defendants must keep litigating a case are hardships that necessitate a stay under *Landis*.

Because there is more than a "fair possibility" that a stay here will work damage to countless law-abiding gun owners who are subject to civil and criminal penalties stemming from the unlawful Rule, Defendants must "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. They have not done so. Rather, Defendants point to an Executive Order issued by the current Administration directing the Attorney General to review all "[r]ules promulgated by the Department of Justice, by [ATF], from January 2021 through January 2025, pertaining to firearms and/or Federal firearms licensees." ECF No. 128 at 2 (citing Exec. Order No. 14206, §2 (b)(ii), 90 Fed. Reg. 9503 (Feb. 12, 2025)). Without further explanation, Defendants claim a "stay here will conserve party and judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that litigation is focused on enduring agency action and informed by the views of current agency leadership." ECF No. 128 at 2.

---

[1] https://www.gunowners.org/wp-content/uploads/ATF-Email-to-GOA-Member.pdf.

3

But Defendants can conduct their review of the Rule even as this case goes forward. If the Court vacates the Rule, Defendants would have the benefit of the Court's decision to guide any future rulemaking. Even if the Court were to uphold the Rule, Defendants can revisit it based on their inherent authority to reconsider rulemakings. In any event, needing to evaluate litigation positions because of an incoming administration is not the kind of "clear case of hardship or inequity," *Landis*, 299 U.S. at 255, that necessitates a stay. *See Citizens for Clean Energy v. U.S. Dep't of the Int.*, No. 4:17-CV-00030-BMM, 2021 WL 2857046, at *2 (D. Mont. June 3, 2021) (denying request for a stay by defendant Department of Justice despite argument from defendant that "a temporary stay would provide time for the new administration to continue to review" the challenged policy).

Defendants' boilerplate claim that a stay will preserve judicial resources fares no better. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983) ("[T]he consideration of judicial economy . . . should rarely if ever lead to such broad curtailment of the access to the courts [by way of stay of proceedings]."); *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003) ("[T]he interests of efficiency and judicial economy . . . [do not] establish a 'clear case of hardship' [under *Landis*]."); *cf. Payne v. Universal Recovery, Inc.*, No. 3:11-CV-1672-D-BH, 2011 WL 7415414, at *2–3 (N.D. Tex. Dec. 7, 2011), *report and recommendation adopted*, No. 3:11-CV-1672-D, 2012 WL 593483 (N.D. Tex. Feb. 17, 2012) (denying motion for stay pending appeal because "[a]side from his general assertion of judicial economy . . . Plaintiff has failed to show a genuine necessity for the proposed stay").

Nor is it a hardship for Defendants to simply keep defending the Rule. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). That rings even more true here, where summary judgment briefing is complete, and all Defendants must do is rest on their papers until there is a judgment.

Even assuming Defendants' continued defense of the Rule was a hardship under *Landis* (it is not), their motion provides this Court with a vague and indefinite timeline for any ongoing review

4

of the Rule. ECF No. 128 at 2. But the fact that Defendants may or may not take further administrative action regarding the Rule cannot be a reason to "stave off judicial review." *Sierra Club v. United States Dep't of Transp.*, 125 F.4th 1170, 1180 (D.C. Cir. 2025) (quoting *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012)). If Defendants' vague arguments here are enough for the indefinite stay they seek—especially when summary judgment briefing is complete, "a savvy agency could perpetually dodge review." *Sierra Club*, 125 F.4th at 1180 (quoting *Am. Petroleum Inst.*, 683 F.3d at 388); *cf. Am. Petroleum Inst. v. EPA*, 906 F.2d 729, 739–40 (D.C. Cir. 1990) ("If the possibility of unforeseen amendments were sufficient to render an otherwise fit challenge unripe, review could be deferred indefinitely."). But that is not the case. Defendants must show a clear case of hardship. Since they have failed to do so, this Court should deny their motion.

### III. A stay here would not benefit the orderly course of justice, but would likely only delay and overcomplicate a case that is ripe for judgment.

Lastly, Defendants have not shown a stay will promote "economy of time and effort for [the Court], for counsel, and for litigants." *Landis*, 299 U.S. at 254. To the contrary, a stay will likely complicate and protract litigation over the Rule, rather than simplify it. Indeed, a stay here risks perpetual delay, miring this case in a cycle of administrative review and litigation that could extend across years. Even if Defendants review the Rule, and even if that review leads to a subsequent replacement or repeal of the Rule, that process is not a quick one. Because the challenged Rule was promulgated through notice-and-comment rulemaking, the only way it could be repealed is through use of that same procedure. *See Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92, 101 (2015) (holding that the APA's definition of "rule making" requires agencies to "use the same procedures when they amend or repeal a rule as they used to issue the rule in the first instance"). This process— entailing proposal, public comment, and finalization—by its nature will span many months or years. Consider, for example, the past administration's order to crack down on pistol stabilizing braces,[2]

---

[2] *FACT SHEET: Biden-Harris Administration Announces Initial Actions to Address the Gun Violence Public Health Epidemic*, White House (Apr. 7, 2021), https://tinyurl.com/59s829wc.

5

which was issued nearly two years before a subsequent ATF final rule took effect.[3] Similarly, the prior administrations' order to regulate unfinished, incomplete frames and receivers as "firearms" took more than a year to implement.[4] And again, here no such decision to engage in further rulemaking has even been made, so it is entirely unclear how long Defendants' requested stay would last.

But *Landis* warns against such indefinite stays. There, the Court reversed a stay that risked lasting a year or more, deeming it "immoderate and hence unlawful" because it failed to balance the movant's burden against the harm to others. *Landis*, 299 U.S. at 257. Similarly, in *Pascua Yaqui Tribe v. EPA*, the district court denied a stay of litigation challenging EPA rules, finding in part that the agencies' vague promise of review under a new executive order offered no timeline or commitment to action, just "speculation," leaving the case—and the plaintiffs' interests—perpetually in limbo. *See* Order Denying Motion to Hold Case in Abeyance for 90 Days at 4, *Pasqua Yaqui Tribe, et al. v. EPA*, No. 4:20-cv-00266-RM (D. Ariz. Apr. 12, 2021); *see also Citizens for Clean Energy*, 2021 WL 2857046, at *2 ("Federal Defendants failed to provide a timeline for the . . . federal review process . . . [p]olicy change will take yet more time. Hardship and inequity appear to fall on Plaintiffs should the Court grant a stay.").

Further, the APA's notice-and-comment requirement ensures that any repeal would not end the matter, as repeal would almost certainly provoke fresh litigation from supporters of the existing Rule, mirroring the protracted cycles of challenges that have plagued prior ATF rulemaking efforts. Supporters of the 2024 Rule—such as gun control advocates and the proposed intervenors in this case, could challenge a repeal or replacement as arbitrary and capricious, just as Plaintiffs have challenged the Rule's promulgation, perpetuating the litigation cycle while potentially keeping the current Rule in effect for the millions of others who are suffering from its

---

[3] Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6478 (Jan. 31, 2023), https://tinyurl.com/mmbsu2pp.
[4] Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24652 (Apr. 26, 2021), https://tinyurl.com/376wxn35.

effects since this Court's preliminary injunction is limited to the Plaintiffs in this case. *See generally Kansas, et al. v. ATF*, No. 6:24-cv-01086, ECF No. 164 (D. Kan. July 10, 2024).

For example, in *Secular Student Alliance v. U.S. Department of Education*, 1:21-cv-00169-ABJ (D.D.C.), the Department of Education asked in March 2021 to stay a case challenging a rule because President Biden had won the election. Sixteen status reports and almost four years later no rule change had occurred, and the Court finally proceeded in the case. *See id.*, ECF No. 61 at 1–3. Simply put, a stay here will suspend adjudication of a fully briefed case, about a Rule that this Court has found "substantially likely" to be unlawful (ECF No. 70 at 19), while the agency conducts an indefinite and undefined review, only to face inevitable APA rulemaking and litigation thereafter. In other words, a stay would not streamline this case, but would prolong it, undermining the "just, speedy, and inexpensive determination" of this matter. Fed. R. Civ. P. 1.

In the end, Defendants fall far short of their burden showing a stay is warranted. A stay risks entrenching this case in a quagmire of administrative process and serial litigation when it is now on the cusp of resolution. Beyond that, Defendants bear the burden showing a stay is necessary under *Landis*, a burden they were no doubt aware of when they filed their motion. After all, they cited *Landis*. See ECF No. 128 at 2. Because Defendants failed to meet their burden in their motion, any new arguments raised by Defendants in a reply claiming that they have met their burden under *Landis* are waived. *See Mid-Continent Cas. Co. v. Eland Energy, Inc.*, No. CIV.A.3:06CV1576-D, 2008 WL 80760, at *3 (N.D. Tex. Jan. 8, 2008) (explaining that "this court has repeatedly held that it will not consider arguments raised for the first time in reply"). Also, Defendants may argue that some of the State Plaintiffs have agreed to stays in other matters in the past couple of months. To be sure, that is true. But like most things in the law, those considerations are fact-dependent. And the fact of *this* matter is that *this* case is ripe for judgment. So here, both the procedural posture of this case and the failure of Defendants to meet their burden under *Landis*, along with the very real risk of continued harm to Plaintiffs and other gun owners, counsel against this Court using its discretion to stay these proceedings.


## CONCLUSION

Because Defendants have not met their heavy burden showing this case should "depart[] from the beaten track," *Landis*, 299 U.S. at 256, Plaintiffs ask the Court to deny Defendants' motion.

Date: February 25, 2025

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN D. WALTERS**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division

Respectfully submitted.

**Kathleen T. Hunker**
Deputy Chief, Special Litigation Division
Texas Bar No. 24118415
Kathleen.Hunker@oag.texas.gov

*/s/Garrett Greene*
**Garrett Greene**
Special Counsel
Texas Bar No. 24096217
Garrett.Greene@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
kathleen.hunker@oag.texas.gov
garrett.greene@oag.texas.gov

**COUNSEL FOR PLAINTIFF STATE OF TEXAS**

**LYNN FITCH**
Attorney General of Mississippi

*/s/Justin L. Matheny*
**JUSTIN L. MATHENY** (MS Bar 100754)
Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL
P.O Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
Fax: (601) 359-2003
justin.matheny@ago.ms.gov

**COUNSEL FOR PLAINTIFF STATE OF MISSISSIPPI**

**LIZ MURRILL**
  ATTORNEY GENERAL OF LOUISIANA

*/s/ Kelsey L. Smith*
**KELSEY L. SMITH**
  *Deputy Solicitor General*
Texas Bar No. 24117070
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, LA 70804
(225) 428-7432
smithkel@ag.louisiana.gov
*Counsel for State of Louisiana*

**COUNSEL FOR PLAINTIFF STATE OF LOUISIANA**

9

| | |
|---|---|
| **SEAN D. REYES**<br>Utah Attorney General<br>*/S/ Andrew Dymek*<br>**ANDREW DYMEK**<br>Assistant Solicitor General<br><br>**UTAH OFFICE OF THE ATTORNEY GENERAL**<br>350 North State Street, #230<br>P.O. Box 142320<br>Salt Lake City, Ut 84114-2320<br>Tel.: 801-366-0533<br>adymek@agutah.gov<br><br>**COUNSEL FOR PLAINTIFF STATE OF UTAH** | */s/ Stephen D. Stamboulieh*<br>**STEPHEN D. STAMBOULIEH**<br>**STAMBOULIEH LAW, PLLC**<br>NDTX#: 102784MS<br>MS Bar No. 102784<br>P.O. Box 428<br>Olive Branch, MS 38654<br>(601) 852-3440<br>stephen@sdslaw.us<br><br>**COUNSEL FOR JEFFERY W. TORMEY, GUN OWNERS OF AMERICA, GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, AND VIRGINIA CITIZENS DEFENSE LEAGUE** |
| */s/ John I. Harris III*<br>**JOHN I. HARRIS III (TN # 12099)**<br>**SCHULMAN, LEROY & BENNETT PC**<br>3310 West End Avenue, Suite 460<br>Nashville, Tennessee 37203<br>(615) 244 6670 Ext. 111<br>Fax (615) 254-5407<br>jharris@slblawfirm.com<br><br>**COUNSEL for JEFFERY W. TORMEY, GUN OWNERS OF AMERICA, GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, AND VIRGINIA CITIZENS DEFENSE LEAGUE** | */s/ Brandon W. Barnett*<br>**BRANDON W. BARNETT**<br>Texas Bar No. 24053088<br>**BARNETT HOWARD & WILLIAMS PLLC**<br>930 W. 1st St., Suite 202<br>Fort Worth, Texas 76102<br>817-993-9249 (T)<br>817-697-4388 (F)<br>barnett@bhwlawfirm.com<br><br>**LOCAL COUNSEL FOR COUNSEL FOR JEFFERY W. TORMEY, GUN OWNERS OF AMERICA, GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, AND VIRGINIA CITIZENS DEFENSE LEAGUE** |

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on February 25, 2025 and that all counsel of record were served by CM/ECF.

*/s/Garrett Greene*
Garrett Greene