IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | |
| Plaintiffs, | |
| v. | 2:24-CV-089-Z |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is Defendants' Opposed Motion for Stay, filed February 19, 2025 ("Motion"). ECF No. 128. Having reviewed the arguments, applicable caselaw, and underlying facts, the Court **DENIES** Defendants' Motion.

**BACKGROUND**

In the instant case, Plaintiffs challenge a final rule promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). ECF No. 1 at 2. Plaintiffs and Defendants have filed cross-motions for summary judgment with the Court. ECF Nos. 82, 89. Since that time, numerous potential intervenors have filed a motion to intervene; Defendants are currently required to respond to that motion on or before March 3, 2025. ECF Nos. 97, 113.

On February 7, 2025, President Trump issued an Executive Order directing the Attorney General to, among other things, "review . . . [r]ules promulgated by the Department of Justice, including by the Bureau of Alcohol, Tobacco, Firearms, and Explosives, from January 2021 through January 2025 pertaining to firearms and/or Federal firearms licensees." Exec. Order No. 14206, 90 Fed. Reg. 9503 (Feb. 12, 2025). Following such review, the Attorney General shall "present a proposed plan of action to the President, through the Domestic Policy Advisor, to protect

the Second Amendment rights of all Americans." *Id.* Defendants filed the instant Motion in light of the President's Executive Order, requesting a stay of all deadlines on pending motions. ECF No. 128 at 2.

### LEGAL STANDARD

A stay is "an exercise of judicial discretion," of which a district court possesses "incident to its power to control its own docket." *Nken v. Holder*, 556 U.S. 418, 433 (2009); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 566 U.S. at 433. The party requesting a stay — the movant — bears the burden of showing why a case's particular circumstances justify an exercise of the court's judicial discretion. *Id.* at 433–34; *Lexos Media IP LLC v. MSC Indus. Direct Co., Inc.*, No. 3:22-CV-1736, 2023 WL 11967299, at *1 (N.D. Tex. Sept. 6, 2023).

### ANALYSIS

Defendants argue that a stay "will conserve party and judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that litigation is focused on enduring agency action and informed by the views of current agency leadership." ECF No. 128 at 2. The Court disagrees that a stay in the instant case is warranted for two reasons. First, the Executive Order relevant to the instant case requires only that the Attorney General *review* rules promulgated by the ATF and *propose* a plan — these actions fail to present any substantial or imminent threat to the instant litigation. Exec. Order No. 14206, 90 Fed. Reg. 9503 (Feb. 12, 2025); *America First Policy Institute v. Donald J. Trump*, No. 2:24-CV-152-Z, ECF Nos. 74, 78 (N.D. Tex. Feb. 20, 2025) (this Court stayed the matter because the challenged Executive Order central to the litigation was expected to, and was, completely withdrawn). Defendants have failed to meet

their burden of showing how mere consideration of the final rule at issue justifies an exercise of the Court's judicial discretion.

Second, a motion to stay filed during the later stages of litigation is not viewed favorably. *Lexos Media*, 2023 WL 11967299, at *5. Here, the case is not in its early stages; there are nearly 130 entries in the ECF docket including cross-motions for summary judgment, numerous *pro hac vice* admissions, intervention motions, and other extensive briefing. *See, e.g.*, ECF Nos. 82, 83, 89, 90, 97, 98, 126, 129. The late stage of the proceedings in this case disfavors a stay.

### CONCLUSION

For the above reasons, the Court **DENIES** Defendants' Motion. The parties shall abide by this Court's Order from January 30, 2025, requiring any oppositions to Proposed Interventors' Intervention Motion (ECF No. 97) to be submitted **on or before March 3, 2025**. ECF No. 113.

**SO ORDERED.**

February 26, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE