## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **STATE OF TEXAS, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF UTAH, JEFFREY W. TORMEY, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, TENNESSEE FIREARMS ASSOCIATION, and VIRGINIA CITIZENS DEFENSE LEAGUE,**<br>        *Plaintiffs,*<br><br>**v.**<br><br>**BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,** *et al.*,<br>        *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-CV-00089-Z |

## PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENORS' MOTION
## TO INTERVENE AS DEFENDANTS

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. ii

Table of Authorities ............................................................................................................ iii

Introduction ......................................................................................................................... 1

Background ........................................................................................................................... 2

Argument .............................................................................................................................. 2

    I.    Proposed Intervenors have no right to intervene because their motion is untimely.............3

    II.    Even assuming the motion was timely, Proposed Intervenors have no right to intervene because they have not rebutted the presumption of adequate representation. ....5

    III.    The Court should deny permissive intervention. ............................................................10

    IV.    In the alternative, if this Court thinks Proposed Intervenors should have any role in this case at all, they can file a timely amicus brief. .......................................................12

Conclusion ........................................................................................................................... 13

Certificate of Service ........................................................................................................... 16

TABLE OF AUTHORITIES

## Cases

*Brackeen v. Zinke*,
    No. 4:17-cv-00868, 2018 WL 10561984, at *3 (N.D. Tex. June 1, 2018) ...................................10

*Brumfield v. Dodd*,
    749 F.3d 339 (5th Cir. 2014)................................................................................................ 8

*Bush v. Viterna*,
    740 F.2d 350 (5th Cir. 1984) (per curiam) ........................................................... 3, 6, 12

*City of Syracuse, NY v. Bureau of Alcohol, Tobacco, Firearms and Explosives*,
    No. 1:20-CV-06885-GHW, 2021 WL 1051625, at *7 (S.D.N.Y. Mar. 19, 2021).........................7

*Cook Cnty., Illinois v. Mayorkas*, 340 F.R.D. 35 (N.D. Ill. 2021),
    *aff'd sub nom. Cook Cnty., Illinois v. Texas*, 37 F.4th 1335 (7th Cir. 2022) .................................. 4

*Corley v. Jackson Police Dep't*,
    755 F.2d 1207 (5th Cir.1985).............................................................................................5

*Edwards v. City of Houston*,
    78 F.3d 983 (5th Cir. 1996) ...............................................................................................5

*Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*,
    817 F.3d 198 (5th Cir. 2016)............................................................................................. 8

*Garland v. Cargill*,
    602 U.S. 406 (2024) ......................................................................................................... 6

*Helt v. Sethi Petroleum, LLC*,
    No. 20-40240, 2022 WL 127977, at *1 (5th Cir. Jan. 13, 2022)....................................... 6

*Hopwood v. State of Tex.*,
    21 F.3d 603 (5th Cir. 1994) (per curiam) ....................................................................... 6

*Kane Cnty. v. United States*,
    928 F.3d 877 (10th Cir. 2019) .......................................................................................... 8

*Kneeland v. NCAA*,
    806 F.2d 1285 (5th Cir. 1987) .....................................................................................6, 10

*Kostovetsky v. Ambit Energy Holdings, LLC*,
    242 F. Supp. 3d 708 (N.D. Ill. 2017) ...............................................................................5

*La Union del Pueblo Entero v. Abbott*,
    No. 5:21-cv-00844, 2021 WL 5410516, at *3 (W.D. Tex. Nov. 16, 2021) ...................................12

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*,
    884 F.2d 185 (5th Cir. 1989) ...........................................................................................7

*Louisiana ex rel. Guste v. Verity*,
  853 F.2d 322 (5th Cir. 1988) ............................................................................. 11

*LULAC v. Clements*,
  884 F.2d 185 (5th Cir. 1989) ............................................................................... 3

*NAACP v. New York*,
  413 U.S. 345 (1973) ............................................................................................ 4

*Nat'l Ass'n for Gun Rights, Inc. v. Garland*,
  741 F. Supp. 3d 568 (N.D. Tex. 2024), appeal docketed,
  No. 24-10707 (5th Cir.  Aug. 1, 2024) ................................................................ 6

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co. (NOPSI)*,
  732 F.2d 452 (5th Cir. 1984) (en banc) ......................................................... 3, 10

*Rotstain v. Mendez*,
  986 F.3d 931 (5th Cir. 2021) ............................................................................. 11

*Sagebrush Rebellion, Inc. v. Watt*,
  713 F.2d 525 (9th Cir. 1983) ............................................................................... 7

*Sec. & Exch. Comm'n v. Chenery Corp.*,
  318 U.S. 80 (1943) ............................................................................................ 11

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) ................................................. 5

*Southmark Corp. v. Cagan*,
  950 F.2d 416 (7th Cir. 1991) ............................................................................... 5

*Staley v. Harris Cnty., Tex.*,
  160 F. App'x 410 (5th Cir. 2005) (per curiam) ................................................. 11

*Stallworth v. Monsanto Co.*,
  558 F.2d 257 (5th Cir. 1977) ........................................................................... 4, 5

*Texas v. DHS (Parole in Place Intervention I)*,
  No. 6:24-CV-00306, 2024 WL 4039580, at *5 (E.D. Tex. Sept. 3, 2024), *aff'd*,
  No. 24-40571, 2024 WL 4404421 (5th Cir. Oct. 4, 2024) ................................. 12

*Texas v. DHS (Parole in Place Intervention II),*
  No. 6:24-cv-00306, 2024 WL 4579540, at*3 (E.D. Tex. Oct. 24, 2024) .................. 9

*Texas v. U.S.*,
  No. 1:18-CV-00068, 2018 WL 11226239, at *1 (S.D. Tex. June 25, 2018) ................ 9

*Texas v. United States (Texas DAPA Intervention)*,
  805 F.3d 653 (5th Cir. 2015) .................................................................. 6, 7, 9, 10

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528  (1972) ............................................................................................ 6

iv

*U.S. v. City of Los Angeles, Cal.*,
  288 F.3d 391 (9th Cir. 2002)..............................................................................7

*U.S. v. Louisiana*,
  90 F.R.D. 358 (E.D. La. 1981), *aff'd*, 669 F.2d 314 (5th Cir. 1982) ...........................9

*Veasey v. Perry*,
  577 F. App'x 261 (5th Cir. 2014)....................................................................... 6

*Walker v. Alta Colls, Inc.*,
  No. 1:09-cv-894, 2011 WL 13269547, at *2 (W.D. Tex. Aug. 10, 2011).......................3

*Wal-Mart Stores, Inc. v. Texas Alcoh. Bev.*,
  834 F.3d 562 (5th Cir. 2016) ............................................................................3

## **Rules & Regulations**

Fed. R. Civ. P. 1 ......................................................................................... 11
Fed. R. Civ. P. 24(a)...................................................................................... 2

## **Other Authorities**

7C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1909 (3d ed.).....6, 10

## INTRODUCTION

Proposed Intervenors waited too long, and now they offer too little. After sitting on the sidelines for months—while summary judgment briefing unfolded and concluded—they now rush to enter this litigation based on a presidential transition that happened weeks ago. Their motion should be denied for at least two reasons: (1) it is untimely, and (2) the Defendants already adequately represent their interests. Consider the timeline. By November 6, 2024, when major news organizations declared President Trump's victory, Proposed Intervenors knew or should have known of any purported risk to their interests. Yet they waited until January 16, 2025—more than two months later—to file this motion. During those two months, the parties completed extensive summary judgment briefing in which Proposed Intervenors might have had the opportunity to participate had their motion been timely.

Proposed Intervenors' claims of inadequate representation fare no better. More than a month after inauguration day, Defendants continue to assert the same defenses, advance the same arguments, and pursue the same strategy they maintained throughout this litigation. Proposed Intervenors point to no specific position Defendants have abandoned or might abandon—only vague conjecture based on campaign statements. The Fifth Circuit has repeatedly rejected such speculation. And when a governmental agency is the defending party, the burden to show inadequate representation becomes substantially heavier. Proposed Intervenors cannot meet this burden. They identify no adversity of interest, no collusion, and no nonfeasance that would justify intervention. Rather, like the Defendants, Proposed Intervenors seek to save the Rule.

Permissive intervention would create the same problems. It would inject new parties into these proceedings at the last minute, needlessly complicating the case and delaying its resolution. The Court should deny the motion.  In the alternative, if Proposed Intervenors are to have any role to play at all, they can present their views through the filing of an amicus brief —where they could contribute their perspective in a timely fashion without derailing these proceedings.

## BACKGROUND

Plaintiffs initiated this action on May 1, 2024, challenging the ATF's Final Rule (Rule) regarding the definition of firearms dealers. ECF No. 1. After this Court granted a preliminary injunction on June 11, 2024, ECF No. 70, the parties proceeded to the merits. Plaintiffs moved for summary judgment, ECF No. 82, Defendants responded and cross-moved, ECF No. 90, and the parties submitted their replies, ECF Nos. 94–95. On January 16, 2025—more than eight months after the complaint and seven weeks after summary judgment briefing concluded—fifteen states moved to intervene. ECF Nos. 97 (motion to intervene), 98 (brief in support). When Defendants recently sought to stay these proceedings, ECF No. 128, this Court denied it, ECF No. 132. The Court emphasized that stays "filed during the later stages of litigation" are "not viewed favorably," particularly given this case's advanced posture with "nearly 130 entries in the ECF docket." *Id.* at 2–3. The Court directed the Parties to file their oppositions to Proposed Intervenors' motion by March 3, 2025.

## ARGUMENT

The Federal Rules of Civil Procedure provide two mechanisms for third-party intervention: intervention of right under Rule 24(a), and permissive intervention under Rule 24(b). Rule 24(a) allows nonparties to intervene only where they are "given a right to intervene by a federal statute" or they "claim[ ] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a) (emphasis added).

Proposed Intervenors do not claim a statutory right to intervene, so they must satisfy the requirements of Rule 24(a)(2):

> It is well-settled that to intervene as of right each of the four requirements of the rule must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impeded his ability to protect that

interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co. (NOPSI)*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc) (quotation omitted). This is a conjunctive test, and "[i]f a would-be intervenor fails to meet any one of these requirements then it cannot intervene as a matter of right." *Bush v. Viterna*, 740 F.2d 350, 354 (5th Cir. 1984) (per curiam).

Meanwhile, permissive intervention under Rule 24(b) is permitted at the Court's discretion when: (1) a timely application is made by the intervenor; (2) the intervenor's claim or defense and the main action have a question of law or fact in common; and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. *LULAC v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989). Permissive intervention "is at the discretion of the court." *Walker v. Alta Colls, Inc.*, No. 1:09-cv-894, 2011 WL 13269547, at *2 (W.D. Tex. Aug. 10, 2011). A district court thus may deny permissive intervention even when the requirements of Rule 24(b) are "otherwise satisfied." *NOPSI*, 732 F.2d at 471.

## I.    Proposed Intervenors have no right to intervene because their motion is untimely.

The motion to intervene "must be timely." *NOPSI*, 732 F.2d at 463. Proposed Intervenors claim that "they are filing promptly upon their interests no longer being adequately represented in this case." ECF No. 98 at 27. But that is not the case. Indeed, even setting aside that the federal government is adequately representing Proposed Intervenors' interests, *infra*-Section II, as Proposed Intervenors recognize, whether a motion to intervene is timely "is contextual" and must be determined based on all the circumstances. *Id.* at 27 (citing *Wal-Mart Stores, Inc. v. Texas Alcoh. Bev.*, 834 F.3d 562, 565 (5th Cir. 2016)). Here, the circumstances counsel against this Court granting the motion.

Proposed Intervenors continuously claim January 20, 2025—inauguration day, as the lodestar guiding the timeliness of their motion. But the results of the election were evident—at the latest, on November 6, 2024, when a consensus of major news organizations had reported that President

Trump had won. *See, e.g.*, Olivia Rinaldi & Jacob Rosen, *Donald Trump Wins Election in Historic Comeback After 2020 Loss, Indictments and Bruising Campaign*, CBS NEWS (Nov. 6, 2024), https://www.cbsnews.com/news/donald-trump-win-presidency-2024/Politics; Zeke Miller et al., *Trump Wins the White House in a Political Comeback Rooted in Appeals to Frustrated Voters*, ASSOCIATED PRESS (Nov. 6, 2024), https://apnews.com/article/election-day-trump-harris-white-house-83c8e246ab97f5b97be45cdc156af4e2; *Donald Trump Elected as the Next President of the United States*, FOX NEWS (Nov. 6, 2024), https://www.foxnews.com/live-news/2024-presidential-election-results-news; *see also Cook Cnty., Illinois v. Mayorkas*, 340 F.R.D. 35, 49 (N.D. Ill. 2021), *aff'd sub nom. Cook Cnty., Illinois v. Texas*, 37 F.4th 1335 (7th Cir. 2022) (Proposed intervenor "[s]tates had. . . notice by November 7, 2020, when the presidential candidate who had promised to jettison the Final Rule was widely recognized as the winner").

More than that, Proposed Intervenors admit knowing of their interests in the issues presented here "from the beginning," ECF No. 98 at 27, including filing a letter at the notice-and-comment stage, and filing an amicus brief in September 2024 in support of Defendants' appeal from this Court's preliminary injunction. *Id.* at 28. They even point to statements then-candidate Trump made on the campaign trail as far back as February and May 2024. *Id.* at 24. In other words, Proposed Intervenors knew "or reasonably should have known of" their alleged interest in this case well before January 16, 2025, when they filed the motion. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir. 1977). Had Proposed Intervenors filed this motion when they reasonably knew there would be a change in presidential administrations, they would not be delaying final judgment like they are now. Instead, Proposed Intervenors would have had the opportunity to submit briefing during the time when dispositive motions were being filed. After all, Defendants' response to Plaintiffs' summary judgment briefing was not due until November 26, 2024, ECF NO. 79, at least twenty days after when Proposed Intervenors knew or should have known there would be a new presidential administration. *Cf. NAACP v. New York*, 413 U.S. 345, 360–361, 367 (1973) (holding that a 17-day delay from when Proposed Intervenors learned of the suit when they moved to intervene rendered their intervention motion untimely).

4

To be sure, motions to intervene filed prior to the entry of judgment can be a factor that "favors timeliness." *Edwards v. City of Houston*, 78 F.3d 983, 1001 (5th Cir. 1996). That said, there is no "absolute measure[]" of timeliness. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Rather, it is based on "all the circumstances." *Corley v. Jackson Police Dep't*, 755 F.2d 1207, 1209 (5th Cir.1985) (citation omitted). And the circumstances here are that summary judgment briefing is done, and Proposed Intervenors might have had an opportunity to participate in this case before dispositive motions were filed had they sought to intervene when they allegedly believed their interests would no longer be adequately represented by the federal government. To that end, Proposed Intervenors identify no decision allowing intervention in these circumstances: where the would-be intervenor, despite ample notice of a perceived need to act, chose to wait until after dispositive briefing concluded, rather than moving sooner and seeking to meaningfully participate in that critical phase of the case. To the contrary, "a prospective intervenor's not seeking intervention until a potentially dispositive summary judgment motion is filed weighs strongly against intervention." *Kostovetsky v. Ambit Energy Holdings*, LLC, 242 F. Supp. 3d 708, 731 (N.D. Ill. 2017). As this Court has already recognized, this case is "not in its early stages." ECF No. 132 at 3. Proposed Intervenors' last-minute injection into this case after summary judgment briefing has concluded "prejudice[s]. . . the existing parties to the litigation" by serving to further delay the resolution of these claims. *Stallworth*, 558 F.2d at 265; *see also Southmark Corp. v. Cagan*, 950 F.2d 416, 419 (7th Cir. 1991) ("Certainly the adjudication of the rights of the original parties would be unduly delayed here because the lawsuit. . . is already pending on a motion for summary judgment."). Because Proposed Intervenors' motion is untimely, it should be denied.

## II.    Even assuming the motion was timely, Proposed Intervenors have no right to intervene because they have not rebutted the presumption of adequate representation.

Even assuming the motion is timely, this Court should deny it because Proposed Intervenors cannot show their purported interests will not be adequately represented by Defendants. To intervene as of right, Proposed Interventors must carry "the burden of

demonstrating inadequate representation." *Hopwood v. State of Tex.*, 21 F.3d 603, 605 (5th Cir. 1994) (per curiam). To do so they must rebut two presumptions. First, "when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Kneeland v. NCAA*, 806 F.2d 1285, 1288 (5th Cir. 1987) (citing *Viterna,* 740 F.2d at 355). "Such adversity, collusion, or nonfeasance must be more than merely theoretical; there must be a 'serious probability' that the existing party and the movant may not share the same ultimate objective." *Helt v. Sethi Petroleum, LLC*, No. 20-40240, 2022 WL 127977, at *1 (5th Cir. Jan. 13, 2022) (quoting 7C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1909 (3d ed.)). Second, "[W]here [as here] the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required." *Hopwood*, 21 F.3d at 605. While the burden in showing inadequate representation is "minimal," *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972), this "requirement must have some teeth." *Texas v. United States* (*Texas DAPA Intervention*), 805 F.3d 653, 661 (5th Cir. 2015) (quoting *Veasey v. Perry*, 577 F. App'x 261, 263 (5th Cir. 2014)).

Proposed Intervenors argue the "Fifth Circuit's. . . presumptions of adequate representation" are inapplicable here. ECF No. 98 25–26. The Fifth Circuit disagrees. That Court has twice denied intervention to a similar coalition of states seeking to intervene in the appeal of a court's ruling that forced reset triggers (FRTs) do not qualify as machineguns under *Garland v. Cargill*, 602 U.S. 406 (2024). There, the states made almost identical speculative arguments on the federal government's supposedly impending divergent interests. *See Nat'l Ass'n for Gun Rights, Inc. v. Garland,* 741 F. Supp. 3d 568 (N.D. Tex. 2024), appeal docketed, No. 24-10707 (5th Cir.  Aug. 1, 2024), Dkts. 83 at 28–30 (motion to intervene), 89 (order rendered that same day denying motion to intervene), 98 (motion for reconsideration on motion to intervene), 109 (order denying motion for reconsideration on motion to intervene). As in that case, Proposed Intervenors do not appear to allege any form of collusion or nonfeasance—only adversity of interest is at issue. Yet Proposed Intervenors have failed to show that their interests are inadequately represented by Defendants—

the federal government; they have not identified a single legal position or argument likely to differ between them. Rather, their arguments about the alleged inadequacy of the federal government's defense of the Rule are rooted in speculation.

To begin, this case is more than a month removed from when Proposed Intervenors claimed defendants would allegedly stop defending the Rule. *See* ECF No. 98 at 24 ("Although federal defendants were defending this Final Rule, and protecting Movant States' interests in it, that will change after the January 20, 2025 inauguration."). But Proposed Intervenors' crystal ball failed them, because nothing has changed. Defendants continue to defend the Rule. With no evidence of divergent interests between them and Defendants, Proposed Intervenors instead premise their argument of inadequate representation entirely on campaign rhetoric and speculation based on President Trump's prior term in office. ECF No. 98 at 24–25. But this kind of speculation about future litigation positions has never been enough to justify intervention in this Circuit. *See, e.g., League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) (noting courts need "more than speculation as to the purported inadequacy"); *see also U.S. v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002)("Campaign rhetoric and perceived philosophic differences without more specific objective evidence in the record are insufficient by themselves to demonstrate adversity of interest.").

Nor should intervention be premised on the "mere change from one presidential administration to another." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). Allowing intervention based on such a routine and "recurrent event in our system of government," *id.* at 528, would run contrary to the Fifth Circuit's command that the burden to show inadequate representation "must have some teeth," *Texas DAPA Intervention*, 805 F.3d at 661; *see also City of Syracuse, NY v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, No. 1:20-CV-06885-GHW, 2021 WL 1051625, at *7 n.2 (S.D.N.Y. Mar. 19, 2021) ("The Court is not persuaded that a change in Administration necessarily implies that the Government will no longer adequately represent the parties shared interests."). The cases Proposed Intervenors rely on "approving of intervention following" a "change in presidential administration," ECF No. 98 at 29, do not fit. For example, in

*Kane County v. United States*, "the first significant docket activity after the new administration came into office was a motion. . . to stay the case *to allow settlement discussions*." *Kane Cnty. v. United States*, 928 F.3d 877, 895–96 (10th Cir. 2019) (emphasis added). There is no comparable docket activity indicating any "settlement discussions" here.

Next, Proposed Intervenors rely on *Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.* for the unremarkable proposition that "adversity of interest undermines adequate representation." ECF No. 98 at 26. Yet as explained above, Proposed Intervenors offer nothing more than speculation on this point. Rather, *Entergy Gulf* shows the deficiencies in Proposed Intervenors' motion by reiterating that intervenors must "specif[y] the particular ways in which their interests diverge[d] from the [party's]" and then "identif[y] the particular way in which these divergent interests have impacted the litigation." *See Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 204 (5th Cir. 2016) (citation omitted). Proposed Intervenors have done neither.

Proposed Intervenors also rely on *Brumfield v. Dodd* in support of this same proposition. ECF No. 98 at 26. But that case involved a concrete divergence in legal positions that showed diversity of interest. There, parents opposed to dismantling a state-school-voucher program were "staking out a position significantly different from that of the state, which apparently ha[d] conceded the continuing jurisdiction of the district court." *Brumfield v. Dodd*, 749 F.3d 339, 346 (5th Cir. 2014). The state's demonstrated interest in maintaining its relationship "with the federal government and with the courts that have continuing desegregation jurisdiction" showed a "lack of unity in all objectives" in the lawsuit. *Id.* And that lack of unity, "combined with" the "real and legitimate additional or contrary arguments" of the parents, showed that the parents' interests were not adequately represented by the state under Rule 24. *Id.* Unlike in *Brumfield*, Defendants here have never conceded that this Court has jurisdiction of Plaintiffs' claims, as they have continuously pressed that Plaintiffs do not have standing. *See*, *e.g.*, ECF No. 31, 66, 90, 95.

Last, Proposed Intervenors claim that "judges within this circuit have repeatedly allowed Movant States to intervene in precisely this sort of situation, authorizing them to provide the adequate defense that federal defendants would not." ECF No. 98 at 26 (citing *Texas v. U.S.*, No.

1:18-CV-00068, 2018 WL 11226239, at *1 (S.D. Tex. June 25, 2018)). But there, the court relied on the *Texas DAPA Intervention* case in finding that "the State of New Jersey had made a similar showing" to the intervenors in DAPA. *Texas v. U.S.*, 2018 WL 11226239, at *1 (citing *Texas DAPA Intervention*, 805 F.3d at 663). But the reasoning of *Texas DAPA Intervention* is readily distinguishable. To the contrary, it provides a helpful counterexample to Proposed Intervenors. There, the intervenors demonstrated "the particular way in which the[] divergent interests have impacted the litigation." *Texas DAPA Intervention*, 805 F.3d at 663. To undermine the States' standing argument "the Government had taken the position that the States may refuse to issue driver's licenses to deferred action recipients," but Proposed Intervenors specifically sought a form of legal status that would permit them to acquire driver's licenses. *Id.* Defendants here have not made a legal argument that conflicts with Proposed Intervenors' interests, such as the driver's license argument that animated the *Texas DAPA Intervention* decision. And Proposed Intervenors fail to make the kind of specific showing New Jersey made in that matter. "[T]hat difference brings this case outside of [*Texas DAPA Intervention's*] reasoning." *Texas v. DHS (Parole in Place Intervention II),* No. 6:24-cv-00306, 2024 WL 4579540, at*3 (E.D. Tex. Oct. 24, 2024) (denying intervention because DHS adequately represented noncitizens and an immigration advocacy group in challenge to immigration parole rule).

Simply put, Proposed Intervenors want to uphold the Rule. So do Defendants. Proposed Intervenors speculate that may change. But it hasn't, and there is no evidence that it will. In other words, Proposed Intervenors have not shown that their interests are different from those of Defendants in any way that is "germane to the case." *Texas DAPA Intervention*, 805 F.3d at 662. To the contrary, their interests are "identical." *U.S. v. Louisiana*, 90 F.R.D. 358, 364 (E.D. La. 1981), *aff'd*, 669 F.2d 314 (5th Cir. 1982). That Proposed Intervenors, as a group of states, may claim that Defendants—as the federal government— are required to represent the broader public interest does not render Defendants' representation inadequate. Rather, courts often deny intervention when the intervenor's primary contention is rooted in the current defendant representing broader interests. *See Brackeen v. Zinke*, No. 4:17-cv-00868, 2018 WL 10561984, at *3 (N.D. Tex. June 1,

2018) ("Proposed Intervenor argues that the Federal Defendants must necessarily represent the 'broad public interest'. . . The Fifth Circuit has previously ruled that this type of abstract argument is insufficient to satisfy Rule 24(a).") (citing *Texas DAPA Intervention*, 805 F.3d 653 at 663). Intervention by right should be denied.

A final point bears emphasis. Even if it was true (it is not) that Defendants had abandoned defense of this case, Proposed Intervenors have not explained what difference that would make. Summary judgment briefing is complete. This Court has not asked for oral argument, and courts routinely decide summary judgment motions without it. To the extent Proposed Intervenors believe that Defendants—going forward —will not adequately advocate for their interests, there is no more advocating left to do. The Rule has been fully and vigorously defended, and the case is ripe for decision.

## III. The Court should deny permissive intervention.

Proposed Intervenors alternatively ask that this Court grant them permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). That request should be denied as well, as intervention would be highly disruptive and prejudicial. Intervention under Rule 24(b) "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland*, 806 F.2d at 1289; *see* 7C C. Wright & A. Miller, Federal Practice and Procedure § 1913. In exercising that discretion, "it is proper to consider, among other things, whether the intervenors' interests are adequately represented by other parties' and whether they will significantly contribute to full development of the underlying factual issues in the suit." *NOPSI*, 732 F.2d at 472 (cleaned up). Moreover, Rule 24(b)(3) states:

> **Delay or Prejudice**. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

As explained above, Proposed Intervenor's motion is untimely. And the injection of Proposed Intervenors at this late stage of the proceedings, after summary judgment briefing is complete, can only prejudice the parties by delaying the speedy and inexpensive resolution of their claims. *See* Fed. R. Civ. P. 1; *Cf. Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021) ("Because we conclude that the district court did not abuse its discretion by determining that the request for mandatory intervention was untimely, we also conclude that the district court did not abuse its discretion by determining that the request for permissive intervention was untimely."). Permissive intervention should be denied on this basis alone.

Beyond that, denying permissive intervention would not harm Proposed Intervenors, because their interests are already represented. As explained above, Proposed Intervenors have failed to show that Defendants do not adequately represent the interest of Proposed Intervenors in this case. They have the same overall objective as the Defendants: defense of the Rule. Proposed Intervenors have not alleged any collusion or nonfeasance. Nor have they shown any adverse interest that would render the Defendants' representation of the interest of Proposed Intervenors deficient. Put differently, there is no basis to believe that denying intervention would impair Proposed Intervenors' interests. That alone justifies denying their request as unnecessary and needlessly complication the litigation. *Staley v. Harris Cnty., Tex.*, 160 F. App'x 410, 414 (5th Cir. 2005) (per curiam) (denial of permissive intervention was proper where another party "adequately represents [intervenor's] interests in this case").

To that end, Proposed Intervenors' motion does not give this Court any reason to believe that intervention would significantly contribute to the development of the facts relevant here. The facts that are relevant here are limited. The "record rule" sharply restricts what facts this Court may consider when resolving Plaintiffs' claims. *See Louisiana ex rel. Guste v. Verity*, 853 F.2d 322, 327 n.8 (5th Cir. 1988) ("Nor are the courts permitted to consider evidence outside the administrative record"); *accord Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."). Proposed Intervenors therefore have little or nothing to

contribute to the factual issues that are exceptions to the record rule, such as those surrounding the standing of the Plaintiffs to bring this action, the existence of final agency action, or the scope of relief.

Judging by the declarations Proposed Intervenors submitted with their motion to intervene, they would like to detail how much they value the Rule. But those declarations would be better directed to Congress than this Court.[1] That is because the desires and needs of Proposed Intervenors for the alleged benefits the Rule provides to them are irrelevant to the issues here. Rather, the only issues—aside from Plaintiffs' standing—center on the legality of the Rule under the APA and the U.S. Constitution. *See Texas v. DHS* (*Parole in Place Intervention I*), No. 6:24-CV-00306, 2024 WL 4039580, at *5 (E.D. Tex. Sept. 3, 2024), *aff'd*, No. 24-40571, 2024 WL 4404421 (5th Cir. Oct. 4, 2024) ("[A]ny adjudicative facts developed in litigation about the claim of significant public benefit from [the rule] would not affect the merits of the APA claims."). And those purely legal issues have been fully briefed.

## IV.    In the alternative, if this Court thinks Proposed Intervenors should have any role in this case at all, they can file a timely amicus brief.

In these circumstances, when detriments of intervention outweigh the benefits, the Fifth Circuit has recognized the proper role for such putative intervenors:

> Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention.

*Viterna*, 740 F.2d at 359 (affirming denial of county association's motion for permissive intervention as defendant in statewide challenge to county-jail conditions) (cleaned up); *see*, *e.g.*, Order, *La Union del Pueblo Entero v. Abbott*, No. 5:21-cv-00844, 2021 WL 5410516, at *3 (W.D. Tex. Nov. 16, 2021) (Rodriguez, J.) (denying intervention but allowing participation as amicus). That is precisely

---

[1] As Proposed Intervenors stated, they already submitted their thoughts to the agency during rulemaking. ECF No. 98 at 27.

the situation that Proposed Intervenors' motion presents here. To be sure, Plaintiffs do not think Proposed Intervenors can meaningfully contribute anything of relevance to this matter for reasons already stated. That said, in the event this Court denies intervention, Plaintiffs will not object to Proposed Intervenors filing an amicus brief within fourteen days of this Court's order. But intervention is unwarranted.

## CONCLUSION

Proposed Intervenors waited too long. They knew of their alleged interests "from the beginning," yet they waited until after summary judgment briefing concluded to move to intervene. Even now, they offer merely speculative theories about Defendants' inadequate representation—theories undercut by the reality that Defendants continue to defend the Rule just as they have throughout this litigation. Beyond that, the Proposed Intervenors share Defendants' ultimate objective: to uphold the Rule. They identify no adversity of interest, no collusion, and no nonfeasance that would justify intervention at this late stage. Intervention—both permissive and as of right, should be denied.

Date: March 3, 2025                    Respectfully submitted,

**KEN PAXTON**                         **Kathleen T. Hunker**
Attorney General                       Deputy Chief, Special Litigation Division
                                       Texas Bar No. 24118415
**BRENT WEBSTER**                      Kathleen.Hunker@oag.texas.gov
First Assistant Attorney General

                                       */s/Garrett Greene*
**RALPH MOLINA**                       **Garrett Greene**
Deputy First Assistant Attorney General   Special Counsel
                                       Texas Bar No. 24096217
**RYAN D. WALTERS**                    Garrett.Greene@oag.texas.gov
Deputy Attorney General for Legal Strategy

                                       OFFICE OF THE ATTORNEY GENERAL OF TEXAS
**RYAN G. KERCHER**                    Special Litigation Division
Chief, Special Litigation Division     P.O. Box 12548, Capitol Station
                                       Austin, Texas 78711-2548
                                       Tel.: (512) 463-2100
                                       kathleen.hunker@oag.texas.gov
                                       garrett.greene@oag.texas.gov

                                       **COUNSEL FOR PLAINTIFF STATE OF TEXAS**

**LYNN FITCH**                         **LIZ MURRILL**
Attorney General of Mississippi          ATTORNEY GENERAL OF LOUISIANA

*/s/Justin L. Matheny*                 */s/ Kelsey L. Smith*
**JUSTIN L. MATHENY** (MS Bar 100754)  **KELSEY L. SMITH**
Deputy Solicitor General                 *Deputy Solicitor General*
**OFFICE OF THE ATTORNEY GENERAL**     Texas Bar No. 24117070
P.O Box 220                            LOUISIANA DEPARTMENT OF JUSTICE
Jackson, MS 39205-0220                 1885 N. Third Street
Tel: (601) 359-3680                    Baton Rouge, LA 70804
Fax: (601) 359-2003                    (225) 428-7432
justin.matheny@ago.ms.gov              smithkel@ag.louisiana.gov
                                       *Counsel for State of Louisiana*
**COUNSEL FOR PLAINTIFF STATE OF**
**MISSISSIPPI**                        **COUNSEL FOR PLAINTIFF STATE OF LOUISIANA**

14

SEAN D. REYES
Utah Attorney General
*/S/ Andrew Dymek*
ANDREW DYMEK
Assistant Solicitor General

UTAH OFFICE OF THE ATTORNEY
GENERAL
350 North State Street, #230
P.O. Box 142320
Salt Lake City, Ut 84114-2320
Tel.: 801-366-0533
adymek@agutah.gov

COUNSEL FOR PLAINTIFF STATE OF
UTAH

*/s/ John I. Harris III*
JOHN I. HARRIS III (TN # 12099)
SCHULMAN, LEROY & BENNETT PC
3310 West End Avenue, Suite 460
Nashville, Tennessee 37203
(615) 244 6670 Ext. 111
Fax (615) 254-5407
jharris@slblawfirm.com

COUNSEL FOR JEFFERY W. TORMEY, GUN
OWNERS OF AMERICA, GUN OWNERS
FOUNDATION, TENNESSEE FIREARMS
ASSOCIATION, AND VIRGINIA CITIZENS
DEFENSE LEAGUE

*/s/ Stephen D. Stamboulieh*
STEPHEN D. STAMBOULIEH
STAMBOULIEH LAW, PLLC
NDTX#: 102784MS
MS Bar No. 102784
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

COUNSEL FOR JEFFERY W. TORMEY, GUN
OWNERS OF AMERICA, GUN OWNERS
FOUNDATION, TENNESSEE FIREARMS
ASSOCIATION, AND VIRGINIA CITIZENS
DEFENSE LEAGUE

*/s/ Brandon W. Barnett*
BRANDON W. BARNETT
Texas Bar No. 24053088
BARNETT HOWARD & WILLIAMS PLLC
930 W. 1st St., Suite 202
Fort Worth, Texas 76102
817-993-9249 (T)
817-697-4388 (F)
barnett@bhwlawfirm.com

LOCAL COUNSEL FOR COUNSEL FOR JEFFERY
W. TORMEY, GUN OWNERS OF AMERICA, GUN
OWNERS FOUNDATION, TENNESSEE FIREARMS
ASSOCIATION, AND VIRGINIA CITIZENS
DEFENSE LEAGUE

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically

(via CM/ECF) on March 3, 2025 and that all counsel of record were served by CM/ECF.


*/s/Garrett Greene*
Garrett Greene

16