# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, <br><br> Defendants. | Case No. 2:24-cv-00089-Z |

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

I.     **Introduction**

Proposed Intervenors' Motion to Intervene should be denied because it does not meet the requirements for intervention under Federal Rule of Civil Procedure 24. Their request is untimely. Indeed, the delay and complications likely to result from introducing fifteen new parties to a matter with pending, fully-briefed cross-motions for summary judgment weigh against granting intervention. Proposed intervenors also cannot establish that denying intervention will impede their interests because they have no cognizable or non-speculative interests that are directly at issue in this case. Further, intervention is inappropriate because the federal Defendants—not outside parties—should control litigation involving federal regulations, including decisions about whether to appeal.

For these reasons, as explained further below, the Motion to Intervene should be denied.

II.    **Background**

Plaintiffs—a group of four states, three organizations, and one individual—filed a suit to enjoin enforcement of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Engaged in the Business Rule, 89 Fed. Reg. 28968, on May 5, 2024, ECF No. 1, and filed a motion for a temporary restraining order on May 9, 2024, ECF No. 16. The Court granted Plaintiff's motion on May 19, 2024, ECF No. 44, and ordered additional briefing on the standing of each Plaintiff, ECF No. 45. On June 11, 2024, the Court granted a preliminary injunction as to all Plaintiffs, ECF No. 70.

Following the imposition of the preliminary injunction, Defendants filed an interlocutory appeal, ECF No. 73, which Defendants have recently moved to stay (without objection from Plaintiffs) in light of the President's Executive Order concerning Second Amendment Rights, Exec. Order No. 14206, 90 Fed. Reg. 9503 (Feb. 12, 2025). *See Texas v. ATF*, No. 24-10612, Dkt. 120. Beginning on October 22, 2024, the parties briefed cross-motions for summary judgment. ECF Nos. 82-83; 89-90; 91-95. Summary judgment briefing was completed on January 7, 2025. *See* ECF No. 95. On January 16, 2025, the Proposed Intervenors filed their motion to intervene. ECF Nos. 96-97.

III.   **Standard of Review**

Rule 24 of the Federal Rules of Civil Procedure governs the terms under which a nonparty may intervene. Subsection (a)(2) of the rule provides that, "on timely motion," a court must permit intervention as of right when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Subsection (b)(1)(B) of the rule provides that a court may permit intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

IV.   **Argument**

1.   **Proposed Intervenors Are Not Entitled To Intervention As Of Right**

To support a request for mandatory intervention under Rule 24, the would-be intervenor must establish four elements: "(1) the application for intervention [is] timely; (2) the applicant [has] an interest relating to the property or transaction which is the subject of the action; (3) the applicant [is] so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest [is] inadequately represented by the existing parties to the suit." *Rotstain v. Mendez*, 986 F.3d 931, 936-37 (5th Cir. 2021) (alterations in original) (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Board of Levee Comm'rs of Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007). A would-be intervenor bears the burden of establishing that it meets each requirement. *See generally Texas v. United States*, 805 F.3d 653 (5th Cir. 2015).

a.   **The Proposed Intervenors' Motion Is Not Timely**

2

Intervention as of right may only be granted "[o]n timely motion." Fed. R. Civ. P. 24(a). The Fifth Circuit's test for timeliness requires the court to consider: "(1) the length of time during which the intervenor actually knew or reasonably should have known of his interest in the case; (2) the extent of prejudice to the existing parties to the litigation; (3) the extent of prejudice to the would-be intervenor; and (4) unusual circumstances." *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

Proposed Intervenors were long aware of their alleged interest in this case, and the harm to the existing parties from complicating and delaying this case when summary judgment is fully briefed could have been mitigated if the intervenors had sought to enter this case earlier. In particular, the Proposed Intervenors admit that they "knew or reasonably should have known" of their "stake in the case" well before they moved to intervene. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001). In their Motion, Proposed Intervenors detail numerous pieces of information that led them to expect they would need to intervene in this matter nearly a year before they eventually did, and indeed months before this case was even filed. *See* Intervention Mot. at 17-18, 20-21. Proposed Intervenors assert that they "are filing this motion as soon as doing so became necessary…given the incoming change in federal Administration." *Id.* at 20. However, Proposed Intervenors were aware of the pending change in administration no later than November 6, 2024. Therefore, by Proposed Intervenors' own admission, they waited two months after the event that they claim made clear their need to intervene. Had the Proposed Intervenors attempted to intervene immediately after the presidential election, when by their own admission they knew about their alleged stake in the case, they could have made their interests and positions known as part of the summary judgment briefing, which was ongoing from October 22, 2024 until January 7, 2025.

3

However, they have no basis to belatedly intervene now when that process is already complete and the potential final resolution of the case is pending.

Allowing *fifteen* new state parties to intervene at this stage would prejudice Plaintiffs and Defendants by complicating and prolonging this case. The Proposed Intervenors seek to inject new fact-specific interests unique to their states that have not previously been part of this litigation. Intervention would thus significantly expand the scope of the issues, potentially necessitating a complete overhaul of the summary judgment briefing, *see* Intervention Mot. at 22 (suggesting Proposed Intervenors will take an active part in summary judgment because a decision has not yet issued), when the case is on the doorstep of a potentially dispositive judgment.

Additionally, intervention would prejudice Defendants by interfering with the Department of Justice's control of Government litigation. The Attorney General—not state governments—is empowered to control "litigation in which the United States, an agency, or officer thereof is a party." 28 U.S.C. § 516; *see United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976) ("It is axiomatic that the Attorney General must retain considerable discretion in controlling government litigation and in determining what is in the public interest."); *cf. Saldano v. Roach*, 363 F.3d 545, 555 (5th Cir. 2004) (recognizing the Texas Attorney General's interest in maintaining control over the State's criminal cases in rejecting request for intervention by a Texas district attorney). Further, the Solicitor General of the United States is charged with "[d]etermining whether, and to what extent, appeals will be taken by the Government." 28 C.F.R. § 0.20(b). The Fifth Circuit has recognized that when an intervenor obtains "full party rights," "the control of the original parties over their own lawsuit is significantly diminished." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 473 (5th Cir. 1984). In an APA case challenging the legality of a federal agency rule, the federal government should control the course of the litigation and any future appeals, not state governments. *See id.* (denying intervention where addition of intervenor could prevent the original

"parties from simply accepting a judgment of the district court by allowing it to become final without appeal"). Granting intervention would undermine these important federal interests. Furthermore, for the reasons explained *infra*, there would be no prejudice to the Proposed Intervenors if their motion were to be denied, because they do not have a protectable interest in the outcome of this case.

This case also presents "unusual circumstances" warranting a determination that the Motion to Intervene is untimely. *Adam Joseph Res.*, 919 F.3d at 865. As noted above, the Federal Government has sovereign authority to determine the nature of its policies, and permitting intervention here would encourage entities without that authority to attempt to strip the Government of its right to determine and administer its own programs. Additionally, the parties to the case all agree that this is a matter for record review under the Administrative Procedure Act. Conversely, the Proposed Intervenors' Motion implies their intent to seek discovery contrary to established precedent and the Government's institutional interest in insulating itself from improper discovery. *See* Intervention Mot. at 22 (arguing that intervention is appropriate because "the only discovery to date has been the Administrative Record."). The Court should not sanction such an unusual approach to intervention and transform a typical APA case into an improper and burdensome discovery free-for-all when the case is ripe for final judgment.

### b. The Proposed Intervenors Lack a Sufficient Interest in the Outcome of the Litigation that Would be Impeded by Denial of Their Motion

Proposed Intervenors seek to intervene to defend the Rule in the event Defendants change positions on their defense of the Rule due to the change in residential administration. *See* Mot. at 17-18. Proposed Intervenors, however, have not demonstrated a legally cognizable interest sufficient to support intervention. When a putative intervenor "seek[s] additional relief beyond that which" the parties seek, the intervenor must demonstrate Article III standing. *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017); *see also Diamond v. Charles*, 476 U.S. 54, 68 (1986)

5

(explaining that when an intervenor seeks to "continue a suit in the absence of the party on whose side intervention was permitted," the intervenor must demonstrate its own standing to appeal). Here, Proposed Intervenor states cannot establish standing to engage in this suit in the absence of existing parties for the same reason that the Plaintiff states lack standing—any interest is too generalized and attenuated. *See* Defs.' Brief in Supp. of Mot. for Summ. J., ("Defs.' Mot."), ECF No. 90 at 20-27; Defs.' Reply in Supp. of Mot. for Summ. J., ECF No. 95 at 2.

The Proposed Intervenors also cannot establish a lower level of "interest" in the outcome of this case to justify their intervention because a qualifying interest must be "concrete, personalized, and legally protectable." *Texas*, 805 at 658. As the Supreme Court has made clear, that barrier requires that a prospective intervenor do more than articulate some asserted harm or interest related to the action; instead, the intervenor must demonstrate that the interest in question is "legally protectible." *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 315 (1985); *see Texas*, 805 F.3d at 659 (stating that an interest is "legally protectable" for purposes of Rule 24 "if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim").

Here, Proposed Intervenors' alleged interests are both speculative and not legally cognizable. They allege, through a complicated and attenuated chain of possible events, *see, e.g., Louisiana v. Haaland*, 86 F.4th 663, 666-67 (5th Cir. 2023) (holding that a "highly attenuated chain" of events dependent on the decisions of third parties cannot establish a cognizable injury), that if the Rule were to be invalidated, the reduction of ATF's access to certain record-keeping information would "directly increase state costs to solve violent crime and fight illegal trafficking." Intervention Mot. at 10-12. But that alleged causal relationship is anything but direct. *See* Defs.' Mot. at 20-27; *see also, e.g., El Paso Cty. v. Trump*, 982 F.3d 332, 340-41 (holding that "incidental and attenuated" economic harm flowing from the actions and inactions of the federal government to state and local governments

6

cannot establish a cognizable injury). At the time of their Motion, the Proposed Intervenors also had the benefit of the Rule being enforced for approximately seven months, yet they produced no evidence of a concomitant reduction in their enforcement costs attributable to the Rule.

Moreover, the Proposed Intervenors have no entitlement to a reduction in costs associated with enforcement of a Federal Government policy, and "an intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other." *Texas*, 805 F.3d at 657. Indeed, the Fifth Circuit *en banc* held that a "generalized 'purely economic interest' was insufficient to justify intervention." *Id.* at 658 (quoting *New Orleans Pub. Serv., Inc.,* 732 F.2d at 466). While the Proposed Intervenors want to benefit from cost reductions they anticipate may flow from enforcement of the Rule, they have neither shown that there are such cost reductions to be had, nor that their purported interest in those speculative reductions is "legally protectable." Proposed Intervenors' claimed interest in this litigation thus stems from speculative assertions that, if the government were to stop defending or implementing the Rule, they would experience various downstream economic impacts. As explained, those asserted concerns are noncognizable and speculative, and cannot support either Article III standing or a legally protectable interest under Rule 24(a)(2)'s standard.

The Proposed Intervenors' alleged "quasi-sovereign" interest in enforcement of the Rule are insufficient to justify intervention for the same reasons. They again allege through a complicated and attenuated chain of possible outcomes related to the enforcement of the Rule that citizens of their states will be subject to less gun violence. *See* Intervention Mot. at 12-16. Proposed Intervenors have not made a non-speculative showing that enforcement of this Rule in particular will result in an identifiable way in that outcome in any particular place and time. Once again, the Proposed Intervenors had seven months of data to potentially demonstrate the reality of this alleged interest and failed to provide any evidence in support of their speculation. As with their alleged financial

7

interests in the Rule, the Proposed Intervenors' alleged quasi-sovereign interests are not legally cognizable and cannot form the basis of intervention. States cannot assert quasi-sovereign interests if those supposed interests do not "implicate the State's *own* interests" and are "wholly derivative of the personal…interests of its citizens." *Paxton v. Dettelbach*, 105 F.4th 708, 715 (5th Cir. 2024). Thus, the Proposed Intervenors have no legally protectable, quasi-sovereign interest that would be impeded if their intervention motion were to be denied.

### 2. Proposed Intervenors' Request for Permissive Intervention Should Be Denied.

The Court also should deny Proposed Intervenors' request for permissive intervention. A court may grant permissive intervention pursuant to Rule 24(b)(1)(B) when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Texas v. United States*, No. 6:21-cv-00003, 2021 WL 411441, at *1 (S.D. Tex. Feb. 6, 2021) (quoting *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989)). "Permissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (citation omitted).

Permissive intervention should be denied for the same reasons that the Proposed Intervenors cannot intervene as of right. As explained above, the Motion to Intervene is not timely, and intervention would unduly delay and prejudice the rights of the original parties.

Even if the proposed intervenors satisfied the minimum requirements for permissive intervention—which they do not—this Court would have substantial discretion to deny their request. *See New Orleans Pub. Serv., Inc.*, 732 F.2d at 470–71 (holding that even where the requirements of Rule 24(b) are satisfied, "[p]ermissive intervention is wholly discretionary with the [district] court"). In addition to the reasons set forth above, courts may also consider whether "the

8

intervenor's presence is likely to provide significant contributions to the development of the underlying factual issues." *Id.* This factor weighs against permissive intervention. The present case involves APA claims decided on the basis of an administrative record that Defendants have already produced and the Court is evaluating to decide the fully-briefed motion for summary judgment. Proposed Intervenors have no role in developing the factual record for the claims at issue in this litigation. The delay and complications likely to result from such a significant expansion of this litigation beyond its original scope weigh against granting intervention. *See Nipponkoa Ins. Co. v. Port Terminal R.R. Ass'n*, No. H-10-0284, 2011 WL 1103584, at *2 (S.D. Tex. Mar. 23, 2011) ("Where permissive intervention would further complicate the case without any added benefit, the court may deny a motion to intervene.").

## CONCLUSION

For the foregoing reasons, the Motion to Intervene should be denied.

Dated: March 3, 2025

                                                  Respectfully submitted,

                                                  YAAKOV M. ROTH
                                                  Acting Assistant Attorney General

                                                  ANDREW I. WARDEN
                                                  Assistant Director, Federal Programs Branch

                                                  */s/ Keri L. Berman*
                                                  KERI L. BERMAN
                                                  JEREMY S.B. NEWMAN
                                                  ZACHARY W. SHERWOOD
                                                  Trial Attorneys
                                                  Civil Division, Federal Programs Branch
                                                  U.S. Department of Justice
                                                  1100 L Street, NW
                                                  Washington, DC 20005
                                                  Phone: (202) 305-7538

Fax: (202) 616-8470
Email:  keri.l.berman@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2025, the foregoing document was served on all parties of record by operation of the Court's ECF system.

/s/ *Keri L. Berman*
Keri L. Berman