UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00089-Z |

## DEFENDANTS' MOTION TO STAY

Plaintiffs filed this action to challenge a rule enacted by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") during the Biden Administration, defining the meaning of being engaged in the business of dealing in firearms under the Gun Control Act ("GCA"). *See* ATF, Final Rule, Definition of "Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28968 (Apr. 19, 2024) (the "2024 Rule"). This Court granted a preliminary injunction to Plaintiffs, holding that Plaintiffs were likely to succeed in showing that several aspects of the 2024 Rule were unlawful. *See* Mem. Op. & Order, ECF No. 70 ("PI Order"). That preliminary injunction is in force and will remain in force throughout the pendency of this litigation, now that Defendants have voluntarily dismissed their interlocutory appeal of that preliminary injunction.

Soon after President Trump took office, he issued an Executive Order directing the Attorney General to review rules promulgated by ATF during the Biden Administration, which includes the 2024 Rule. *See* President Donald J. Trump, Presidential Actions: Protecting Second Amendment Rights (Feb. 7, 2025), https://www.whitehouse.gov/presidential-actions/2025/02/protectingsecond-amendment-rights ("Second Amendment EO"). As a result of

1

that review, last week, ATF published a notice of proposed rulemaking, proposing a rule that would significantly change the 2024 Rule. *See* ATF, Notice of Proposed Rulemaking, Revising Regulations Defining "Engaged in the Business" as a Dealer in Firearms, 91 Fed. Reg. 24424 (May 6, 2026) ("2026 NPRM"). In particular, the proposed rule would change or eliminate each aspect of the 2024 Rule that this Court found was likely unlawful.

In light of ATF's issuance of the NPRM, Defendants respectfully request that the Court stay this case (with the exception of any enforcement of the preliminary injunction) pending a final action by ATF on the NPRM, such as issuance of a final rule. It is not necessary for the Court and the parties to resolve the lawfulness of the 2024 Rule when ATF is actively engaged in the rulemaking process to change that rule. A final rule issued by ATF may well moot this case, and at a minimum, would likely have a significant effect on this litigation. Because Plaintiffs remain protected by the Court's preliminary injunction, Plaintiffs would not be prejudiced by a stay, particularly because the Defendants have dismissed their appeal of the preliminary injunction. The Court should accordingly exercise its discretion to stay this case.

## BACKGROUND

On April 19, 2024, ATF promulgated the 2024 Rule, which defined the term "engaged in the business" of dealing in firearms, a defined term in the GCA. *See* 2024 Rule, 89 Fed. Reg. 28968; 18 U.S.C. § 921(a)(21)(C). Plaintiffs, a group of four states, three organizations, and one individual, filed a suit to enjoin enforcement of the Rule, on May 5, 2024, ECF No. 1, and filed a motion for a temporary restraining order on May 9, 2024, ECF No. 16. The Court granted Plaintiffs' motion as to certain Plaintiffs on May 19, 2024, ECF No. 44, and ordered additional briefing on the standing of each Plaintiff, ECF No. 45. On June 11, 2024, the Court granted a preliminary injunction to all Plaintiffs, ECF No. 70. That preliminary injunction remains in force.

Following the imposition of the preliminary injunction, Defendants filed an interlocutory appeal of the preliminary injunction. *See* Notice of Appeal, ECF No. 73. While that appeal proceeded, beginning on October 22, 2024, the parties briefed cross-motions for summary judgment in this Court. *See* ECF Nos. 82-83; 89-90; 91-95. Summary judgment briefing was completed on January 7, 2025. *See* ECF No. 95.

Shortly after President Trump returned to office, on February 7, 2025, he issued an Executive Order that, among other things, called for the Attorney General to review ATF's firearms regulations promulgated during the Biden Administration, which include the 2024 Rule. *See* Second Amendment EO. On February 19, 2025, Defendants filed a motion seeking to stay the case, given the review called for by the Second Amendment EO. *See* Mot. to Stay, ECF No. 128. On February 26, 2025, the Court denied that motion. *See* Order, ECF No. 132. On February 23, 2025, Defendants also filed a similar motion in the Fifth Circuit to hold the interlocutory appeal in abeyance. *See* Unopposed Mot. to Place Appeal in Abeyance, *Texas v. ATF*, No. 24-10612 (5th Cir. Feb. 23, 2025). On March 3, 2025, the Fifth Circuit granted that motion and entered an order abeying the appeal until June 23, 2025. Order, *Texas*, No. 24-10612 (5th Cir. Mar. 3, 2025).

On April 7, 2025, the Department of Justice ("DOJ") and ATF issued a press release announcing that DOJ and ATF would conduct a "comprehensive" and "in-depth review over the coming months" of the 2024 Rule to "revis[e] the guidelines for determining who is considered 'engaged in the business' of selling firearms." *See* Notice, ECF No. 148. On April 25, 2025, this Court *sua sponte* entered an order abeying this case until June 23, 2025, matching the Fifth Circuit's abeyance order "[t]o best align the instant case with the status of Defendants-Appellants' interlocutory appeal." Order at 2, ECF No. 150.

3

Throughout the rest of 2025, the Fifth Circuit three times extended the abeyance of the interlocutory appeal,[1] and each time, this Court entered a parallel abeyance order.[2]  Although the last abeyance order expired on December 22, 2025, this Court has not taken further action since then on the pending cross-motions for summary judgment.

On January 13, 2026, the Fifth Circuit denied a motion by Defendants to further extend the stay of proceedings.  Order, *Texas*, No. 24-10612 (5th Cir. Jan. 13, 2026).  The Fifth Circuit subsequently calendared the appeal for oral argument on April 28, 2026.  *See* Oral Argument Letter, *Texas*, No. 24-10612 (5th Cir. Mar. 20, 2026).  Shortly before the oral argument, given that "[a] notice of proposed rulemaking addressing the same subject matter as the challenged rule is forthcoming," Defendants moved to voluntarily dismiss the appeal.  *See* Consent Mot. to Voluntarily Dismiss Appeal, *Texas*, No. 24-10612 (5th Cir. Apr. 16, 2026).  Later that day, the Fifth Circuit granted the motion and dismissed the appeal.  Order Dismissing Appeal, *Texas*, No. 24-10612 (5th Cir. Apr. 16, 2026).

On May 6, 2026, ATF published the NPRM, which proposed a rule that would significantly revise and repeal many parts of the 2026 Rule.  *See* 2026 NPRM, 91 Fed. Reg. 24424.  The 2026 NPRM invites anyone, including members of the public and regulated parties, to submit comments to ATF by August 4, 2026.  *See id.* at 24424.  The proposed rule would eliminate or change each provision or aspect of the 2024 Rule that this Court found at the preliminary injunction stage was likely unlawful.

*First*, this Court held that the 2024 Rule was likely unlawful because it provided that a single firearm transaction or offer to engage in a transaction may suffice under certain circumstances to constitute engaging in the business of dealing.  PI Order 15-16.  This was reflected in 27 C.F.R.

---

[1] *See* Order, *Texas*, No. 24-10612 (5th Cir. June 25, 2025) (extending abeyance through August 22, 2025); Order, *Texas*, No. 24-10612 (5th Cir. Aug. 30, 2025) (extending abeyance through October 21, 2025); Order, *Texas*, No. 24-10612 (5th Cir. Oct. 28, 2025) (extending abeyance through December 22, 2025).

[2] *See* Order, ECF No. 154 (abeying case through August 22, 2025); Order, ECF No. 156 (abeying case through October 21, 2025); Order, ECF No. 164 (abeying case through December 22, 2025).

§ 478.13(b) of the 2024 Rule's regulatory text, part of the 2024 Rule's definition of "engaged in the business as a dealer in firearms other than a gunsmith or a pawnbroker."  2024 Rule, 89 Fed. Reg. at 29091 (27 C.F.R. § 478.13(b)) ("For example, even a single firearm transaction or offer to engage in a transaction, when combined with other evidence (*e.g.*, where a person represents to others a willingness and ability to purchase more firearms for resale), may require a license . . . .").  The 2026 NPRM proposes to eliminate § 478.13 in its entirety, including the language about a single firearm transaction or offer.  *See* 2026 NPRM, 91 Fed. Reg. at 24436 ("Remove and reserve § 478.13.").  It proposes a new streamlined definition of "Dealer in firearms other than a gunsmith or a pawnbroker" that parrots the text of the statutory definition and carries forward a sentence of the 2024 Rule that clarifies the definition's application to auctioneers, which Plaintiffs have never contended is unlawful.  *See id.* (27 C.F.R. § 478.11).

*Second*, the Court found that the 2024 Rule was likely unlawful because it contained language stating that actual profit was not required to satisfy the meaning of "Predominantly earn a profit."  PI Order at 16.  This was reflected in a sentence of § 478.13(d)(1)'s definition of "Predominantly earn a profit," which read: "For purposes of this section, a person may have the intent to profit even if the person does not actually obtain the intended pecuniary gain from the sale or disposition of firearms."  2024 Rule, 89 Fed. Reg. at 29091 (27 C.F.R. § 478.13(d)(1)).  Again, the 2026 NPRM proposes to remove § 478.13 in its entirety.  Although the proposed rule would add a definition of "Predominantly earn a profit" to § 478.11, that definition does not include the sentence about actual profit not being required.  *See* 2026 NPRM, 91 Fed. Reg. at 24436 (27 C.F.R. § 478.11) (definition of "Predominantly earn a profit").

*Third*, this Court found that the 2024 Rule was likely unlawful because it provided that the definition of "personal collection" excluded firearms accumulated primary for personal protection.  *See* PI Order at 17-18; 2024 Rule, 89 Fed. Reg. at 29090 (27 C.F.R. § 478.11) (general definition of

"[p]ersonal collection": "the term shall not include firearms accumulated primarily for personal protection"). However, the 2026 NPRM proposes to eliminate entirely the 2024 Rule's general definition of personal collection, including the sentence about personal collection not including personal protection firearms. *See* 2026 NPRM, 91 Fed. Reg. at 24436 (27 C.F.R. § 478.11).

*Finally*, this Court found that the 2024 Rule was likely unlawful because it contained sets of presumptions indicating when a person has the intent to predominantly earn a profit or that a person is engaged in the business of dealing in firearms. PI Order 18-19. Those presumptions were contained in § 478.13(c) and § 478.13(d)(2) of the 2024 Rule. *See* 2024 Rule, 89 Fed. Reg. at 29091 (27 C.F.R. § 478.13(c)) ("[p]resumptions that a person is engaged in the business as a dealer"); *id.* at 29091-92 (27 C.F.R. § 478.13(d)(2)) ("[p]resumptions that a person has intent to predominantly earn a profit"). The 2026 NPRM proposes to remove those presumptions entirely. *See* 2026 NPRM, 91 Fed. Reg. at 24436 ("Remove and reserve § 478.13.").

## LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In considering whether to stay a case, a court considers "economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55; *see also Charalambopoulos v. Grammer*, No. 3:14-cv-2424-D, 2018 WL 514253, at *1 (N.D. Tex. Jan. 23, 2018) ("The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court.") (citation omitted).

## ARGUMENT

The Court should stay this case because Defendants have issued an NPRM that proposes significant revisions to the 2024 Rule under review in this case. It is not necessary, and not the best

6

use of judicial resources, for this Court to resolve the lawfulness of the 2024 Rule when ATF is actively engaged in the rulemaking process to change that rule.  Indeed, the rule proposed in the 2026 NPRM would eliminate or change every aspect of the 2024 Rule that this Court found likely unlawful at the preliminary injunction stage.  *See supra*, pp. 4-6.  If ATF issues a final rule as contemplated in the NPRM, it could moot this case and would at the very least significantly impact any remaining issues.

This proposed stay would not prejudice Plaintiffs.  Publication of the NPRM indicates that ATF is actively involved in the rulemaking process, and the timeline for completion of that process has already begun.  Meanwhile, Plaintiffs are protected from enforcement of the 2024 Rule by this Court's preliminary injunction.  As noted above, that injunction remains in place and is no longer subject to the possibility of reversal by the Fifth Circuit.

However, continuing to litigate this case would cause hardship to Defendants.  The proposed rule reflects ATF's considered analysis of how best to change aspects of the 2024 Rule that it no longer finds appropriate.  As with any notice-and-comment rulemaking process, ATF will be able to benefit from the comments submitted by members of the public (including Plaintiffs if they wish to comment) and may refine the proposed rule in response to those comments.  Yet if the Court were to vacate the Rule, that could interfere with ATF's ability to promulgate a final rule that reflects ATF's current assessment of the best path forward, in line with the President's priorities.

Courts regularly stay cases or hold cases in abeyance to defer judicial review of a final rule while the agency is actively involved in reconsidering the rule or seeking to change the rule.  *See, e.g.*, Per Curiam Order, *West Virginia v. EPA*, No. 15-1363 (and consolidated cases) (D.C. Cir. Apr. 27, 2017) Document #1673071 (granting EPA's motion to hold challenges to Clean Power Plan in abeyance pending reconsideration); Judge Order, *Arkansas v. EPA*, No. 16-4270 (and consolidated cases) (8th Cir. Jan. 4, 2018) Document #4616817 (granting EPA's motion to hold challenges to the agency's action pending reconsideration and settlement discussions); Order, *Dalton Trucking, Inc. v.*

*EPA*, No. 13-74019 (9th Cir. Jan. 9, 2018), Document #10717799 (granting motion to stay proceedings pending reconsideration proceedings); *cf. Wyoming v. Zinke*, 871 F.3d 1133, 1141-46 (10th Cir. 2017) (dismissing appeal, vacating district court's opinion, and dismissing underlying challenge to regulation as prudentially unripe in light of ongoing administrative reconsideration); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386-87 (D.C. Cir. 2012); *Util. Air. Regul. Grp. v. EPA*, 320 F.3d 272, 279 (D.C. Cir. 2003); *Belmont Abbey Coll. v. Sebelius*, 878 F. Supp. 2d 25, 38-39 (D.D.C. 2012). A similar course is warranted here.

ATF is actively involved in the process of changing the 2024 Rule through the Administrative Procedure Act's notice-and-comment rulemaking process. It has proposed a rule that would remedy every aspect of the 2024 Rule that this Court found likely unlawful. Rather than adjudicate the lawfulness of the 2024 Rule, the Court should stay this case to allow ATF in the first instance to address the 2024 Rule.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Stay and stay this case pending a final action by ATF on the May 6, 2026, notice of proposed rulemaking concerning the 2024 Rule under review in this case.

8

Dated: May 15, 2026                              Respectfully submitted,


                                                 BRETT A. SHUMATE
                                                 Assistant Attorney General

                                                 ANDREW I. WARDEN
                                                 Assistant Branch Director

                                                 */s/Jeremy S.B. Newman*
                                                 KERI L. BERMAN
                                                 JEREMY S.B. NEWMAN
                                                 Trial Attorneys
                                                 Civil Division, Federal Programs Branch
                                                 U.S. Department of Justice
                                                 1100 L Street, NW
                                                 Washington, DC 20005
                                                 Phone: (202) 532-3114
                                                 Fax: (202) 616-8470
                                                 Email:  jeremy.s.newman@usdoj.gov

                                                 *Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

**I HEREBY CERTIFY** that on May 14, 2026, I conferred with Plaintiffs' counsel regarding this Motion, via email. Plaintiffs' counsel indicated that Plaintiffs oppose the relief sought in this Motion.

/s/ Jeremy S.B. Newman
Jeremy S.B. Newman
(Mass Bar No. 688968)
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 15, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Jeremy S.B. Newman
Jeremy S.B. Newman
(Mass Bar No. 688968)
*Attorney for Defendants*