IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

STATE OF TEXAS, *et al.*,

    Plaintiffs,

v.                                                                2:24-CV-089-Z

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

    Defendants.

**FINAL JUDGMENT**

Before the Court is Defendants' Motion to Stay, filed May 15, 2026. ECF No. 173. Also before the Court are Plaintiffs' Motion for Summary Judgment (ECF No. 82), filed October 22, 2024, Defendants' Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment ("Defendants' Motion for Summary Judgment") (ECF No. 89), filed November 26, 2024, and several Putative Intervenor States' Motion for Leave to Intervene on Behalf of Defendants ("Motion to Intervene") (ECF No. 97), filed January 16, 2025. After reviewing the Motions and applicable law, the Court **DENIES** the Motion to Stay, **GRANTS in part** Plaintiffs' Motion for Summary Judgment, **DENIES** Defendants' Motion for Summary Judgment, and **DENIES** the States' Motion to Intervene as moot.

BACKGROUND

In its June 11, 2024 Order granting Plaintiffs' Motion for Preliminary Injunction, the Court described the extensive statutory, regulatory, and procedural background of this case. *See* ECF No. 70 at 1–3. Since then, there have been several important developments.

First, on July 2, 2024, Defendants filed a notice of interlocutory appeal to the United States Court of Appeals for the Fifth Circuit. ECF No. 73. Six months later, on January 20, 2025, President Biden left office, and President Trump began his second term. President

Trump issued an executive order directing the Attorney General to review rules promulgated by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") during the Biden administration. ECF No. 173 at 1. After that review, on April 16, 2026, Defendants asked the Fifth Circuit to dismiss their appeal. *See* Consent Motion to Voluntarily Dismiss Appeal, *Texas v. ATF*, No. 24-10612, Dkt. No. 203 (5th Cir. Apr. 16, 2026). The Fifth Circuit granted that motion. ECF No. 169.

Soon afterwards, ATF "published a notice of proposed rulemaking" that "would change or eliminate each aspect of the 2024 Rule that this Court found was likely unlawful." ECF No. 173 at 1–2. Defendants then filed the instant Motion to Stay, arguing that "[i]t is not necessary for the Court and the parties to resolve the lawfulness of the 2024 Rule when ATF is actively engaged in the rulemaking process to change that rule" and Defendants are no longer appealing the Court's prior Order preliminarily enjoining the 2024 Rule. *Id.* at 2. Defendants further write that "[a] final rule issued by ATF may well moot this case, and at a minimum, would likely have a significant effect on this litigation." *Id.* They also concede that Plaintiffs would "remain protected by the Court's preliminary injunction" if the Court exercises its discretion to grant the Motion to Stay. *Id.*

ANALYSIS

For the reasons stated in this Court's June 11, 2024 Order granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 70), the Court concludes that Plaintiffs have succeeded on the merits of their claims, brought under the Administrative Procedure Act, against the challenged Final Rule: Definition of "Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28,968 (Apr. 19, 2024), codified at 27 C.F.R. § 478 (2026). The Final Rule is therefore **VACATED.** 5 U.S.C. § 706(2) (authorizing federal courts to "hold unlawful and set aside agency action"). Thus, the Court **GRANTS** Plaintiffs' Motion for Summary

2

Judgment as to its request for vacatur. However, Plaintiffs' Motion for Summary Judgment is **DENIED** as to injunctive relief. *See Purl v. U.S. Dep't of Health & Hum. Servs.*, 787 F. Supp. 3d 284, 328 (N.D. Tex. 2025) (Kacsmaryk, J.) (noting that the "default rule is that vacatur is the appropriate remedy" for unlawful agency action and contrasting vacatur's universal effect with injunctions, which "operate[] *in personam*" on government officials (first quoting *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022); then quoting *Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 951 (5th Cir. 2024))). Because injunctive relief is redundant after vacatur,[1] and to avoid potential conflicts with the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), the Court also now **DISSOLVES** the preliminary injunction entered in its June 11, 2024 Order. *See* ECF No. 70; *CASA*, 606 U.S. at 837, 847 n.10 (holding that universal injunctions "likely exceed the equitable authority that Congress has granted to federal courts" but noting that "[n]othing we say today resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action").

Because APA vacatur is "not party-restricted," Defendants may not apply the Final Rule to anyone—including individuals and organizations who are not parties to this case. *Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024) (citing *Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1, 1 n.1 (Mem) (2023) (Kavanaugh, J., concurring in denial of application for stay), *cert. granted in part sub nom., Dep't of Educ. v. Career Colls. & Schs. of Tex.*, 145 S. Ct. 1039 (2025), *and cert. dismissed sub nom., Dep't of Educ. v. Career Colls. & Schs. of Tex.*, 146 S. Ct. 59 (2025)); *see also Griffin*, 144 S. Ct. 1, 1 n.1

---

[1] *See* John Harrison, *Vacatur of Rules Under the Administrative Procedure Act*, 40 YALE J. ON REG. BULL. 119, 123 (2023) (noting the prevailing view that "vacatur is inherently universal" and that "[i]f vacatur is sufficient to address the injury, it is improper to also issue an injunction" (quoting *Texas v. United States*, 606 F. Supp. 3d 437, 501 (S.D. Tex. 2022), *rev'd on other grounds sub nom., United States v. Texas*, 599 U.S. 670 (2023))).

("The term 'set aside' means invalidation—and an invalid rule may not be applied to anyone." (quoting Mila Sohoni, *The Power to Vacate a Rule*, 88 GEO. WASH. L. REV. 1121, 1173 (2020))). *But see Texas*, 599 U.S. at 695 (Gorsuch, Thomas, and Barrett, JJ., concurring in the judgment) (noting their "skeptic[ism]" of the idea that "the Congress that unanimously passed the APA in 1946 meant to overthrow the 'bedrock practice of case-by-case judgments with respect to the parties in each case' and vest courts with [the] 'new and far-reaching' remedial power" of universal vacatur (quoting *Arizona v. Biden*, 40 F.4th 375, 396 (6th Cir. 2022) (Sutton, C.J., concurring))). The Putative Intervenor States' Motion to Intervene (ECF No. 97) is **DENIED** as moot.[2]

Judgment is rendered accordingly.

**SO ORDERED**.

June 12, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[2] The States' Motion to Intervene is denied for three reasons. First, because the Putative Intervenor States wish to defend only the Final Rule that ATF is in the process of rescinding, their Motion is likely moot. *See* ECF No. 98 at 8 ("Because federal defendants can no longer be counted on to defend the Final Rule, and because elimination of the Final Rule would impose significant harms on Movant States, these 15 Movant States now move to intervene."). Second, the States will suffer no prejudice from being denied intervention when ATF is working to rescind the Rule they wish to defend. *See* FED. R. CIV. P. 24 (requiring putative intervenors to have an interest in the litigation). And third, the Court would alternatively deny the Motion to Intervene for untimeliness. *See id.* (stating that a "timely motion" is a prerequisite for both intervention of right and permissive intervention).

Here, the Putative Intervenor States filed their Motion to Intervene months after briefing had closed on the parties' motions for summary judgment. Allowing intervention would mean significant delay, including the reopening of dispositive-motions briefing—all while Defendants' Motion for Summary Judgment, filed during the Biden administration, likely *does* adequately represent these States' position on the Final Rule.

4