**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*, | |
| Plaintiffs, | Case No. 2:24-cv-00089-Z |
| v. | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, | |
| Defendants. | |

**OPPOSED MOTION TO ALTER OR AMEND THE JUDGMENT**

For the reasons explained herein, Defendants respectfully move the Court to alter or amend its Final Judgment, ECF No. 176, to limit the scope of the vacatur of the Final Rule, Definition of "Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28968 (Apr. 19, 2024) (the "Rule"), to the aspects actually ruled unlawful by this Court. The parties have conferred and Plaintiffs oppose the requested relief.

**I.    Background**

On June 12, 2026, the Court entered its Final Judgment granting vacatur of the Rule and dissolving the preliminary injunction entered on June 11, 2024. Final Judgment at 2-3. The Judgment indicates that it vacates the Rule in its entirety. *Id.* at 2; *see also id.* at 3 ("Defendants may not apply the Final Rule to anyone…."). However, the vacatur is premised on "the reasons stated in this Court's June 11, 2024 Order granting Plaintiff's Motion for Preliminary Injunction" on which basis the "Court conclude[d] that Plaintiffs have succeeded on the merits of their claims." *Id.* at 2.

In its Preliminary Injunction Order, the Court held that Plaintiffs were substantially likely to prevail on the merits of four specific challenges to the Rule:

1

(1)  The Rule impermissibly redefines "engaged in the business" to require no minimum number of firearms transactions. Memorandum Opinion and Order Granting Preliminary Injunction ("PI Op."), ECF No. 70 at 15-16.

(2)  The Rule impermissibly redefines "engaged in the business" to require only a predominant intent to profit, as opposed to actual profit from firearms transactions. *Id.* at 16.

(3)  The Rule impermissibly excludes firearms acquired for personal protection from the definition of a "personal collection." *Id.* at 17-18.

(4)  The Rule impermissibly establishes presumptions to be used for determining whether a person has the intent to predominantly earn a profit or is engaged in the business as a dealer in firearms. *Id.* at 18-19.

The Court specifically declined to consider any further claims raised by Plaintiffs in granting the Preliminary Injunction, PI Op. at 19, and did not decide any further issues in the Final Judgment.

## II.    Standard of Review

Federal Rule of Civil Procedure 59(e) authorizes motions "to alter or amend a judgment," provided they are filed within 28 days of entry of the judgment.[1] This rule was promulgated to grant a district court "considerable discretion" to modify and rectify mistakes in the period immediately following the entry of final judgment. *ErgoBilt, Inc. v. Neutral Posture Ergonomics*, No. CIV.A. 397CV2548L, 2004 WL 1041586, at *12–13 (N.D. Tex. May 6, 2004); *see White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982). The Fifth Circuit has explained that "Rule 59(e) motions are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered

---

[1] The filing of a timely Rule 59(e) motion suspends the finality of the judgment, with the judgment's finality being restored only upon disposition of the motion. *See Banister v. Davis*, 590 U.S. 504, 508 (2020).

evidence." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020).

### III.    Argument

Vacatur of the Rule in its entirety is not warranted by the holdings reached by the Court and is not necessary to remedy the harms alleged by the Plaintiffs. Moreover, vacatur of the Rule as a whole will be unduly burdensome to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), as it seeks to replace the Rule through the Notice of Proposed Rulemaking, "Revising Regulations Defining 'Engaged in the Business' as a Dealer in Firearms," 91 Fed. Reg. 24424 (May 6, 2026) (the "NPRM").

As noted above, the Plaintiffs challenged specific elements of the Rule and the Court found those specific elements to be unlawful. The Court did not reach any conclusions about the merits of any other aspects of the Plaintiffs' claims. Nor did the Court express any opinion about the legality of other portions of the Rule. For example, the Court did not pass on the permissibility of the Rule's definitions as applied to auctioneers, *see* Rule at 28975, 29091, but those definitions are swept up in the Court's injunction. The Court should have severed those specific portions of the Rule that were decided on the merits from the remainder and vacated only those portions actually determined to be unlawful. *See, e.g., Texas v. United States*, 126 F.4th 392, 419-420 (5th Cir. 2025) (reversing the district court's wholesale vacatur of DACA for failure to sever and preserve the forebearance provisions).

It is "well-settled that the APA allows courts to set aside the offending parts of the rule while keeping the remaining parts of the rule intact." *Texas v. United States*, 691 F. Supp. 3d 763, 788 (S.D. Tex. 2023). The Fifth Circuit's grant of a partial stay pending appeal in *VanDerStok v. Garland* is instructive. *See* No. 23-10718, 2023 WL 4945360, at *1 (5th Cir. July 24, 2023). At summary judgment, the district court concluded that two specific provisions of an ATF rule were unlawful.

3

*Id.* As a remedy, however, the district court "vacated the entire Rule per the Administrative Procedure Act." *Id.* The Fifth Circuit concluded that this remedy was "overbroad" and stayed "the vacatur, pending appeal, as to the non-challenged provisions." *Id.* The Fifth Circuit's analysis applies equally to this case:

> The ATF is likely correct, however, that the vacatur was overbroad. The district court analyzed the legality of only two of the numerous provisions of the Rule, which contains an explicit severability clause. *See* 87 Fed. Reg. at 24730. Where a court holds specific portions of a rule unlawful, severance is preferred when doing so "will not impair the function of the [rule] as a whole, and there is no indication that the regulation would not have been passed but for its inclusion." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 294 (1988); *see also Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1033 (5th Cir. 2019) (vacating only challenged portions of a rule). Because the agency has shown a strong likelihood of success on its assertion that the vacatur of the several non-challenged parts of the Rule was overbroad, we STAY the vacatur, pending appeal, as to the non-challenged provisions.

*Id.*

"Whether the offending portion[s] of a regulation [are] severable depends upon the intent of the agency and upon whether the remainder of the regulation could function sensibly without the stricken provision[s]." *Texas*, 126 F.4th at 419 (quoting *MD/DC/DE Broads. Ass'n v. F.C.C.*, 236 F.3d 13, 22 (D.C. Cir. 2001)) (alterations in original). Courts in this Circuit "adhere to the text of a severability clause in the absence of extraordinary circumstances," and no such circumstances are present here. *Id.* (quoting *Nat'l Ass'n of Mfrs. v. U.S. SEC*, 105 F.4th 802, 815 (5th Cir. 2024); *see also, e.g., Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, (2020) (holding the same in the statutory context).

> The Rule is explicitly intended to be severable. It clearly states that:

> [I]n the event any provision of this rule, an amendment or revision made by this rule, or the application of such a provision or amendment or revision to any person or circumstances, is held to be invalid or unenforceable by its terms, the remainder of this rule, the amendments or revisions made by this rule, and the application of the provisions of such rule to any person or circumstance *shall not be affected* and shall be construed so as to give them the maximum effect permitted by law.

4

Rule at 29070 (emphasis added). The Rule goes further to state that it "is the intent of the Department that each and every provision of this regulation be severable from each other provision to the maximum extent allowed by law." *Id.* The record does not indicate "any reason to disregard the severability clause," *Texas*, 126 F.4th at 420, and consequently, at the first step of the severability analysis there can be no doubt that Defendants intended the remainder of the Rule to survive the vacatur of any parts specifically determined to be unlawful.

For the same reasons, at the second prong of the analysis, the Rule is clearly both intended to and capable of functioning sensibly in the absence of any stricken provisions. The Rule states that no provision shall be affected by the invalidation of any other provision and that the remaining provisions will be construed to give them maximum legal effect in the absence of those that are severed. *See* Rule at 29070. Indeed, the Rule explains that "sections and provisions of the final rule can function independently" even within the same subparts. *See id.* Moreover, the "engaged in the business" scheme is created by the statute and only implemented by the Rule. Therefore, in the absence of any indications to the contrary, it is logical to expect that the remaining portions of the Rule can still operate to effectuate the purposes of the statute even if the regulatory structure has been partially dismantled.

In addition to coming into compliance with the Fifth Circuit's severability jurisprudence, the Court's exercise of discretion to modify the judgment would balance the equities between the parties. As explained *supra*, Plaintiffs only established success on the merits as to four specific aspects of the Rule. Vacatur of those aspects of the Rule is therefore a complete remedy for their alleged harms. *See Gill v. Whitford*, 585 U.S. 48, 73 (2018) ("A plaintiff's remedy must be tailored to redress the plaintiff's particular injury.") On the other side of the balance, ATF is presently engaged in the process of promulgating a new "engaged in the business" rule, the NPRM. *See* Defs.' Mot. to Stay, ECF No. 173 at 1-2. The NPRM proposes repealing various sections of the Rule, but it does

not go so far as to repeal the Rule in its entirety. *See* NPRM at 24424. Some sections of the EIB rule

will be retained, with appropriate amendments. *See id.* Vacatur of the entire rule risks disrupting the

ongoing regulatory process to amend the Rule consistent with a correct understanding of the Gun

Control Act and the Bipartisan Safer Communities Act in accordance with the APA's requirements.

Thus, vacatur of the Rule in its entirety, which is unnecessary to provide Plaintiffs relief and

unwarranted under this Circuit's precedent, would also unduly burden the ongoing work of the

Defendants in this area.

## **CONCLUSION**

For the foregoing reasons, the Final Judgment should be amended to limit vacatur to the

specific aspects of the Rule held to be unlawful. A proposed order is attached.

Dated: July 10, 2026                               Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Keri L. Berman*
JEREMY S.B. NEWMAN
KERI L. BERMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-7538
Fax: (202) 616-8470
Email:  keri.l.berman@usdoj.gov

*Attorneys for Defendants*

6

## CERTIFICATE OF CONFERENCE

Undersigned counsel met and conferred with counsel for Plaintiffs, Rob Olson and Ryan

Kercher, on July 9 & 10, 2026. Plaintiffs' counsel opposed Defendants' proposal to limit the scope

of vacatur, and therefore an agreement could not be reached.

*/s/ Keri L. Berman*
Keri L. Berman