IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

STATE OF TEXAS, *et al.*,

    Plaintiffs,

v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

    Defendants.

2:24-CV-089-Z

## ORDER

Before the Court is Defendants' Opposed Motion to Alter or Amend the Judgment ("Motion"), filed July 10, 2026. ECF No. 177. Pursuant to an Order of this Court docketed the same date (ECF No. 178), Plaintiffs responded on July 23, 2026. ECF No. 179. Defendants replied on August 6, 2026. ECF No. 182. For the following reasons, the Motion is **DENIED**.

### BACKGROUND

On June 12, 2026, the Court entered final judgment vacating the "Engaged in the Business" Final Rule promulgated by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") ("2026 Order"). ECF No. 176. The Court did so by reference to its prior Order dated June 11, 2024, which granted Plaintiffs' Motion for Preliminary Injunction but did not finally resolve this case ("2024 Order"). *See id.* at 2 ("For the reasons stated in this Court's June 11, 2024 Order granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 70), the Court concludes that Plaintiffs have succeeded on the merits of their claims, brought under the Administrative Procedure Act, against the challenged Final Rule: Definition of 'Engaged in the Business' as a Dealer in Firearms." (citations omitted)).

Defendants now argue that "[v]acatur of the Rule in its entirety is not warranted by the holdings reached by the Court and is not necessary to remedy the harms alleged by the

Plaintiffs." ECF No. 177 at 3. They also contend that "vacatur of the Rule as a whole will be unduly burdensome to the [ATF] as it seeks to replace the Rule through the Notice of Proposed Rulemaking (the "NPRM")." *Id.* In their view, "Plaintiffs challenged specific elements of the Rule and the Court found those specific elements to be unlawful." *Id.* So they now ask the Court to clarify that only "those specific portions of the Rule that were decided on the merits" are vacated while the rest of the Rule remains in force. *Id.*

ANALYSIS

Too clever by half. As all parties to this dispute recognize, "vacatur is the default remedy for violations under Section 706(2)." *Texas v. United States*, 126 F.4th 392, 418 (5th Cir. 2025) (citation modified). The parties also agree that the doctrine of severability governs vacatur's scope. In the Fifth Circuit, "a two-prong inquiry guides our severability analysis: 'Whether the offending portion[s] of a regulation [are] severable depends upon the intent of the agency *and* upon whether the remainder of the regulation could function sensibly without the stricken provision[s].'" *Id.* (quoting *MD/DC/DE Broads. Ass'n v. F.C.C.*, 236 F.3d 13, 22 (D.C. Cir. 2001)). So two things must be true for a court to perform surgery on a rule rather than simply let it die: that the agency would have promulgated the rule without the challenged provisions *and* that the rest of the rule still makes sense without those provisions. If both cut in the agency's favor, the offending portions of the rule should be severed from the permissible ones. Otherwise, the entire rule must fall.

The first prong may be satisfied here, but the second is not. Under *Texas v. United States*, courts should "adhere to the text of a severability clause in the absence of extraordinary circumstances." 126 F.4th at 419 (quoting *Nat'l Ass'n of Mfrs. v. SEC*, 105 F.4th 802, 815 (5th Cir. 2024)). And as in *National Association of Manufacturers*, the Engaged in the Business Final Rule's severability clause resolves the intent inquiry in the ATF's favor

here. *See* 105 F.4th at 816 (holding that the presence of a severability clause "dispel[led] any doubt about what the SEC would have done" if the challenged provisions were not part of the rule). But the second severability inquiry is more fact-bound, and the Court finds that ATF would not have promulgated the Engaged in the Business Rule without the provisions the Court struck down.

This prong asks whether the remainder of a rule can function *sensibly* without the offending provisions, not whether creative lawyers can imagine a hypothetical or two in which the rest of the rule still does some work. In *Texas v. United States*, Judge Smith explained that the line is often hard to draw, but a court crosses it when it ignores an independent policy that a rule can continue to serve after the offending provisions are excised. *See* 126 F.4th at 420 (noting that while the district court said DACA "is primarily a benefits rule, that reasoning says nothing about whether DACA could function as a forbearance-only policy" (citation modified)). Judge Smith also cited an on-point Supreme Court decision referring to "forbearance as 'the heart of DACA,'" contrasting that statement with the district court's finding that DACA was mostly about benefits. *Id.* (quoting *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 28 (2020)).

By contrast, the Engaged in the Business Rule had one goal: universal background checks.[1] Defendants concede as much in their Reply, writing that "Plaintiffs' contention that the Rule as a whole was intended to serve an overarching policy goal in no way undermines

---

[1] *See* ECF No. 179 at 8 n.6 (citing *FACT SHEET: Biden–Harris Administration Takes Another Life-Saving Step to Keep Guns Out of Dangerous Hands*, White House (Aug. 31, 2023) ("President Biden signed an Executive Order directing the Attorney General to move as close to universal background checks as possible . . . [T]he proposed rule, if finalized, would clarify that an individual would be presumed to be 'engaged in the business' of dealing in firearms—and therefore be required to become a licensed firearms dealer and run background checks—if they meet certain conditions.")), https://bidenwhitehouse.archives.gov/briefing-room/statements-releases/2023/08/31/fact-sheet-biden-harris-administration-takes-another-life-saving-step-to-keep-guns-out-of-dangerous-hands/ [https://perma.cc/7FWY-TZJR].

the stated intent or practical ability for individual provisions of the Rule to 'function sensibly.'" ECF No. 182 at 5 (internal citation omitted) (citing ECF No. 179 at 7–8). But it does. With only one animating policy, the Rule cannot function absent its key provisions, which the Court permanently vacated in its 2026 Order. *See* No. 2:24-CV-089-Z, 2026 WL 1734866, at *1 (N.D. Tex. June 12, 2026). This makes the Engaged in the Business Rule unlike the DACA rule at issue in *Texas v. United States*, where the Fifth Circuit emphasized DACA's dual policies of forbearance of deportation and benefits for certain immigrants.

In a last-ditch attempt to avoid wholesale vacatur, Defendants offer a single example of how the Rule *might* still function without its key provisions. They write that

> Plaintiffs' complaints about the Rule's definition of dealing activities, which was not invalidated by the Court's order, provide[] no explanation whatsoever for why this definition could not be applied to enforcement of the statute in the absence of, for example, the invalidated provision requiring only a predominant intent to profit. In the same vein, Plaintiff argues that the Rule's definitions of other statutory terms are unnecessary, but that does not suggest that such definitions are unable to operate without a fully intact Rule.

ECF No. 182 at 5 (internal citations omitted). But those definitions are all in service of the Rule's ultimate goal of expanding background checks and gun registrations. That's it. There is not, as in *Texas v. United States*, an independent secondary goal that ATF is trying to achieve through the Rule. ATF's new NPRM even doubles down on the substance of the old Rule, retaining, for example, language from the old Rule that said ATF can regulate gun owners even when they never sell a single firearm. *See* ECF No. 179 at 5 (noting that the NPRM "posit[s] that 'it is not necessary to prove an actual sale of firearms'" for a gun owner to be subject to the new rule (citation omitted)). This flies in the face of this Court's 2024 Order, which rejected the idea that "actual profit is not a requirement of the statute" and held instead that "action [in the form of selling firearms] is needed, too." 737 F. Supp. 3d 426, 441 (N.D. Tex. 2024) (citation modified).

4

CONCLUSION

The Court's 2024 and 2026 Orders were clear: ATF violated the APA when it promulgated the Engaged in the Business Rule, so the Rule cannot stand. Defendants cannot avoid the force of those Orders by rearranging a few words between the old Rule and the new one.

Defendants' Motion is **DENIED**. The Engaged in the Business Final Rule remains **VACATED** in its entirety.

**SO ORDERED**.

August 13, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

5